ORIGINAL

FILED
HARRISBURG, PA
MAY 16 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRELL G. OBER,<br>　　　　Plaintiff<br><br>vs.<br><br>PAUL EVANKO, MARK CAMPBELL, THOMAS COURY, JOSEPH WESTCOTT, HAWTHORNE CONLEY, JOANNA REYNOLDS, AND SYNDI GUIDO<br>　　　　Defendants | NO. 1: CV-01-0084<br>(Judge Caldwell)<br><br>CIVIL ACTION - LAW<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION TO DISMISS OR
STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT**

AND NOW, pursuant to Fed. R. Civ. P. 12(b)(6) and (f), the defendants, by and through their attorneys, Syndi L. Guido, Deputy General Counsel, and Joanna N. Reynolds, Assistant Counsel, move to dismiss or strike plaintiff's second amended complaint, filed May 2, 2001, and in support thereof state:

1.　　Plaintiff is a Captain in the Pennsylvania State Police currently serving as Director of the Administrative Division of the Bureau of Liquor Control Enforcement.

2. On January 16, 2001, plaintiff filed a complaint against defendants Paul Evanko, Mark Campbell, Thomas Coury, Joseph Wescott, and Hawthorne Conley.

3. On March 16, 2001, defendants filed a motion to dismiss all claims, as well as a supporting brief. Copies were served on plaintiff's counsel that same day by mail.

4. On April 2, 2001, plaintiff filed a brief in opposition to the motion to dismiss, along with a motion to amend his complaint and an amended complaint, which were received by defendants' counsel on April 5, 2001.

5. Plaintiff's first amended complaint added Joanna Reynolds, Esquire (co-counsel to the other defendants) as a defendant and, without any supporting facts, unjustifiably accused Ms. Reynolds and the other defendants of illegally conspiring to alter regulations, intentionally misrepresenting facts to the Court, and removing the regulations' "historic file" to hide supposedly illegal conduct. (Amended Complaint, ¶¶ 52-56).

6. Plaintiff's allegations against Ms. Reynolds stemmed from an erroneous citation to Pennsylvania State Police Administrative Regulation 1-1.02(c), which was not in effect at the time of the events complained of in plaintiff's original complaint.

7. On April 19, 2001, defendants filed a reply brief as well as a motion to dismiss or strike the plaintiff's first amended complaint. In the reply brief, the

undersigned counsel readily admitted that the citation to AR 1-1.02(c) was an error, albeit an innocent one.

8. On April 23, 2001, this Court granted defendants' motion to strike the amended complaint and gave plaintiff ten days to file a new amended complaint as permitted by Fed. R. Civ. P. 15(a).

9. On May 2, 2001, plaintiff filed a second amended complaint.

10. The second amended complaint accuses the original defendants (Evanko, Campbell, Coury, Westcott, and Conley) of violating his civil rights. It adds both of defendants' attorneys, Joanna Reynolds and Syndi Guido, as defendants and accuses them of abuse of process based on their previous incorrect citation to AR 1-1.02 and their description of Pennsylvania State Police Field Regulation 1-1.17(B). *See* paragraphs 52 through 61.

11. Plaintiff has requested compensatory and punitive damages.

12. Plaintiff's second amended complaint must be dismissed because plaintiff has not stated a single claim upon which relief can be granted.

13. To the extent the defendants have been sued in their individual capacities, plaintiff's claims must be dismissed because the defendants are entitled to qualified immunity.

14. To the extent the defendants have been sued in their official capacities, plaintiff's suit is barred by the Eleventh Amendment and state sovereign immunity.

15. Moreover, plaintiff's claims against defense counsel are frivolous and unfounded.

16. As previously explained, counsel have admitted their error in citing AR 1-1.02(c) and asked the Court to disregard it.

17. With respect to FR 1-1.17(B), there was no error. FR 1-1.17(B) provides, "Members shall promptly report to their supervisor any information which comes to their attention and *which tends to indicate* that any other member or employe has violated any law, rule, regulation or order." (Emphasis added). In the brief filed on March 16, 2001, defense counsel correctly described the regulation as "requiring members to promptly notify their supervisor when they receive any information indicating another member might have violated the law."

18. Under the circumstances, plaintiff's allegations against defense counsel are immaterial, impertinent and scandalous, and should be stricken as provided for in Fed. R. Civ. P. 12(f).

WHEREFORE, defendants ask this Court to dismiss plaintiff's second amended complaint in its entirety. Alternatively, defendants ask this Court to strike the ridiculous conclusions set forth in paragraphs 52 through 61 of plaintiff's second amended complaint.

      Respectfully submitted,

      JAMES M. SHEEHAN
      General Counsel
      Commonwealth of Pennsylvania

By: /s/ Syndi L. Guido
      SYNDI L. GUIDO
      Deputy General Counsel
      Governor's Office of General Counsel
      333 Market Street, 17th Floor
      Harrisburg, PA 17101
      (717) 783-6563

      JOANNA N. REYNOLDS
      Assistant Counsel
      Pennsylvania State Police
      1800 Elmerton Avenue
      Harrisburg, PA 17110
      (717) 783-5568

Dated: May 16, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER, | : | |
| Plaintiff | : | NO. 1: CV-01-0084 |
| | : | (Judge Caldwell) |
| vs. | : | |
| | : | CIVIL ACTION - LAW |
| PAUL EVANKO, MARK | : | |
| CAMPBELL, THOMAS COURY, | : | JURY TRIAL DEMANDED |
| JOSEPH WESTCOTT, | : | |
| HAWTHORNE CONLEY, | : | |
| JOANNA REYNOLDS, | : | |
| AND SYNDI GUIDO | : | |
| Defendants | : | |

## CERTIFICATE OF NONCONCURRENCE

Undersigned counsel for the defendants hereby certifies that she sought the concurrence of plaintiff's counsel, Don Bailey, in defendants' motion to dismiss or strike plaintiff's second amended complaint. Mr. Bailey does not concur in defendants' motion.

_____
Syndi L. Guido
Deputy General Counsel
Governor's Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA 17101
(717) 783-6563

Dated: May 16, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL G. OBER, :
        Plaintiff : NO. 1: CV-01-0084
: (Judge Caldwell)
vs. :
: CIVIL ACTION - LAW
PAUL EVANKO, MARK :
CAMPBELL, THOMAS COURY, : JURY TRIAL DEMANDED
JOSEPH WESTCOTT, :
HAWTHORNE CONLEY, :
JOANNA REYNOLDS, :
AND SYNDI GUIDO :
        Defendants :

### CERTIFICATE OF SERVICE

I hereby certify that, on this date, I served a copy of defendants' motion to dismiss or strike plaintiff's second amended complaint upon plaintiff's counsel by First Class Mail, U.S. Postal Service, addressed as follows:

    Don Bailey, Esquire
    4311 North 6th Street
    Harrisburg, PA  17110

    _____
    Syndi L. Guido
    Deputy General Counsel
    Governor's Office of General Counsel
    333 Market Street, 17th Floor
    Harrisburg, PA  17101
Dated: May 16, 2001    (717) 783-6563