ORIG... 2 to ct

27 pr
7/18/01

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL G. OBER,                    :
                    Plaintiff       :       NO. 1: CV-01-0084
                                    :       (Judge Caldwell)
         vs.                        :
                                    :       CIVIL ACTION - LAW
PAUL EVANKO, MARK CAMPBELL,         :
THOMAS COURY, JOSEPH WESTCOTT,      :       JURY TRIAL DEMANDED
HAWTHORNE CONLEY,                   :
JOANNA REYNOLDS, AND                :
SYNDI GUIDO,                        :
                    Defendants      :

FILED
HARRISBURG, PA

JUL 1 2 2001

MARY E. D'ANDREA, CLER
Per _____
Deputy Clerk

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT

On January 16, 2001, the plaintiff, Darrell Ober, filed a civil rights complaint

against defendants Evanko, Campbell, Coury, Wescott, and Conley. On March 16, 2001,

defendants filed a motion to dismiss Ober's complaint, along with a supporting brief.

On April 2, 2001, Ober filed a brief opposing defendants' motion to dismiss, as well as a

motion to amend his complaint and an amended complaint, which added one of

defendants' attorneys, Joanna Reynolds, as a defendant.

On April 19, 2001, the defendants filed a reply brief.  Without contesting Ober's

superfluous motion to amend his complaint, defendants asked this Court to dismiss it

pursuant to Fed. R. Civ. P. 12(b)(6).  Alternatively, defendants asked the Court to strike

Ober's amended complaint as provided for in Fed. R. Civ. P. 12(f).  Defendants' motion

to strike was granted on April 23, 2001.  At the same time, the Court gave Ober

permission to file a new amended complaint within 10 days.

On May 2, 2001, Ober filed another amended complaint, adding defendants' lead

counsel, Syndi Guido, as a defendant.  On May 16, 2001, defendants moved to dismiss or

strike Ober's second amended complaint.[1]

On June 25, 2001, Ober filed a brief opposing defendants' motion.[2]  As before,

Ober has chosen to ignore known facts, cramming his brief with insupportable allegations

---

[1] Apparently, plaintiff is confused by defendants' reference to his second amended complaint.  For the sake of clarity, defendants have referred to the complaint filed on January 16, 2001, as plaintiff's original complaint, while referring to the amended complaints filed on April 2 and May 2, 2001, as plaintiff's first and second amended complaints, respectively.

[2] Defendants note that, despite this Court's admonition to strictly comply with federal and local rules of procedure, plaintiff's counsel continues to ignore them.  Without leave of Court, plaintiff's counsel has filed a brief in excess of the page limit and has not included a table of contents or a table of citations.  *See* Local Rule 7.8.  In a peculiar effort to circumvent the page limitations and argue facts not pled in his complaint, plaintiff's counsel has improperly incorporated a 10-page, single-spaced letter from his client, which contains the plaintiff's personal diatribe against defendants.  *See* Plaintiff's brief at 17, incorporating Exhibit G.

of fraud and deceit that accuse defense counsel and their clients of conspiring to intentionally create "false evidence" in an effort to win the case. (Plaintiff's brief at 3-4, 14-17.) Despite the inflammatory nature of Ober's accusations, defendants will not attempt to refute wild, unfounded speculation in this reply brief. Instead, Ober's irresponsible allegations will be addressed in a separate motion as provided for in the Federal Rules of Civil Procedure.

At this juncture, there are only two substantive matters in Ober's brief that need to be addressed. The first is Ober's curious insistence that the Commonwealth Court's decision in *Ober v. Evanko,* No. 238 M.D. 2000, is factually binding on this Court. According to Ober, Judge Pelligrini "found" that Ober was "transferred to a lesser position" and "subjected to classic examples of deprivations of his rights as an employee merely because he did what the law requires" and that these "findings are res judicata." (Plaintiff's brief at 5, 9-11). These assertions are baffling because Judge Pellegrini did not make *any* factual findings. The court simply accepted Ober's allegations as true for purposes of defendants' preliminary objection in the nature of a demurrer, which was granted. *See Ober v. Evanko*, No. 238 M.D. 2000, slip op. (Pa. Commw. Sept. 6, 2000) (dismissing Ober's suit for failure to state a claim). Clearly, Ober's argument should be disregarded as legally and factually frivolous.

Second, Ober criticizes the defendants for spending so little time addressing his equal protection claim. Although Ober's complaint contains the perfunctory averment that defendants somehow violated his right to equal protection of the law, he failed to articulate any basis for that assertion. (*See* Plaintiff's second Amended Complaint at ¶¶ 12 and Wherefore Clause (h).) Quite frankly, in light of Ober's sparse factual allegations, defendants were unable to divine any legitimate grounds for an equal protection claim.

Indeed, after reviewing Ober's latest brief, his equal protection analysis remains unclear. According to Ober, his claim is governed by *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000). (Plaintiff's brief at 15.) In *Willowbrook,* the district court dismissed plaintiff's lawsuit for failure to state a claim. Relying on its earlier decision in *Esmail v. Macrane,* 53 F.3d 176, 178 (7th Cir. 1995), the Seventh Circuit reversed, finding that "a plaintiff can allege an equal protection violation by asserting that state action was motivated solely by a 'spiteful effort to 'get' him for reasons wholly unrelated to any legitimate state objective.'" *Willowbrook*, 528 U.S. at 564.

While affirming the Seventh Circuit's decision, the Supreme Court never reached the appellate court's conclusion that subjective ill will can constitute an equal protection violation. *Id.* at 565. Significantly, in one of the cases Ober relies on, the United States

District Court for the Eastern District of Pennsylvania noted that focusing on individual

motivations "results in a loss of sight of the forest for the trees." *Epstein v. Township of*

*Whitehall*, 693 F.Supp. 309, 313 (E.D. Pa. 1988). *See also Futernick v. Sumpter*

*Township,* 78 F.3d 1051, 1059 (6th Cir. 1996), *cert. denied,* 519 U.S. 928 (1996) (finding

that "the presence of personal animosity should not turn an otherwise valid enforcement

action into a violation of the Constitution").

Nonetheless, after careful review of the cases cited in Ober's brief, it appears he

may be trying to present an equal protection argument similar to the one espoused in

*Esmail v. Macrane.* In that case, the Seventh Circuit permitted an admittedly "unusual

kind of equal protection claim" to go forward – one charging that "a powerful public

official picked on a person out of sheer vindictiveness." *Esmail,* 53 F.3d at 178.

Ober's complaint is peppered with caustic references to being "harassed,"

"humiliated," "demeaned," and "irreparably injured" by defendants, whom he considers

"vile," "hateful," "vindictive," and "anti-American." However, the melodramatic

imagery permeating Ober's complaint does not transform his unwarranted perceptions

into requisite facts.

Throughout his entire complaint, Ober has never specified how he has been treated

differently than any similarly-situated individual. Likewise, Ober has failed to allege

facts justifying an inference that he has suffered arbitrary or irrational treatment. To the contrary, as outlined in their main brief, defendants have treated Ober in accordance with rules and regulations governing the conduct of *all* members of the Pennsylvania State Police. Under these circumstances, Ober's equal protection claim must fail. *See, e.g., Wroblewski v. City of Washburn*, 965 F.2d 452 (7th Cir. 1992) (plaintiff failed to state an equal protection claim where he did not identify any individual or group situated similarly to himself that received disparate treatment); *Klinger v. Department of Corrections,* 31 F.3d 727, 731 (8th Cir. 1994), *cert. denied,* 513 U.S. 1185 (1995) (explaining that the first step in an equal protection case is determining whether the plaintiff has demonstrated that he was treated differently than others similarly situated to him).

## CONCLUSION

For the foregoing reasons, defendants ask this Court to dismiss or strike plaintiff's

complaint in its entirety.

Respectfully submitted,

JAMES M. SHEEHAN
General Counsel
Commonwealth of Pennsylvania

By: _____
SYNDI L. GUIDO
Deputy General Counsel
Attorney I.D. #49802

Governor's Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA 17101
(717) 783-6563

JOANNA N. REYNOLDS
Assistant Counsel
Attorney I.D. #37436

Pennsylvania State Police
1800 Elmerton Avenue
Harrisburg, PA 17110
(717) 783-5568

Dated: July 12, 2001                    (Counsel for Defendants)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL G. OBER,            :
                Plaintiff    :        NO. 1: CV-01-0084
                             :        (Judge Caldwell)
    vs.                      :
                             :        CIVIL ACTION - LAW
PAUL EVANKO, MARK            :
CAMPBELL, THOMAS COURY,      :        JURY TRIAL DEMANDED
JOSEPH WESTCOTT,             :
HAWTHORNE CONLEY,            :
JOANNA REYNOLDS,             :
AND SYNDI GUIDO              :
                Defendants   :

## CERTIFICATE OF SERVICE

    I hereby certify that, on this date, I served a copy of defendants' reply brief in
support of their motion to dismiss or strike plaintiff's second amended complaint upon
plaintiff's counsel by First Class Mail, U.S. Postal Service, addressed as follows:

            Don Bailey, Esquire
            4311 North 6th Street
            Harrisburg, PA 17110

            _____
            Syndi L. Guido
            Deputy General Counsel
            Governor's Office of General Counsel
            333 Market Street, 17th Floor
            Harrisburg, PA 17101
            (717) 783-6563

Dated: July 12, 2001