ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER, | : | |
| Plaintiff | : | NO. 1: CV-01-0084 |
| | : | (Judge Caldwell) |
| vs. | : | |
| | : | CIVIL ACTION - LAW |
| PAUL EVANKO, MARK | : | |
| CAMPBELL, THOMAS COURY, | : | JURY TRIAL DEMANDED |
| JOSEPH WESTCOTT, | : | |
| HAWTHORNE CONLEY, | : | |
| JOANNA REYNOLDS, AND | : | |
| SYNDI GUIDO, | : | |
| Defendants | : | |

FILED
HARRISBURG
AUG 0 6 2001
MARY E. D'ANDREA, Cl
Per _____
DEPUTY CLERK

### DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

AND NOW, pursuant to Rule 11 of the Federal Rules of Civil Procedure, the defendants, by and through their attorneys, Syndi L. Guido, Deputy General Counsel, and Joanna N. Reynolds, Assistant Counsel, ask this Court to impose sanctions upon plaintiff, Darrell G. Ober, and his attorney, Don Bailey, Esquire, for the following reasons:

1.  Plaintiff, Darrell G. Ober, is a Captain in the Pennsylvania State Police currently serving as the Director of the Administrative Division of the Bureau of Liquor Control Enforcement.

2.  On January 16, 2001, plaintiff's attorney, Don Bailey, filed a complaint on Ober's behalf against defendants Paul Evanko, Mark Campbell, Thomas Coury, Joseph Wescott, and Hawthorne Conley.

3.  Defendant Paul Evanko is a Colonel and the Commissioner of the State Police.

4.  Defendant Mark Campbell is the Governor's Chief of Staff. At the time of the events alleged in Ober's complaint, Mr. Campbell was the Governor's Deputy Chief of Staff.

5.  Defendant Thomas Coury is a Lieutenant Colonel and Deputy Commissioner of the State Police.

6.  Defendant Joseph Wescott is retired from the Pennsylvania State Police. At the time of the events in Ober's complaint, Mr. Wescott was a Lieutenant Colonel and Deputy Commissioner of the Pennsylvania State Police.

7.  Defendant Hawthorne Conley is a Lieutenant Colonel and Deputy Commissioner of the State Police. At the time of many of the events described in Ober's

complaint, Lieutenant Colonel Conley was a Major in charge of the Pennsylvania State Police Bureau of Professional Responsibility.

8. In the complaint filed January 16, 2001, Ober claimed that defendants Evanko, Campbell, Coury, Wescott, and Conley violated his civil rights by causing unspecified damage to his career because they were upset that Ober had not told them about an FBI investigation into possible corruption at the State Police Academy.

9. On March 16, 2001, defendants filed a motion to dismiss all claims, along with a supporting brief. That same day, copies of defendants' motion and brief were served on Ober's counsel, Don Bailey, by the United States mail.

10. On April 2, 2001, Ober filed an amended complaint, along with a superfluous motion to permit that amendment. The motion and amended complaint were received by defendants' lead counsel, Syndi Guido, on April 5, 2001.

11. Ober's amended complaint named Ms. Guido's co-counsel, Joanna Reynolds, as a defendant.

12. Ober alleged that Joanna Reynolds violated his civil rights by composing a "fraudulent brief which falsely represented that PSP Administrative Regulation AR 1-1.02 had indicated that Ober was in error and didn't follow regulations." (Plaintiff's first Amended Complaint, Introduction).

3

13. In paragraphs 52 through 56 of his amended complaint, plaintiff made the following unsupported averments:

    a. Ober alleged that between January 16, 2001, and March 16, 2001, Ms. Reynolds and the other defendants "unlawfully conspired and then acted to alter regulations for the PSP to make it appear as if plaintiff violated Departmental Regulations." (Plaintiff's first Amended complaint, ¶ 52).

    b. According to Ober, defendants took these "unlawful actions" in order to "make it appear as if the defendants were justified in taking adverse employment actions against plaintiff...." *Id.* at ¶ 53.

    c. Ober contended that "defendants knew that the changes they made to Departmental Regulations were made in February 2001 after the plaintiffs [sic] original complaint in this matter was filed," and plaintiff accused the defendants of intentionally withholding this fact in their brief to the Court. *Id.* at ¶¶ 54, 55.

    d. Ober also accused the defendants of removing the regulation's "historic file" in order to "hide their unlawful activities." *Id.* at ¶ 56.

14. On April 2, 2001, Ober's attorney, Don Bailey, filed a brief in which he elaborated on these spurious claims. In an unfounded attack on opposing counsel, Ober accused Ms. Reynolds of conspiring with her clients to manipulate PSP records and make intentional, false representations to this Court. (Plaintiff's Brief in Opposition to

4

Defendants' Motion to Dismiss at 2). Ober went so far as to ask this Court to order the matter investigated by federal authorities. *Id.* at 11.

15. In reality, defense counsel's erroneous citation to the most recent version of AR 1-1.02 was an honest mistake similar to the numerous citation errors contained in plaintiff's filings with this Court. As soon as the mistake was brought to defense counsel's attention, they made appropriate inquiries and learned that AR 1-1.02 had indeed been recently amended to add subparagraph (c).

16. On April 19, 2001, defense counsel filed a reply brief in which they readily admitted their error and noted that the citation could be deleted without altering the substance of their original brief.

17. On that same day, April 19, 2001, defense counsel filed a motion to dismiss Ober's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, defendants asked the Court to strike the amended complaint pursuant to Fed. R. Civ. P. 12(f).

18. Defendants' motion to dismiss or strike the amended complaint was served on Ober's attorney, Don Bailey, along with a motion for Rule 11 sanctions. Defense counsel advised Mr. Bailey that the Rule 11 motion would be filed with the Court unless the false allegations were retracted within 21 days. *See* Fed. R. Civ. P. 11(c)(1)(A).

19.     By serving Mr. Bailey with the Rule 11 motion, defense counsel put him on notice that the amendment to AR 1-1.02 had nothing to do with plaintiff or his lawsuit. Rather, the amendment was authored by Sergeant Walter J. Margeson, Supervisor of the Systems and Procedures Section of the State Police Bureau of Research and Development.

20.     Defense counsel provided Mr. Bailey with an affidavit, signed by Sergeant Margeson, explaining that he wrote the amendment in response to a request by Major Leonard Washington, who was then the Director of the State Police Bureau of Emergency and Special Operations. Major Washington asked that departmental regulations be amended to specifically incorporate chain-of-command requirements taught to cadets at the State Police Academy. (See Exhibit A, which is incorporated herein by reference.)

21.     In fact, before his brief and amended complaint were filed with the Court, Ober had already been apprised of the true facts surrounding the addition of subparagraph (c) to AR 1-1.02. (See Exhibit B, which is incorporated herein by reference.) Despite this knowledge, Ober persisted in making outrageous assertions against Ms. Reynolds and her clients, accusing them of trying to deceive this Court by "quietly" amending the regulation and removing the historic file.

22. On April 23, 2001, this Court granted defendants' motion to strike the amended complaint. Pursuant to Fed. R. Civ. P. 15(a), the Court gave Ober permission to file a new amended complaint within 10 days.

23. On April 30, 2001, defendants' lead counsel, Syndi Guido, spoke with Ober's attorney, Don Bailey, by telephone. Ms. Guido told Mr. Bailey that the Rule 11 motion would not be filed with the Court because the amended complaint had already been stricken. Mr. Bailey told Ms. Guido that he intended to file another amended complaint, and Ms. Guido warned him that she would file a Rule 11 motion if he continued to accuse Ms. Reynolds of fraud.

24. During that conversation, Ms. Guido reiterated that the citation to AR 1-1.02(c) had been an honest mistake. Ms. Guido explained that she had written the brief and accepted full responsibility for the error. Ms. Guido also explained that Colonel Evanko had not been involved in the amendment; rather, his signature had been auto-penned by his secretary, Mary Bungo. (See Exhibit C, which is incorporated herein by reference.) Ms. Guido told Mr. Bailey that the regulation's historic file had not been removed and that Major Merryman had even allowed Ober to review it in a school parking lot.

25. On May 2, 2001, Ober filed a second amended complaint, adding Ms. Guido as a defendant based on her admission that she had written the brief which contained the incorrect citation. (Plaintiff's second Amended Complaint, at ¶ 53.)

26. In his second amended complaint, Ober again insisted that the defendants "secretly changed a regulation then made false representations to this Court hoping to have the complaint dismissed." (Plaintiff's second Amended Complaint at ¶ 15a.)

27. Although eliminating the word "fraud" from his second amended complaint, Ober continued to accuse defense counsel of intentionally misrepresenting the existence of AR 1-1.02(c). (Plaintiff's second Amended Complaint at ¶ 61.) Ober supplemented this accusation with the entirely specious assertion that defense counsel misrepresented the contents of another regulation, FR 1-1.17(B). *Id.* at ¶ 59. On May 29, 2001, defense counsel reproduced FR 1-1.17(B) in Exhibit B of their brief in support of defendants' motion to dismiss Ober's second amended complaint, clearly demonstrating that there was no misrepresentation.

28. To compound matters, in his opposing brief filed June 25, 2001, Ober specifically accused defense counsel of intentionally creating false evidence and presenting it to the Court as a material fact. (Plaintiff's Brief in Opposition to Defendants Motion to Dismiss the Amended Complaint at 6.)

29. Moreover, even though Ms. Guido had already told Mr. Bailey that the amendment to AR 1-1.02 had been auto-penned, Ober's second amended complaint accused Colonel Evanko of personally approving the amendment. (Plaintiff's second Amended Complaint at ¶ 55.)

30. In his second amended complaint, Ober no longer complained that defendants intentionally removed the historical file on AR 1-1.02(c). Instead, Ober alleged that the file was "not in compliance with PSP custom, practice, usages and regulations...." (Plaintiff's second Amended Complaint at ¶ 57.) Nevertheless, in his brief filed June 25, 2001, Ober renewed his contention that defendants "took the 'history' of the regulation out of the files obviously hoping they would not be discovered...." (Plaintiff's Brief in Opposition to Defendants Motion to Dismiss the Amended Complaint at 4.)

31. Irresponsibly accusing the defendants and their counsel of manufacturing evidence and intentionally perpetrating a fraud on the Court is a serious matter, which warrants the imposition of sanctions. *See Cleveland Demolition Company, Inc. v. Azcon Scrap Corp.*, 827 F.2d 984 (4th Cir. 1987) (Rule 11 sanctions were appropriately imposed on plaintiff's attorney, who accused counsel of serious misconduct without making a reasonable factual investigation). *See also Nault's Auto Sales, Inc. v. American Honda Motor Co.*, 148 F.R.D. 25 (D.C. N.H. 1993) (plaintiff's counsel violated Rule 11

9

by making unfounded allegations that defendants' attorneys were guilty of serious misconduct); *Kemp v. Pfizer, Inc.*, 152 F.R.D. 556 (E.D. Mich. 1993) (plaintiff's counsel was appropriately sanctioned for accusing opposing counsel of misconduct and asking that the matter be referred to the state disciplinary committee).

32. Additionally, Mr. Bailey should be sanctioned for making legally frivolous arguments to this Court, including his preposterous contention that: (a) a solitary incorrect citation amounts to abuse of process; (b) that Judge Pellegrini's opinion in *Ober v. Evanko,* 238 M.D. 2000, is factually binding on this Court; (c) that the Privileges and Immunities Clause of the Fourteenth Amendment was violated even though it is clearly inapplicable to these facts; and (d) that the Fourth and Fifth Amendments were somehow violated when Ober was interviewed during an administrative inquiry.

33. On July 11, 2001, defense counsel served a copy of this motion on Ober's attorney, notifying Mr. Bailey that defendants would file it with the Court unless his false allegations and frivolous legal arguments were permanently withdrawn within 21 days. *See* Fed. R. Civ. P. 11(c)(1)(A).

34. More than 21 days have passed since Mr. Bailey was served with this motion as required by Fed. R. Civ. P. 11(c)(1)(A). However, the false accusations and frivolous legal arguments have not been retracted.

WHEREFORE, defendants respectfully ask this Court to impose appropriate sanctions, including attorneys' fees, against the plaintiff, Darrell G. Ober, and his attorney, Don Bailey, Esquire.

Respectfully submitted,

JAMES M. SHEEHAN
General Counsel
Commonwealth of Pennsylvania

BY: *[signature]*
SYNDI L. GUIDO
Deputy General Counsel
Attorney I.D. #49802
Governor's Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA 17101
(717) 783-6563

JOANNA N. REYNOLDS
Assistant Counsel
Attorney I.D. #37436
Pennsylvania State Police
1800 Elmerton Avenue
Harrisburg, PA 17110
(717) 783-5568

Dated: *August 6, 2001*

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL G. OBER,  :
      Plaintiff  :  NO. 1: CV-01-0084
              :  (Judge Caldwell)
vs.  :
              :  CIVIL ACTION - LAW
PAUL EVANKO, MARK  :
CAMPBELL, THOMAS COURY,  :  JURY TRIAL DEMANDED
JOSEPH WESTCOTT,  :
HAWTHORNE CONLEY,  :
JOANNA REYNOLDS, AND  :
SYNDI GUIDO,  :
      Defendants  :

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I served a copy of defendant's motion for sanctions and supporting exhibits upon plaintiff's counsel by First Class Mail, U.S. Postal Service, addressed as follows:

    Don Bailey, Esquire
    4311 North 6th Street
    Harrisburg, PA  17110

    _____
    SYNDI L. GUIDO
    DEPUTY GENERAL COUNSEL
    GOVERNOR'S OFFICE OF GENERAL COUNSEL
    333 Market Street, 17th Floor
    Harrisburg, PA  17101
Dated: July 12, 2001    (717) 783-6563

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRELL G. OBER, | : |
|       Plaintiff | :   NO. 1: CV-01-0084 |
| | :   (Judge Caldwell) |
| vs. | : |
| | :   CIVIL ACTION - LAW |
| PAUL EVANKO, MARK | : |
| CAMPBELL, THOMAS COURY, | :   JURY TRIAL DEMANDED |
| JOSEPH WESTCOTT, | : |
| HAWTHORNE CONLEY, | : |
| JOANNA REYNOLDS, AND | : |
| SYNDI GUIDO, | : |
|       Defendants | : |

## CERTIFICATE OF SERVICE

    I hereby certify that, pursuant to Pa. R. Civ. P. 11(c)(1)(A), I served a copy of defendant's motion for sanctions and supporting exhibits upon plaintiff's counsel by first-class mail, United States Postal Service, on July 12, 2001, and notified counsel that the motion would be signed and filed with the Court unless his false allegations and frivolous legal arguments were withdrawn within 21 days. Plaintiffs' contentions were not retracted, and defendants' motion for sanctions was filed with the Court earlier today. Accordingly, I mailed a copy of the signed motion to defendants' counsel via first-class mail, addressed as follows:

                                        Don Bailey, Esquire
                                        4311 North 6th Street
                                        Harrisburg, PA 17110

                                        */s/ Syndi L. Guido*
                                        SYNDI L. GUIDO
                                        DEPUTY GENERAL COUNSEL
                                        GOVERNOR'S OFFICE OF GENERAL COUNSEL
                                        333 Market Street, 17th Floor
                                        Harrisburg, PA 17101

Dated: August 6, 2001                    (717) 783-6563