



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL G. OBER,                    :
      Plaintiff

                           :

                           :

      vs.                            CIVIL ACTION NO. 1:CV-01-0084

                           :

PAUL EVANKO,
MARK CAMPBELL,                      :
THOMAS COURY,
JOSEPH WESTCOTT,                    :        **FILED**
HAWTHORNE CONLEY,                          **HARRISBURG, PA**
      Defendants             :

                                     **AUG 1 3 2001**

M E M O R A N D U M        

I.    <u>Introduction</u>

      We are considering the Defendants' motion to dismiss
Plaintiff's amended complaint pursuant to Federal Rules of Civil
Procedure 12(b)(6) and 12(f).  In his amended complaint, Plaintiff
alleges discrimination in employment in violation of his civil
rights by Pennsylvania State Police ("PSP") Commissioner Paul
Evanko, Mark Campbell (Governor Ridge's Assistant Chief of Staff),
PSP Deputy Commissioners Thomas Coury and Hawthorne Conley, and
former PSP Deputy Commissioner Joseph Wescott.  He also alleges a
claim for the abuse of legal process by defense attorneys, Joanna
Reynolds and Syndi Guido.

      We will dismiss the Plaintiff's claims for violations of
his substantive due process rights, the Privileges and Immunities
Clause of the Fourteenth Amendment, the Equal Protection Clause,

and the common law tort of abuse of process; however, we will deny the Defendants' motion in part because Plaintiff has sufficiently stated First and Fourth Amendment, and section 1983 conspiracy claims.  We will also reject the Defendants' argument that they are entitled to qualified immunity.

II.    Background (as alleged by Plaintiff)

In September 1998, while employed by the PSP as the Director of Internal Affairs, Plaintiff was informed by the Federal Bureau of Investigation ("FBI") it had received an anonymous tip that high-ranking officials in the PSP and in the Governor's Office took payoffs from police academy applicants in exchange for admission into the academy.  The FBI told Ober not to tell any "high-ranking PSP members and, or, persons in the Governor's office" about the investigation because they may have been involved in the corruption.  Plaintiff did, however, inform Lieutenant Colonel Hickes of the conversation, believing that he should tell someone and that Hickes was not involved in the corruption.  Hickes told Plaintiff to keep him informed but not to tell anyone else.

On May 12, 1999, after being told by the FBI that its investigation uncovered only one officer involved in the payoffs, Ober and Hickes told Commissioner Evanko about the FBI's investigation.  According to Plaintiff, Evanko was irate because the information was withheld from him.  As a result, Evanko sought

2

and obtained permission from Campbell to launch an administrative investigation involving Ober's failure to follow the chain of command.  Plaintiff contends that Evanko, Conley, Coury, and Wescott then set out to injure him and ruin his career.  Ober contends they "conducted a series of unlawful investigations into Ober and his affairs, and devised a number of debilitating, harmful personnel actions deigned to harass, intimidate, and destroy his career."  (Pl's Opp'n Br., at p. 3).  He specifically alleges that Coury blocked his promotional opportunities and launched a second investigation.  Upon Coury's investigation, Ober's assignment to the PSP Centennial Book Committee was rescinded.  He contends that Wescott withdrew his appointment to the Pennsylvania Emergency Management Agency out of vindictiveness and loyalty to Evanko, and that Conley denied him certain reimbursements and took away his cellular telephone.

At the end of January 2000, Evanko ordered that Ober be transferred to a position in Washington, Pennsylvania.  To prevent the transfer, Ober filed a petition for mandamus and a motion for a preliminary injunction in the Commonwealth Court of Pennsylvania.  On January 27, 2000, Evanko agreed to rescind the transfer until the commonwealth court ruled on the mandamus petition in exchange for Ober's withdrawal of the preliminary injunction motion.  On Evanko's motion, the commonwealth court dismissed the petition for mandamus as moot on March 30, 2000, because Evanko filled the Washington, Pennsylvania position and

3

assigned Ober to the Bureau of Liquor Control Enforcement.  Ober
contends that this assignment was a demotion.

Plaintiff filed his complaint on January 16, 2001.  On
March 16, 2001, the Defendants filed a motion to dismiss in which
they cited to state police regulation AR 1.102(c) to argue that
Plaintiff had not properly followed his chain of command in
reporting the FBI investigation.  This could arguably justify the
PSP investigation of Ober.  That police regulation, as noted by
Plaintiff in his opposing brief, was not in effect at the time of
the events about which he complained.  In addition to his brief,
Plaintiff also filed a motion to amend his complaint adding
attorney Joanna Reynolds as a defendant.  In order to clarify the
confusion brought about by the parties' filings, we issued an
order on April 23, 2001, (1) dismissing the Defendants' motion to
dismiss; (2) granting the Defendants' motion to strike Plaintiff's
amended complaint and striking Plaintiff's motion to file an
amended complaint; and (3) granting Plaintiff ten days to file an
amended complaint and delineating a briefing schedule for the
parties.  Plaintiff then filed an amended complaint on May 2,
2001, adding attorneys Joanna Reynolds and Syndi Guido as
defendants, alleging they abused the legal process by
intentionally citing to the PSP regulation AR 1.102(c) in support
of their first motion to dismiss.

The Defendants' current motion to dismiss alleges that
Plaintiff has failed to state a claim for violations of

4

substantive due process, the Privileges and Immunities Clause, the First and Fourth Amendments, the Equal Protection Clause, a section 1983 conspiracy, and abuse of legal process.

III.   Standard of Review

In deciding the Defendants' motion to dismiss, we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from them in the Plaintiff's favor.  See United States v. Occidental Chem. Corp., 200 F.3d 143, 147 (3d Cir. 1999).  The motion must be denied unless the plaintiff can prove no set of facts in support of his claim that would entitle him to recovery. See Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994).

IV.   Discussion

A. Substantive Due Process

Plaintiff claims Defendants violated his substantive due process rights.  To prevail on this claim, Plaintiff must show that he has a property interest which is protected by the Fourteenth Amendment.  Nicholas v. Pennsylvania State University, 227 F.3d 133, 139-140 (3d Cir. 2000) (quoting Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 123 (3d Cir. 2000)).  Plaintiff alleges he has a protected property interest in his employment created by contract with the PSP.  (Pl. Opp'n Br., at p. 7).

5

The Third Circuit has considered whether a public employee (a discharged, tenured professor) had a protectable interest in his employment. <u>Nicholas</u>, 227 F.3d at 143. The court held that public employment was not a property interest protected by the substantive Due Process Clause of the Fourteenth Amendment, reasoning that such state-created contract rights do not rise to the level of a fundamental right, implicit in the concept of ordered liberty, nor created by the United States Constitution. <u>Id.</u> at 140-43. Accordingly, Ober does not have a property interest in his employment with the PSP and has failed to state a claim upon which relief may be granted. <u>See</u> <u>Brobson v. Borough of New Hope</u>, No. 00-0003, 2000 WL 1738669, at *4 (E.D. Pa. Nov. 22, 2000) (finding police chief has no substantive due process property interest in his employment).

    B.   <u>Privileges and Immunities of the
         Fourteenth Amendment</u>

The Privileges and Immunities Clause of the Fourteenth Amendment provides that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." U.S. Const. amend. XIV. The Defendants argue that the Privileges and Immunities Clause is irrelevant to Plaintiff's case because no fundamental right is implicated and because Ober does not allege discrimination based on state citizenship. These arguments are based on the privileges and immunities guaranteed by article IV of the United States

6

Constitution.[1]  Plaintiff, however, in asserting that he "has a right to pursue his chosen vocation free of arbitrary and capricious government molestation[,]"  has alleged violations of the Privileges and Immunities Clause of the Fourteenth Amendment. That clause protects the privileges and immunities of national citizenship, _In re Sacred Heart Hosp. of Norristown_, 133 F.3d 237, 244 (3d Cir. 1998), which include the right to inform federal officials of violations of federal law, rights of citizens while in federal custody, the right to vote in national elections, the right to petition Congress, and the right to interstate travel. _Twining v. New Jersey_, 211 U.S. 78, 97, 29 S. Ct. 14, 19, 53 L.Ed. 97, 105 (1908) (listing rights of national citizenship); _In re Sacred Heart_, 133 F.3d at 244 n.11 (noting the rights of national citizenship recognized in _Twining_).

In the _Slaughter-House Cases_, 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1872), the United States Supreme Court made it clear that there is no right under the Privileges and Immunities Clause of the Fourteenth Amendment to pursue one's chosen vocation "free from state limitations." _Galahad v. Weinshienk_, 555 F.Supp. 1201, 1207 (D. Colo. 1983).  Nor has Plaintiff alleged that the state has enacted or enforced a law which infringes on a privilege or immunity.  Thus we conclude Plaintiff has failed to state a claim

---

[1]Article IV guarantees citizens of foreign states the same privileges and immunities as citizens of a home state.  U.S. Const. art. IV.

7

under the Privileges and Immunities Clause of the Fourteenth Amendment.

C.    First Amendment Right to Free Speech

Public employees have a First Amendment right to be free from retaliatory conduct for speaking on matters of public concern. Baldassare v. New Jersey, 250 F.3d 188, 195 (3d Cir. 2001). Plaintiff alleges that the Defendants deprived him "of his 1st Amendment rights to be free of unlawful injurious employment actions in retaliation for his proper exercise of protected speech and to punish him for filing his original complaint." (Compl., at p. 19).

The Supreme Court has established a burden-shifting analysis for First Amendment retaliation claims: (1) the Plaintiff must show that he engaged in activity protected by the First Amendment; (2) the Plaintiff must show that the protected activity was a substantial or motivating factor for the alleged retaliation; and (3) once Plaintiff establishes a substantial or motivating factor, the Defendants may defeat Plaintiff's claims by showing that they would have taken the same action in the absence of the protected conduct. Baldassare v. New Jersey, 250 F.3d 188, 195 (3d Cir. 2001) (citations omitted). The Defendants argue that Ober cannot satisfy these elements because he did not engage in protected activity and because Commissioner Evanko's actions were not retaliatory. (Def. Supp. Br., at p. 9).

8

We first address whether Plaintiff has sufficiently alleged that he engaged in protected activity. To be protected activity, the content of the speech (or lack of it) must be a matter of public concern, as opposed to a private matter. <u>Connick v. Myers</u>, 461 U.S. 138, 142-43, 103 S. Ct. 1684, 1687-68, 75 L.Ed.2d 708, 717 (1983). A public employee's speech is a matter of public concern when it relates to "'any matter of political, social, or other concern to the community[,]'" <u>Baldassare</u>, 250 F.3d at 195 (quoting <u>Green v. Philadelphia Hous. Auth.</u>, 105 F.3d 882, 885-86 (3d Cir. 1997)), and is to be determined according to the content, form, and context of the public employee's activity. <u>Connick</u>, 461 U.S. at 147-48, 103 S. Ct. at 1690, 75 L.Ed.2d at 720.

Defendants claim that Plaintiff has alleged only two discrete instances that may come within the ambit of speech: (1) Ober informing Hickes of the FBI investigation and (2) Ober and Hickes informing Evanko of the FBI investigation. Defendants maintain that these two acts were purely personal in nature and unrelated to any matters of public concern. However, looking at the content, form, and context of Ober's activity, it is clear that he has sufficiently alleged a matter of public concern.

The Third Circuit has stated that "investigation[s] into the alleged criminal actions of public employees 'fall[] squarely within the core public speech delineated in <u>Connick</u>.'" <u>Baldassare</u>, 250 F.3d at 196-97 (quoting <u>Swineford v. Snyder</u>

9

County, 15 F.3d 1258, 1271 (3d Cir. 1994)).  Allegations of corruption of public officials and attempts to expose those wrongs are clearly matters of public concern.  Id. at 197.  Concentrating on the value of the First Amendment activity, Baldassare, 250 F.3d at 197, we find that Plaintiff's conduct aided the FBI's investigation into the corruption of high-ranking officials in the PSP and the Governor's Office, and he therefore has sufficiently alleged a matter of public concern.[2]

The Defendants next argue that the Commissioner's actions were not retaliatory in nature, and they attempt to justify Ober's transfer to Washington, Pennsylvania by rationalizing the Commissioner's decision.  However, Plaintiff has met his burden to survive Defendants' motion.  In considering a motion to dismiss, we will not delve into the Commissoner's motives or intentions.  See Shoemaker v. Allender, 520 F.Supp. 266, 270 (E.D. Pa. 1981).

Retaliatory actions include termination, transfers, demotions, or denial of promotions.  Ballas v. City of Reading, No. 00-2943, 2001 WL 73737, at *7 (E.D. Pa. Jan. 25, 2001) (citing

---

[2]In arguing that Plaintiff's conduct is not protected under the First Amendment, the Defendants' argued solely that the conduct was not a matter of public concern but did not address whether the government's interests outweighed Ober's interest in speaking (or not speaking) on a matter of public concern.  See Baldassare, 250 F.3d at 195 (citing Pickering v. Board of Educ., 391 U.S. 563, 568, 88 S. Ct. 1731, 1734-35, 20 L.Ed.2d 811, 817 (1968)).  Because this issue has not been addressed by the parties, we will not address it now.

10

Rutan v. Republican Party of Illinois, 497 U.S. 62, 75, 110 S. Ct. 2729, 2737, 111 L.Ed.2d 52, 67 (1990)). Plaintiff has alleged that the following adverse employment actions were taken against him: (1) a transfer to Washington, Pennsylvania; (2) a constructive demotion; (3) denial of opportunities for overtime and denial of reimbursements allowed to other officers; (4) denial of educational opportunities; (5) investigations launched against him; (6) personal attacks to destroy his career and reputation; (7) a blocked promotion; (8) failure to be considered for promotional opportunities and transfers; and (9) harassment. Taking the Plaintiff's allegations as true, as we must on a motion to dismiss, Plaintiff has sufficiently alleged deprivations of his First Amendment rights.[3]

D.    Fourth Amendment Right to be Free
      of Unlawful Seizures

Plaintiff claims that Defendants Evanko, Campbell, and Coury violated his Fourth Amendment right "to be free of unlawful seizures of his person subjecting him to unlawful custodial interrogations denying him other procedural safeguards." (Compl., at p. 20). The Defendants argue that the Fourth Amendment is not implicated because Plaintiff was subjected to an administrative inquiry, not a criminal one, citing Garrett v. Lehman, 751 F.2d

---

[3]In addition, Plaintiff may have alleged Defendants violated his First Amendment right to association and to petition the government. Again, because the parties have not discussed these claims, neither shall we.

11

997, 1004 (9th Cir. 1985). We reject this argument. <u>Garrett</u> is distinguishable from the facts before us because it relied on the special status given to military proceedings. <u>Garrett</u>, 751 F.2d at 1004.

In addition, they argue that it is the Fifth Amendment that covers Plaintiff's claim and generally assert that Ober's assertions do not implicate the Fourth or Fifth Amendment. In response, Plaintiff complains that the Defendants "forced him to sit down and answer questions and subject himself to interrogation over matters with 5th Amendment implications[,]" and that he was "seized" and unable to "move, to leave, or perform [his] duties." (Pl. Opp'n Br., at p. 12). In light of Plaintiff's response, we see his claim as a violation of his Fourth Amendment right not to be unreasonably detained. At this stage of the proceedings, we will allow this claim to survive.

E.   <u>Equal Protection Clause</u>

In his complaint, Plaintiff summarily claims that the Defendants have "discriminated against him in his right to enjoy the equal protection of the laws." (Compl., at p. 4). In opposing this claim, the Defendants merely assert that Ober is required to establish, and has not established, a suspect classification or the deprivation of a fundamental right. (Defs' Supp. Br., at p. 12). However, in Plaintiff's opposition brief, he relies on the "class of one" theory to support his claim. <u>See</u>

12

<u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074-75, 145 L.Ed.2d 1060, 1063 (2000); <u>Michelfelder v. Bensalem Township Sch. Dist.</u>, No. 99-4621, 2000 WL 892866, at *2 (E.D. Pa. June 30, 2000).  He claims that arbitrary government action instituted by a government official solely against him is actionable under the Equal Protection Clause.  <u>See, e.g.</u>, <u>Esmail v. Macrane</u>, 53 F.3d 176 (7th Cir. 1995); <u>Albiero v. City of Kankakee</u>, 246 F.3d 927, 932 (7th Cir. 2001) (stating that the law of the Seventh Circuit recognizes a class of one claim when a public official vindictively singles out another for an adverse action).

        To sustain such a claim, Plaintiff must show that he was treated differently from others who are similarly situated and that there is no rational basis for that different treatment. <u>Willowbrook</u>, 528 U.S. at 564, 120 S. Ct. at 1074-75, 145 L.Ed.2d at 1063; <u>Adams Parking Garage, Inc. v. City of Scranton</u>, No. 99-1212, 2001 WL 471932, at *8 (M.D. Pa. Apr. 26, 2001). Plaintiff's claim here fails, however, because he has not asserted that others were similarly situated and that those similarly situated were treated differently.

13

F.  <u>Right to be Free of Civil Conspiracies</u>
    <u>and Emotional Distress</u>

Plaintiff has alleged that the Defendants conspired to

violate his constitutional rights both under Pennsylvania tort law

and under 42 U.S.C. § 1983.  The Defendants have only challenged

Plaintiff's conspiracy claims under section 1983, arguing

Plaintiff fails to state a claim because he cannot prove that

Defendants deprived him of an underlying constitutional right.

See <u>Ridgewood Bd. of Educ. v. N.E.</u>, 172 F.3d 238, 254 (3d Cir.

1999).  The Defendants' argument fails, however, because we have

decided that Plaintiff's First and Fourth Amendment claims survive

the Defendants' motion to dismiss.

Defendants also allege that Plaintiff has claimed that

he has a right to be free from emotional distress, and that this

claim fails because there is no such constitutional right.

However, we read Plaintiff's allegations not as claiming a

constitutional right to be free from emotional distress, but as

claiming that as a result of the alleged constitutional violations

by Defendants, he has suffered emotional distress.  Such

allegations by the Plaintiff are appropriately included in his

complaint.  The Supreme Court has made it clear that a plaintiff

can recover for emotional distress in a section 1983 case with

proof of an actual injury.  <u>Carey v. Piphus</u>, 435 U.S. 247, 98 S.

Ct. 1042, 55 L.Ed.2d 252 (1978); <u>see also</u> <u>Bolden v. Southeastern</u>

14

<u>Pennsylvania Transp. Auth.</u>, 21 F.3d 29 (3d Cir. 1994); <u>Busche v. Burkee</u>, 649 F.2d 509, 519 n.12 (7th Cir. 1981).

    G.   <u>Abuse of Legal Process</u>

        Plaintiff maintains that defense counsel abused the legal process by citing in a supporting brief[4] to a PSP regulation which was not in effect during the time the conduct at issue here occurred.  Abuse of legal process is a common law tort action[5] "'defined as the use of legal process against another primarily to accomplish a purpose for which it is not designed.'"  <u>Shiner v. Moriarty</u>, 706 A.2d 1228, 1236 (Pa. Super. Ct. 1998) (quoting <u>Rosen v. American Bank of Rolla</u>, 426 Pa. Super. 376, 381, 627 A.2d 190, 192 (1993) (internal quotation marks omitted).  To prevail on an abuse of process claim, Plaintiff must prove that (1) the Defendants used a legal process against the Plaintiff; (2) that process was used for a purpose for which it was not intended; and (3) Plaintiff was harmed by it.  <u>Id.</u> (quoting <u>Rosen</u>, 426 Pa. Super. at 381, 627 A.2d at 192).  "The gravamen of abuse of

_____

    [4]As discussed previously, on March 16, 2001, the Defendants filed an earlier motion to dismiss.  It is the brief in support of that motion in which the defense erroneously cited to PSP regulation AR 1.102(c).  The defense has since recognized its error and withdrew arguments relying on that regulation.

    [5]In contrast, malicious prosecution is now statutory and is concerned with the wrongful initiation of process.  <u>Rosen v. American Bank of Rolla</u>, 426 Pa. Super. 376, 381, 627 A.2d 190, 192 (1993) (citing <u>Dumont Television & Radio Corp. v. Franklin Elec. Co. of Philadelphia</u>, 397 Pa. 274, 278-79, 154 A.2d 585, 587 (1959)).

AO 72A
(Rev.8/82)

process is the perversion of the particular legal process for a purpose of benefit to the defendant, which is not an authorized goal of the procedure." <u>Id.</u> (citing <u>Rosen</u>, 426 Pa. Super. at 381, 627 A.2d at 192).

The Defendants argue that Plaintiff has not stated a claim for abuse of legal process because (1) process means haling someone into court and refers to a summons, complaint, or writ; (2) they have not used process improperly; and (3) even if the citation error was intentional, Plaintiff's facts do not support a cause of action for abuse of process.

Although the Defendants' first argument is unpersuasive,[6] we agree that Plaintiff has not made out a claim for abuse of process.  Improper use of legal process includes "'extortion by means of attachment, execution or garnishment, and blackmail by means of arrest or criminal prosecution.'" <u>Bristow v. Clevenger</u>, 80 F.Supp.2d 421, 431 (M.D. Pa. 2000) (quoting <u>Barakat v. Delaware County Mem'l Hosp.</u>, No. 97-2012, 1997 WL 381607, at *2 (E.D. Pa. July 2, 1997)).  There must be some

---

[6]The Defendants' argument is flawed in that the Superior Court of Pennsylvania has specifically rejected their argument that process is limited to papers that initiate a lawsuit.  <u>Shiner v. Moriarty</u>, 706 A.2d 1228, 1237 (Pa. Super. Ct. 1998).  Process "'encompasses the entire range of procedures incident to the litigation process.'"  <u>Shiner</u>, 706 A.2d at 1237 (quoting <u>Rosen</u>, 426 Pa. Super. at 381, 627 A.2d at 192).  Process, as used in the tort of abuse of process, includes motions, petitions, discovery proceedings, notice of depositions, and the issuance of subpoenas. <u>Shiner</u>, 706 A.2d at 1237; <u>Rosen</u>, 426 Pa. Super. at 382, 627 A.2d at 192.

16

AO 72A
(Rev.8/82)

"'definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process.'" <u>Id.</u> (quoting <u>Williams v. Fedor</u>, 69 F.Supp.2d 649, 673 (M.D. Pa. 1999)) (internal quotation marks omitted). Plaintiff has not alleged that the Defendants improperly used legal process, or "perverted" it. He has not alleged that the Defendants have done anything other than file a motion to dismiss in defense of the lawsuit which Plaintiff initiated.

H.  <u>Qualified Immunity</u>

Since we have decided that some allegations survive the motion to dismiss, we must pass on the Defendants' claim of qualified immunity. The doctrine of qualified immunity protects government officials in civil rights cases from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396, 410 (1982); <u>Doe v. Delie</u>, __F.3d__, No. 99-3019, 2001 WL 817680, at *4 (3d Cir. July 19, 2001). That is, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." <u>Anderson v. Creighton</u>, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523, 530-31 (1987). Thus, qualified immunity does not apply if "'reasonable officials in the defendants' position at the relevant

17

time could have believed, in light of what was in the decided case law, that their conduct would be unlawful.'" <u>Delie</u>, 2001 WL 817680, at *6 (quoting <u>Good v. Dauphin County Soc. Servs. for Children & Youth</u>, 891 F.2d 1087, 1092 (3d Cir. 1989)).

The Defendants argue that Ober cannot show that they violated a clearly-established constitutional right, or in the alternative, if he can do so, they are entitled to qualified immunity because they reasonably believed that their actions were proper. (Defs' Supp. Br., at p. 14). The Defendants' first argument fails, however, because the Plaintiff's surviving claims allege violations of clearly-established constitutional rights: the Fourth Amendment right to be free from unreasonable seizures and the First Amendment right to be free from retaliatory conduct for speaking on matters of public concern. <u>See, e.g.</u>, <u>United States v. Mendenhall</u>, 446 U.S. 544, 100 S. Ct. 1870, 64 L.Ed.2d 497 (1980) (a person is seized for the purposes of the Fourth Amendment when a reasonable person would believe that he was not free to leave); <u>Pickering v. Board of Educ.</u>, 391 U.S. 563, 88 S. Ct. 1731, 20 L.Ed.2d 811 (1968) (teacher cannot be dismissed for speaking on a matter of public concern).

The Defendants' second argument, that the Defendants reasonably believed their conduct was lawful, is also unavailing. In reviewing a claim for qualified immunity, the reasonableness of the Defendants' conduct is based on an objective standard, not a subjective one. <u>Anderson</u>, 483 U.S. at 641, 107 S.Ct. at 3040, 97

18

L.Ed.2d at 532.  If the Plaintiff's facts, as alleged, are true, the Defendants cannot maintain that they are entitled to qualified immunity for their actions.

We will issue an appropriate order.

William W. Caldwell
United States District Judge

Date:  August 13, 2001

19

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL G. OBER,                        :
        Plaintiff

                          :

                          :

        vs.                        :        CIVIL ACTION NO. 1:CV-01-0084

PAUL EVANKO,                            :
MARK CAMPBELL,                                          **FILED**
THOMAS COURY,                           :       **HARRISBURG. PA**
JOSEPH WESTCOTT,                        :
HAWTHORNE CONLEY,                               AUG 1 3 2001
        Defendants               :

MARY E. D'ANDREA, CLERK
Per _____
                      Deputy Clerk

O R D E R

AND NOW, this 13th day of August, 2001, upon

consideration of Defendants' motion to dismiss or strike

Plaintiff's amended complaint, filed May 16, 2001, (Doc. No. 17),

it is Ordered that:

        1.  Defendants' motion is granted in part
and denied in part.

        2.  The Defendants' motion to dismiss
Plaintiff's claims for violations of
substantive due process, the Privileges and
Immunities Clause of the Fourteenth Amendment,
the Equal Protection Clause, and abuse of
legal process is granted.

        3.  The Defendants' motion to dismiss
Plaintiff's claims for violations of the First
and Fourth Amendments, and Plaintiff's claim
that the Defendants conspired against him in
violation of 42 U.S.C. § 1983 is denied.

AO 72A
(Rev.8/82)

4.   Defendants shall respond to the remaining claims within fifteen (15) days of the date of this Order.


William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

August 13, 2001

Re:  1:01-cv-00084   Ober v. Evanko


True and correct copies of the attached were mailed by the clerk
to the following:

        Don Bailey, Esq.
        4311 N. 6th St.
        Harrisburg, PA  17110   Fax No.: 717-221-9600


        Syndi L. Guido, Esq.
        Office of General Counsel, PA Governor's Office
        333 Market St.
        17th Floor
        Harrisburg, PA  17120   Fax No.: FAX: (717) 787-1788


        Joanna N. Reynolds, Esq.
        Pennsylvania State Police
        1800 Elmerton Avenue
        Harrisburg, PA  17110



cc:
Judge                     ( ✓)            ( ) Pro Se Law Clerk
Magistrate Judge          ( )             ( ) INS
U.S. Marshal              ( )             ( ) Jury Clerk
Probation                 ( )
U.S. Attorney             ( )
Atty. for Deft.           ( )
Defendant                 ( )
Warden                    ( )
Bureau of Prisons         ( )
Ct Reporter               ( )
Ctroom Deputy             ( )
Orig-Security             ( )
Federal Public Defender   ( )
Summons Issued            ( ) with N/C attached to complt. and served by:
                              U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5       ( )
Order to Show Cause       ( ) with Petition attached & mailed certified mail
                              to:  US Atty Gen  ( )  PA Atty Gen  ( )
                                   DA of County ( )  Respondents  ( )

Bankruptcy Court            (   )
Other_____ (   )

MARY E. D'ANDREA, Clerk

DATE: _____8/13/01_____

BY: _____
Deputy Clerk