**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER, | : | |
|     Plaintiff | : | NO. 1: CV-01-0084 |
| | : | (Judge Caldwell) |
| vs. | : | |
| | : | CIVIL ACTION - LAW |
| PAUL EVANKO, MARK | : | |
| CAMPBELL, THOMAS COURY, | : | JURY TRIAL DEMANDED |
| JOSEPH WESTCOTT, | : | |
| HAWTHORNE CONLEY, | : | |
| JOANNA REYNOLDS, AND | : | |
| SYNDI GUIDO, | : | |
|     Defendants | : | |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR
MOTION FOR SANCTIONS PURSUANT TO RULE 11
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**I.    Statement of the Case**

On January 16, 2001, Don Bailey, Esquire, filed a complaint on behalf of the plaintiff, Captain Darrell Ober. The complaint charged defendants Paul Evanko, Mark Campbell, Thomas Coury, Joseph Wescott, and Hawthorne Conley with retaliating against Ober for not telling them about an FBI investigation into possible corruption at

the State Police Academy. On March 16, 2001, defendants' lead counsel, Syndi Guido, filed a motion to dismiss the complaint, along with a supporting brief. On April 2, 2001, Mr. Bailey filed a brief opposing the motion to dismiss, as well as an amended complaint naming Ms. Guido's co-counsel, Joanna Reynolds, as a defendant.[1]

In the amended complaint, Mr. Bailey alleged that Ms. Reynolds violated his civil rights by composing a "fraudulent brief which falsely represented that PSP Administrative Regulation AR 1-1.02 had indicated that Ober was in error and didn't follow regulations." (Plaintiff's first Amended Complaint, Introduction). Without any factual basis, the complaint alleged that between January 16, 2001, and March 16, 2001, Ms. Reynolds and the other defendants "unlawfully conspired and then acted to alter regulations for the PSP to make it appear as if plaintiff violated Departmental Regulations." *Id.* at ¶ 52. Mr. Bailey contended that defendants took these "unlawful actions" in order to "make it appear as if the defendants were justified in taking adverse employment actions against plaintiff...." *Id.* at ¶ 53. Mr. Bailey also alleged that the "defendants knew that the changes they made to Departmental Regulations were made in February 2001 after the plaintiffs [sic] original complaint in this matter was filed," and accused the defendants of intentionally withholding this fact in their brief to the Court.

---

[1] Mr. Bailey also filed a superfluous motion to amend the complaint.

2

*Id.* at ¶¶ 54, 55. Finally, the defendants were accused of removing the regulation's "historic file" in order to "hide their unlawful activities." *Id.* at ¶ 56.

In the brief filed on April 2, 2001, Mr. Bailey elaborated on these spurious claims, accusing Ms. Reynolds of conspiring with her clients to manipulate state police records and making intentional, false representations to this Court. (*See* Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss at 2). Mr. Bailey went so far as to ask this Court to impose sanctions and order the matter investigated by federal authorities.[2] *Id.* at 11-12.

In reality, defense counsel's citation to AR 1-1.02(c) was an honest mistake.[3] As soon as the error was brought to defense counsel's attention, they made appropriate inquiries and learned that AR 1-1.02 had indeed been recently amended to add subparagraph (c). In a reply brief filed April 19, 2001, defense counsel readily admitted

---

[2] Mr. Bailey made his request for sanctions in violation of Fed. R. Civ. P. 11(c)(1)(A), which requires a motion for sanctions to be made separately from other motions or requests. The motion for sanctions is to be served upon opposing counsel but is not to be filed with the court unless counsel refuses to withdraw the challenged contention within 21 days. See also Fed. R. Civ. P. 11, Official Comment ("The rule provides that requests for sanctions must be made as a separate motion, *i.e.*, not simply included as an additional prayer for relief contained in another motion. The motion for sanctions is not, however, to be filed until at least 21 days...after being served. If, during this period, the alleged violation is corrected...the motion should not be filed with the court.") Here, defense counsel were served with Mr. Bailey's request for sanctions on April 2, 2001, and the erroneous citation was retracted 17 days later. Accordingly, it was improper for Mr. Bailey to present the Court with a request for sanctions.

[3] The State Police Administrative Regulations are contained in a loose-leaf binder. Whenever any change is made to the regulations, a replacement sheet is inserted and the old page is discarded. Although each page indicates the date something on that sheet was updated, it does not identify the particular revision. In reviewing the Administrative Regulations, counsel did not notice that AR 1-1.02 had been updated a few weeks earlier, and it did not occur to them that subsection (c) on chain of command was a recent addition to the regulation.

3

their error, noting that the citation could be deleted without altering the substance of their original brief.

On that same day, April 19, 2001, defense counsel filed a motion to dismiss Ober's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, defendants asked the Court to strike the amended complaint pursuant to Fed. R. Civ. P. 12(f). Defendants' motion to dismiss or strike the amended complaint was served on Mr. Bailey, along with a motion for Rule 11 sanctions, which included affidavits verifying that the amendment to AR 1-1.02 had nothing to do with Ober or his lawsuit. By cover letter, Ms. Guido advised Mr. Bailey that the Rule 11 motion would be filed with the Court unless his false allegations against Ms. Reynolds were retracted within 21 days. *See* Fed. R. Civ. P. 11(c)(1)(A).

In one of the affidavits attached to defendants' Rule 11 motion, Sergeant Walter J. Margeson, Supervisor of the Systems and Procedures Section of the State Police Bureau of Research and Development, explained that he had written the amendment to AR 1-1.02 long before this lawsuit was ever filed. According to Sergeant Margeson, he drafted subsection (c) in response to a request by Major Leonard Washington, who was then the Director of the State Police Bureau of Emergency and Special Operations. Major Washington asked that departmental regulations be amended to specifically

4

incorporate chain-of-command requirements taught to cadets at the State Police Academy. (*See* Defendants' Motion for Rule 11 Sanctions, Exhibit A.)

In fact, before his brief and amended complaint were filed with this Court, Mr. Bailey's client had already been apprised of the true facts surrounding the addition of subparagraph (c) to AR 1-1.02. (*See* Defendants' Motion for Rule 11 Sanctions, Exhibit B). Indeed, defendants' Rule 11 motion included an affidavit from one of Ober's friends, Major R. Dane Merryman. In response to an inquiry from Ober, Major Merryman met with him, allowed Ober to review the historic file on AR 1-1.02, and explained that subsection (c) was added at the request of Major Washington. Major Merryman's affidavit specified that his meeting with Ober took place *before* April 2, 2001 – the date Mr. Bailey filed the amended complaint accusing Ms. Reynolds of conspiring to deceive this Court by secretly altering the regulation.

On April 23, 2001, the Court granted defendants' motion to strike Ober's amended complaint. Pursuant to Fed. R. Civ. P. 15(a), the Court gave Ober permission to file a new amended complaint within 10 days.

On April 30, 2001, defendants' lead counsel, Syndi Guido, told Mr. Bailey that she would not be filing the defendants' Rule 11 motion with the Court because Ober's amended complaint had already been stricken. Mr. Bailey advised Ms. Guido that he intended to file another amended complaint and threatened to ask for sanctions if she

5

renewed her Rule 11 motion. Ms. Guido told Mr. Bailey that she would not need to file another motion unless he persisted in wrongfully accusing Ms. Reynolds of fraud. Ms. Guido explained that she had written the brief containing the incorrect citation, apologized for her error, and reiterated that it had been an honest mistake.[4] Ms. Guido also explained that Colonel Evanko had not been involved in the regulation's amendment; rather, Colonel Evanko's signature had been auto-penned by his secretary, Mary Bungo. (*See* Defendants' Motion for Rule 11 Sanctions, Exhibit C.)

On May 2, 2001, Mr. Bailey filed a second amended complaint on Ober's behalf. Instead of retracting his false accusations against Ms. Reynolds, Mr. Bailey added Ms. Guido as an additional defendant, renewing his baseless contention that the defendants "secretly changed a regulation then made false representations to this Court hoping to have the complaint dismissed." (Plaintiff's second Amended Complaint at ¶ 15a.) Despite Ms. Guido's assurance that Colonel Evanko had nothing to do with the addition of AR 1-1.02(c), Mr. Bailey included an averment accusing the Commissioner of personally approving that amendment. *Id.* at ¶ 55.[5]

---

[4] For some strange reason, Mr. Bailey accused Ms. Guido of "lying" about writing the brief.

[5] In his second amended complaint, Ober no longer complained that defendants intentionally removed the historical file on AR 1-1.02(c). Instead, Ober alleged that the file was "not in compliance with PSP custom, practice, usages and regulations...." (Plaintiff's second Amended Complaint at ¶ 57.) Nevertheless, in a brief filed June 25, 2001, Ober renewed his contention that defendants "took the 'history' of the regulation out of the files obviously hoping they would not be discovered...." (Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss the Amended Complaint at 4.)

6

Although Mr. Bailey removed the word "fraud" from the second amended complaint, he continued to accuse opposing counsel of intentionally misrepresenting the existence of AR 1-1.02(c).[6] *Id.* at ¶ 61. To compound matters, in a brief filed June 25, 2001, Mr. Bailey specifically accused defense counsel of intentionally creating false evidence and presenting it to the Court as a material fact. (*See* Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss the Amended Complaint at 6.)

On July 11, 2001, defense counsel served Mr. Bailey with a second motion for Rule 11 sanctions, accompanied by affidavits signed by Sergeant Margeson and Major Merryman, as well as one from Colonel Evanko's secretary, Mary Bungo. (*See* Defendants' Motion for Rule 11 Sanctions, Exhibits A through C.) Pursuant to Fed. R. Civ. P. 11(c)(1)(A), counsel notified Mr. Bailey that defendants' motion would be filed with the Court unless his false allegations were withdrawn within 21 days. The accusations were not retracted, and defendants' motion for sanctions was filed with the Court on August 6, 2001.

---

[6] Mr. Bailey supplemented that accusation with the entirely specious assertion that defense counsel misrepresented the contents of another regulation, FR 1-1.17(B). (Plaintiff's Second Amended Complaint at ¶ 59.) On May 29, 2001, defense counsel reproduced FR 1-1.17(B) in Exhibit B of their brief in support of defendants' motion to dismiss Ober's second amended complaint, clearly demonstrating that there was no misrepresentation.

## II. <u>Argument</u>

Pursuant to Fed. R. Civ. P. 11, an attorney has an affirmative duty to conduct a reasonable investigation into the facts alleged in pleadings, motions, and other papers. *Nault's Auto. Sales, Inc. v. American Honda Motor Co., Inc.,* 148 F.R.D. 25, 35 (D.N.H. 1993). By signing a pleading or other paper, an attorney certifies to the court that he "has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S. 533, 542 (1991). In determining whether Rule 11 has been violated, the court looks at whether the attorney's actions were objectively reasonable under the circumstances. *CTC Imports & Exports v. Nigerian Petroleum Corp.,* 739 F. Supp. 966, 969 (E.D. Pa. 1990). The court should "test the signer's conduct by finding what was reasonable to believe at the time the pleading was submitted." *Id.*

When Mr. Bailey filed the second amended complaint on May 2, 2001, it was completely unreasonable for him to accuse defense counsel of intentionally perpetrating a fraud on the Court by conspiring to secretly change regulations. By that time, defense counsel had openly admitted their error and provided Mr. Bailey with sworn affidavits attesting to the fact that the regulatory change had absolutely nothing to do with this lawsuit.

Irresponsibly accusing opposing counsel of manufacturing evidence and intentionally perpetrating a fraud on the Court are serious matters, which warrant the imposition of sanctions. *See Cleveland Demolition Co., Inc. v. Azcon Scrap Corp.*, 827 F.2d 984, 985-86 (4th Cir. 1987) (Rule 11 sanctions were appropriately imposed on plaintiff's attorney, who accused counsel of serious misconduct without making a reasonable factual investigation). *See also Nault's Auto. Sales, Inc. v. American Honda Motor Co.*, 148 F.R.D. 25, 35-37 (D.N.H. 1993) (plaintiff's counsel violated Rule 11 by making unfounded allegations that defendants' attorneys were guilty of serious misconduct); *Kemp v. Pfizer, Inc.*, 152 F.R.D. 556, 561-62 (E.D. Mich. 1993) (plaintiff's counsel was appropriately sanctioned for accusing opposing counsel of misconduct and asking that the matter be referred to the state disciplinary committee).

Even if Mr. Bailey truly believes that defense counsel conspired with their clients to manufacture evidence, that belief is objectively unreasonable and does not justify making such extreme accusations in documents filed with the Court. *See Nault's Auto. Sales,* 148 F.R.D. at 36 (imposing sanctions on plaintiff's counsel for accusing defense counsel of fraud and perjury). Like the plaintiff's attorneys in *Nault,* Mr. Bailey "apparently cannot, or will not, accept any other explanation for any of the supposed sins of defense counsel, thereby demonstrating an unfortunate and uncharacteristic loss of professional detachment." *Id.* at 34. Naturally, attorneys are "free to believe whatever

they choose to believe. They are not free to indiscriminately bludgeon the professional reputations of opposing counsel out of frustration, or in angry overreaction, or on mere suspicion alone." *Id.* at 36.

Hurling baseless accusations against opposing counsel is never an acceptable litigation strategy. At the very least, Mr. Bailey should be reprimanded for his unprofessional conduct and admonished to refrain from future unfounded attacks on the integrity of opposing counsel.[7]

---

[7] In the motion for sanctions filed August 6, 2001, defendants also asked the Court to sanction Mr. Bailey for making frivolous legal arguments. For example, it was absurd to contend that this Court is factually bound by a Commonwealth Court opinion issued in support of its decision to dismiss Ober's lawsuit because he failed to state a claim. In light of this Court's recent order dismissing most of plaintiff's claims, defendants see no need to press the point further. However, defense counsel believe it is still important for the Court to direct Mr. Bailey to stop unjustly maligning them in public documents.

### III. Conclusion

For all the foregoing reasons, defendants respectfully ask this Court to impose appropriate sanctions[8] against Mr. Bailey.

Respectfully submitted,

JAMES M. SHEEHAN
General Counsel
Commonwealth of Pennsylvania

BY: _____
SYNDI L. GUIDO
Deputy General Counsel
Governor's Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA 17101
(717) 783-6563

JOANNA N. REYNOLDS
Assistant Counsel
Pennsylvania State Police
1800 Elmerton Avenue
Harrisburg, PA 17110
(717) 783-5568

(Counsel for Defendants)

Dated: August 16, 2000

---

[8] For example, in *Nault's Auto. Sales, Inc.*, the Court struck the offensive pleadings and required plaintiff's attorneys to send letters of apology to defense counsel, specifically retracting the unfounded charges. The letters of apology were then filed with the court and made a permanent part of the record. *See Nault's Auto. Sales, Inc.*, 148 F.R.D. at 37.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL G. OBER,
        Plaintiff   :  NO. 1: CV-01-0084
                              :  (Judge Caldwell)
vs.                     :
                              :  CIVIL ACTION - LAW
PAUL EVANKO, MARK    :
CAMPBELL, THOMAS COURY, :  JURY TRIAL DEMANDED
JOSEPH WESTCOTT,         :
HAWTHORNE CONLEY,       :
JOANNA REYNOLDS, AND    :
SYNDI GUIDO,                :
        Defendants  :

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I served a copy of defendants' brief in support of their motion for sanctions upon plaintiff's counsel by First Class Mail, United States Postal Service, addressed as follows:

    Don Bailey, Esquire
    4311 North 6th Street
    Harrisburg, PA 17110

    _____
    SYNDI L. GUIDO
    DEPUTY GENERAL COUNSEL
    GOVERNOR'S OFFICE OF GENERAL COUNSEL
    333 Market Street, 17th Floor
    Harrisburg, PA 17101
Dated: August 16, 2001    (717) 783-6563