IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER, | : | |
| Plaintiff | : | NO. 1: CV-01-0084 |
| | : | (Judge Caldwell) |
| vs. | : | |
| | : | CIVIL ACTION - LAW |
| PAUL EVANKO, MARK | : | |
| CAMPBELL, THOMAS COURY, | : | JURY TRIAL DEMANDED |
| JOSEPH WESTCOTT, | : | |
| HAWTHORNE CONLEY, | : | |
| Defendants | : | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT FILED MAY 2, 2001**

AND NOW come defendants, by and through their attorneys, Deputy General Counsel Syndi L. Guido and Assistant Counsel Joanna N. Reynolds, who respectfully answer plaintiff's amended complaint as follows:

**Introductory Statement**

Defendants admit that this is a civil rights complaint brought by the plaintiff. Defendants admit that the plaintiff is a Captain with the Pennsylvania

State Police. Defendants admit that one of the defendants is Paul Evanko, Commissioner of the Pennsylvania State Police. Defendants admit that the amended complaint added paragraphs 52 through 60 and modified the caption to include Joanna Reynolds and Syndi Guido as defendants. However, defendants believe that Joanna Reynolds and Syndi Guido were dismissed as defendants by virtue of the fact that plaintiff's abuse of process claim was dismissed by order dated August 13, 2001. All other factual averments contained in plaintiff's introductory statement are denied.

## Jurisdiction and Venue

2. Defendants admit that this Court has jurisdiction over plaintiff's claims.

3. This court's supplemental jurisdiction is not implicated. By order dated August 13, 2001, this Court dismissed all claims except those for violations of the First and Fourth Amendments as well as a claim that the defendants conspired against him in violation of 42 U.S.C. § 1983. Those claims all fall within this Court's jurisdiction, and the scope of this Court's supplemental jurisdiction is no longer relevant.

4. This paragraph does not require an answer.

5. Defendants deny plaintiff's assertion that punitive damages are appropriate.

6. Admitted.

## Parties

7. Admitted.

8. Admitted.

9. Denied as stated. It is admitted that Mark Campbell was the Governor's Deputy Chief of Staff from January 17, 1995, through December 31, 2000. Mr. Campbell has been the Governor's Chief of Staff from January 1, 2001, to the present.

9a. Defendants believe all counts against Joanna Reynolds and Syndi Guido have been dismissed. To the extent this paragraph remains relevant, defendants admit that Joanna Reynolds is an attorney assigned to the Pennsylvania State Police and that she and Syndi Guido represent the defendants.

## Rights Violated

10. This claim was dismissed by order dated August 13, 2001.

11. This claim was dismissed by order dated August 13, 2001.

12. Plaintiff's equal protection claim was dismissed by order dated August 13, 2001; plaintiff's First Amendment claim is denied.

13. Denied.

14. Denied.

15. Denied.

15a. Plaintiff's abuse of process claim was dismissed by order dated August 13, 2001. To the extent any portion of this paragraph remains relevant, it is denied.

**Damages**

16. This paragraph does not require a response. To the extent any portion of this paragraph is deemed factual, it is denied.

17. This paragraph does not require a response. To the extent any portion of this paragraph is deemed factual, it is denied.

18. This paragraph does not require a response. To the extent any portion of this paragraph is deemed factual, it is denied.

19. Denied.

**Operative Facts**

20. It is admitted that the plaintiff graduated from the Pennsylvania State University "with distinction." It is also admitted that plaintiff graduated from the Department of Education's Pennsylvania Law Enforcement Academy, which is not affiliated with the Pennsylvania State Police. It is admitted that the plaintiff was a member of the Pennsylvania State Police in September 1998. The remainder of this paragraph is denied.

21. It is admitted that on May 2, 1998, the Director of the Bureau of Professional Responsibility transferred plaintiff from his position as Director of the Systems and Process Review Division to Director of the Internal Affairs Division. It is also admitted that effective September 17, 1998, the plaintiff was temporarily assigned to perform the functions of Acting Director of the Bureau of Professional Responsibility. Any implication that the latter assignment was intended to be anything other than temporary is denied.

4

22. It is admitted that Colonel Evanko, Colonel Coury, and Colonel Conley all previously served as Directors of the Bureau of Professional Responsibility. The remainder of this paragraph is denied.

23. It is admitted that the plaintiff was contacted by someone at the FBI on or before October 5, 1998, about a case involving possible political corruption. As to plaintiff's averment that this contact may have occurred in late September, defendants are without knowledge or information sufficient to form a belief as to the truth of that averment.

24. Denied.

25. Denied.

26. It is denied that plaintiff was specifically chosen by the FBI as a contact because he was not a target or potential target of the investigation. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

27. It is admitted that Colonel Evanko promoted the plaintiff to Captain effective March 3, 1995. It is also admitted that plaintiff told Lieutenant Colonel Hickes that the FBI contacted him about an investigation into possible political corruption and that Lieutenant Colonel Hickes directed plaintiff to keep the matter confidential. It is also admitted that Lieutenant Colonel Hickes was not in plaintiff's direct chain of command. All other averments in this paragraph are denied.

5

28. It is admitted that in May 1999 someone from the FBI advised plaintiff that they had reached the conclusion that any wrongdoing was limited to a single state police trooper. Defendants are without knowledge or information sufficient to form a belief as to any of the other averments in this paragraph.

29. Defendants are without sufficient knowledge and information to form an opinion about whether plaintiff believes the FBI's corruption investigation was truncated or limited by Pennsylvania State Police leadership interests; however, it is denied that there is any factual basis for plaintiff's belief. The remaining averments in this paragraph are also denied.

30. Admitted.

31. Denied.

32. Defendants are without knowledge or information sufficient to form a belief as to when and why Special Agent Kush may have been transferred or reassigned. If Special Agent Kush was transferred or reassigned, any allegation of involvement on Colonel Evanko's part is denied.

33. It is admitted that Mark Campbell was the Governor's Deputy Chief of Staff in 1999. The remainder of this paragraph is denied.

34. Denied.

35. Denied.

36. Denied.

### Investigations

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. It is admitted that two State Police majors interviewed plaintiff and that the interview was conducted as part of an administrative inquiry initiated by Colonel Evanko. The remainder of this paragraph is denied.

43. Denied.

44. Denied as stated. In 1999, while assigned to the Bureau of Professional Responsibility, plaintiff took on the secondary responsibility of serving as an Emergency Preparedness Liaison Officer for the Pennsylvania Emergency Management Agency (PEMA). When plaintiff was assigned as Special Projects Officer to the Area III Commander, he notified the Bureau of Emergency and Special Operations that he could no longer serve in that capacity. When the Area III assignment was rescinded and he was transferred to the Bureau of Liquor Control Enforcement, plaintiff asked to be reinstated as an Emergency Preparedness Liaison Officer. It is admitted that plaintiff was not reinstated; however plaintiff's allegation that Lieutenant Colonel Westcott acted with a desire to please Colonel Evanko, or with any improper motive, is specifically denied. It

is further denied that Colonel Evanko wanted to injure plaintiff. Any implication that Colonel Evanko was involved in this decision is denied.

45. Denied as stated. It is admitted that Lieutenant Colonel Conley (then Major Conley) directed plaintiff to surrender the cellular phone issued to him by the Bureau of Professional Responsibility because he had been reassigned to the Bureau of Liquor Control Enforcement. It is also admitted that Lieutenant Colonel Conley (then Major Conley) denied plaintiff's request to be reimbursed for certain expenditures. The implication that there was anything improper about Lieutenant Colonel Conley's actions is denied. It is also denied that Lieutenant Colonel Conley's decisions were motivated by vengeance.

46. Denied.

a. Denied as stated. Plaintiff was never transferred to Troop B – Washington. By personnel order dated January 7, 2000, Colonel Evanko assigned plaintiff as Special Projects Officer to Commander, Area III, effective January 29, 2000. To avoid reassignment, plaintiff filed a petition for mandamus in the Pennsylvania Commonwealth Court and requested a preliminary injunction. In exchange for Captain Ober's withdrawal of his motion for a preliminary injunction, Colonel Evanko agreed to keep him in the Harrisburg/Hershey area until final resolution of plaintiff's mandamus petition. In the meantime, the State Police had to prepare for the National Governors Association convention, which was only a few months away. Because the need for a Special Projects officer was immediate, Colonel Evanko chose to rescind Captain Ober's assignment to Area

III and appointed another Captain to the position. By personnel order dated February 14, 2000, plaintiff's assignment as Special Projects Officer to Commander, Area III, was rescinded, Captain Young was assigned as the Special Projects Officer, and plaintiff was assigned to the Bureau of Liquor Control Enforcement as the Central Section Commander, Operations Division. It is denied that the Pennsylvania courts ever intervened on plaintiff's behalf. It is also denied that plaintiff's assignment as Special Projects Officer was motivated by any improper purpose; it was certainly not motivated by a desire to separate plaintiff from his children.

  b. Denied

  c. Denied.

  d. Denied.

  e. Denied.

  f. Denied.

  g. Denied.

  h. Denied.

  i. Denied.

  j. Denied.

47. Denied.

48. Denied.

49. Denied as stated. It is admitted that Colonel Evanko would not allow the plaintiff to serve on the Pennsylvania State Police Centennial Pictorial

History Book Subcommittee because of his significant responsibilities as Team Leader for System Integrator Procurement for the Incident Information Management System. Otherwise, this paragraph is denied in its entirety.

50. Denied as stated. Effective April 26, 1999, plaintiff was detached to the Bureau of Technology Services as Systems Integrator Procurement Team Leader for the Incident Information Management System (IIMS) Phase B of the Department Automation Project. Plaintiff completed that assignment and was assigned, by order of January 7, 2000, as Special Projects Officer to Commander, Area III, effective January 29, 2000. Plaintiff's assignment as Special Projects Officer was rescinded by personnel order dated February 14, 2000. All contrary averments in this paragraph are specifically denied.

51. Denied as stated. Plaintiff was not transferred to a Lieutenant's position at the Bureau of Liquor Control Enforcement. As explained in paragraph 46(a) above, in order to stop his assignment as Special Projects Officer, plaintiff filed a petition for mandamus and a request for a preliminary injunction in the Commonwealth Court of Pennsylvania. In exchange for Captain Ober's withdrawal of his motion for a preliminary injunction, Colonel Evanko voluntarily rescinded Captain Ober's assignment and agreed to assign him to a position in the Harrisburg/Hershey area until final resolution of plaintiff's mandamus petition. In keeping with that agreement, Colonel Evanko rescinded plaintiff's assignment as Special Projects Officer to Commander, Area III, and temporarily assigned him to the Bureau of Liquor Control Enforcement as the Central Section Commander,

Operations Division – a position held by a Lieutenant who was suspended without pay pending the outcome of criminal charges. Effective May 30, 2000, plaintiff was assigned as Director, Administrative Division, Bureau of Liquor Control Enforcement. All contrary averments in this paragraph are denied. It is specifically denied that plaintiff's assignment as Central Section Commander of the Bureau of Liquor Control Enforcement was motivated by any improper purpose, including those listed by plaintiff.

52. By order dated August 13, 2001, the Court dismissed plaintiff's abuse of process claim against Syndi Guido and Joanna Reynolds. Accordingly, defendants believe plaintiff's averments do not require an answer. However, to the extent any averment in this paragraph remains relevant, it is admitted that Ms. Guido and Ms. Reynolds filed a motion to dismiss plaintiff's original complaint, as well as a supporting motion, on March 16, 2001.

53. By order dated August 13, 2001, the Court dismissed plaintiff's abuse of process claim against Syndi Guido and Joanna Reynolds. Accordingly, defendants believe plaintiff's averments do not require an answer. However, to the extent any averment in this paragraph remains relevant, it is admitted that Ms. Guido wrote the final brief submitted to the Court on March 16, 2001, and that Ms. Reynolds assisted Ms. Guido with the necessary research and initial draft. The remainder of this paragraph is denied as stated. Rather, after plaintiff accused defense counsel of conspiring to secretly add AR 1-1.102(C) to Pennsylvania State Police Administrative Regulations, defense counsel made appropriate inquiries

and discovered that subsection (C) had recently been added to the regulation but that the amendment was unrelated to this lawsuit.

54. By order dated August 13, 2001, the Court dismissed plaintiff's abuse of process claim against Syndi Guido and Joanna Reynolds. Accordingly, defendants believe plaintiff's averments do not require an answer. However, to the extent any averment in this paragraph remains relevant, it is admitted that AR 1-1.02(C) was erroneously cited for the proposition that Ober improperly bypassed his chain of command. The error was unintentional; any contrary implication is denied.

55. By order dated August 13, 2001, the Court dismissed plaintiff's abuse of process claim against Syndi Guido and Joanna Reynolds. Accordingly, defendants believe plaintiff's averments do not require an answer. However, to the extent any averment in this paragraph remains relevant, it is admitted that AR 1-1.02 was amended on February 22, 2001. Any implication that the erroneous citation to subsection AR 1-1.02(C) was intentional or fraudulent is denied; it is also denied that Colonel Evanko personally approved the amendment.

56. By order dated August 13, 2001, the Court dismissed plaintiff's abuse of process claim against Syndi Guido and Joanna Reynolds. Accordingly, defendants believe plaintiff's averments do not require an answer. However, to the extent any averment in this paragraph remains relevant, it is admitted that the change sheet for the Administrative Regulations manual was distributed on

March 6, 2001. Any implication that the erroneous citation to subsection AR 1-1.02(C) was intentional or fraudulent is denied.

57. By order dated August 13, 2001, the Court dismissed plaintiff's abuse of process claim against Syndi Guido and Joanna Reynolds. Accordingly, defendants believe plaintiff's averments do not require an answer. However, to the extent any averment in this paragraph remains relevant, it admitted that the responsible project officer did not document every event related to the amendment of AR 1-1. Otherwise, the averments in this paragraph are denied.

58. By order dated August 13, 2001, the Court dismissed plaintiff's abuse of process claim against Syndi Guido and Joanna Reynolds. Accordingly, defendants believe plaintiff's averments do not require an answer. However, to the extent any averment in this paragraph remains relevant, it is admitted that AR 1-1.02(C) was not in effect during the relevant time period. It is also admitted that the historical file contained a copy of the July 1997 version of AR 1-1.02. Any implication that the erroneous citation was intentional or fraudulent is denied.

59. By order dated August 13, 2001, the Court dismissed plaintiff's abuse of process claim against Syndi Guido and Joanna Reynolds. Accordingly, defendants believe plaintiff's averments do not require an answer. However, to the extent any averment in this paragraph remains relevant, it is admitted that FR 1-1.17(B) was cited in the defendants' brief with a parenthetical explanation indicating that members are required to promptly notify their supervisor when they

receive any information indicating another member might have violated the law. The assertion that this was a misrepresentation is denied.

60. By order dated August 13, 2001, the Court dismissed plaintiff's abuse of process claim against Syndi Guido and Joanna Reynolds. Accordingly, defendants believe plaintiff's averments do not require an answer. However, to the extent any averment in this paragraph remains relevant, it is denied.

61. By order dated August 13, 2001, the Court dismissed plaintiff's abuse of process claim against Syndi Guido and Joanna Reynolds. Accordingly, defendants believe plaintiff's averments do not require an answer. However, to the extent any averment in this paragraph remains relevant, it is denied.

### First Affirmative Defense

Plaintiff's amended complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

At no time have defendants, either individually or in concert with others, deprived or sought to deprive plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

### Third Affirmative Defense

Specifically, defendants have not violated the plaintiff's rights under the First or Fourth Amendments to the United States Constitution, nor have they conspired to do so.

### Fourth Affirmative Defense

Defendants did not retaliate against plaintiff for any exercise of his First Amendment Rights nor did they conspire to do so.

### Fifth Affirmative Defense

At all material times, defendants acted within the scope of their authority and with a reasonable good faith belief in the lawfulness of their actions; accordingly, they are entitled to qualified immunity.

### Sixth Affirmative Defense

Defendant Mark Campbell lacks personal or direct involvement in any of the alleged violations of plaintiff's rights.

### Seventh Affirmative Defense

To the extent Joanna Reynolds remains a defendant in this case, she lacks personal or direct involvement in any of the alleged violations of plaintiff's rights.

### Eighth Affirmative Defense

To the extent Syndi Guido remains a defendant in this case, she lacks personal or direct involvement in any of the alleged violations of plaintiff's rights.

### Ninth Affirmative Defense

Any harm or injury to plaintiff was the direct and proximate result of actions or persons other than defendants.

### Tenth Affirmative Defense

Plaintiff contributed to any harm or injury that occurred to him.

### Eleventh Affirmative Defense

The defendants assert each and every defense available to them under the existing Civil Rights Act.

### Twelth Affirmative Defense

The complaint is meritless, frivolous or vexatious, warranting an award of attorney's fees against plaintiff.

**WHEREFORE**, defendants demand judgment in their favor, together with costs and fees and such other relief as the Court deems just and appropriate.

Respectfully submitted,

JAMES M. SHEEHAN
General Counsel
Commonwealth of Pennsylvania

BY: _____
SYNDI L. GUIDO
Deputy General Counsel
Governor's Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA 17101
(717) 783-6563

JOANNA N. REYNOLDS
Assistant Counsel
Pennsylvania State Police
1800 Elmerton Avenue
Harrisburg, PA 17110
(717) 783-5568

(Counsel for Defendants)

Dated: August 28, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRELL G. OBER,<br>          Plaintiff<br><br>vs.<br><br>PAUL EVANKO, MARK CAMPBELL, THOMAS COURY, JOSEPH WESTCOTT, HAWTHORNE CONLEY,<br>          Defendants | NO. 1: CV-01-0084<br>(Judge Caldwell)<br><br>CIVIL ACTION - LAW<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I served a copy of defendant's answer upon plaintiff's counsel by First Class Mail, U.S. Postal Service, addressed as follows:

Don Bailey, Esquire
4311 North 6th Street
Harrisburg, PA 17110

*[signature]*
SYNDI L. GUIDO
DEPUTY GENERAL COUNSEL
GOVERNOR'S OFFICE OF GENERAL COUNSEL
333 Market Street, 17th Floor
Harrisburg, PA 17101
(717) 783-6563

Dated: August 28, 2001