FILED
HARRISBURG, PA

SEP 13 2001

MARY E. D'ANDREA, CLERK
Per _____
      Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL G. OBER, :
        Plaintiff : NO. 1: CV-01-0084
: (Judge Caldwell)
vs. :
: CIVIL ACTION - LAW
PAUL EVANKO, MARK :
CAMPBELL, THOMAS COURY, : JURY TRIAL DEMANDED
JOSEPH WESTCOTT, :
HAWTHORNE CONLEY, :
        Defendants :

### JOINT CASE MANAGEMENT PLAN

    <u>Instructions</u>: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

    No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

    Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Draft Joint Case Management Plan.

1. **Principal Issues**

    1.10   Separately for each party, please give a statement summarizing this case:

    <u>By Plaintiff</u>:

    Plaintiff's rights to be free of unlawful deprivation of his federally guaranteed rights in his employment person and speech have been violated by the defendants. He has been severely injured in his employment reputation and feelings.

    <u>By Defendants</u>:

    Ober accuses defendants Evanko, Campbell, Conley, Westcott, and Coury of retaliating against him for not telling them about an FBI investigation into possible corruption at the State Police Academy. Ober accuses their counsel, Syndi Guido and Joanna Reynolds, of abuse of process based on their alleged misrepresentation of two state police regulations cited in a brief. Defendants contend that Ober has not stated a case against them. To the extent Ober has stated a claim, defendants contend they are entitled to qualified immunity. In any event, defendants contend they have not engaged in any retaliatory conduct.

    <u>The principal *factual* issues that the parties *dispute* are</u>:

    1.11   Whether defendant Mark Campbell ever authorized an administrative inquiry into the facts surrounding Ober's failure to report the FBI's investigation to defendant Conley.

    1.12   Whether any of the defendants retaliated against plaintiff for his failure to inform them of an FBI investigation into possible misconduct.

    1.13   Whether the Commissioner and his deputies ever met and planned retaliatory actions against plaintiff.

2

| | |
|---|---|
| 1.14 | Whether any of the defendants' actions were taken with an improper motive. |
| 1.15 | Whether plaintiff has incurred any damages. |
| 1.20 | The principal *factual* issues that the parties *agree* upon are: |
| 1.21 | Plaintiff did not tell Colonel Evanko about the FBI's investigation until May 12, 1999. |
| 1.22 | Colonel Evanko assigned Ober as Special Projects Commander to Commander, Area III, in Washington. Colonel Evanko subsequently rescinded that assignment. |
| 1.23 | Plaintiff is currently assigned as a Captain, Director of the Administration Division, Bureau of Liquor Control Enforcement, Pennsylvania State Police, Harrisburg, Pennsylvania. |
| 1.30 | The principal *legal* issues that the parties *dispute* are: |
| 1.31 | Whether plaintiff has stated a claim against any of the defendants. |
| 1.32 | Whether defendants are entitled to qualified immunity. |
| 1.33 | Whether defendants have violated, or conspired to violate, any of the plaintiff's constitutional rights under the First or Fourth amendments to the United States constitution. |
| 1.40 | The principal *legal* issues that the parties *agree* upon are: |
| | It does not appear the parties agree on any legal issues. |
| 1.50 | There are no unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue, etc. |
| 1.60 | All named parties have been served. |
| 1.70 | The parties do not intend to join any additional parties. |

    1.80        Defendants do not intend to add any additional claims.

**2.0**   **Alternative Dispute Resolution ("ADR")**

    2.10        There is no ADR procedure that the parties intend to use.

    2.20        None of the parties recommend an ADR procedure.

    2.30        Given the parties' irreconcilable views on the facts and the law, they do not believe a settlement is possible.

**3.0**   **Consent to Jurisdiction by Magistrate Judge**

Not all parties agree to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit.

**4.0**   **Disclosures**

    4.100       Separately for each party, list by *name and title/position* each person whose identify has been disclosed.

        4.101       <u>Disclosed by Plaintiff</u>

                Darrell Ober, Plaintiff
                Paul Evanko, Defendant
                Mark Campbell, Defendant
                Thomas Coury, Defendant
                Joseph Westcott, Defendant
                Joanna Reynolds, Defendant
                Syndi Guido, Defendant
                Thomas William
                Robert G. Werts
                Thomas G. Carr
                R. D. Merryman
                Walter J. Margeson
                Leonard Washington
                Larry W. Riley

        Mary Bungo
        John R. Brown
        Charles J. Skurkis
        Francis E. Koscelnak
        Llyle H. Szupinka
        Phillip De Wire

4.151    <u>Disclosed by Defendants</u>

        Sergeant Walter Margeson, Supervisor of the Systems and Procedures Section, Bureau of Research and Development, Pennsylvania State Police

        Major R. Dane Merryman, Director, Bureau of Research and Development, Pennsylvania State Police

        Mary Bungo, Executive Secretary to Pennsylvania State Police Commissioner Paul Evanko

        Major Leonard Washington, former Director of the Bureau of Emergency and Special Operations, Pennsylvania State Police

        Captain Larry Riley, Bureau of Training and Education, Pennsylvania State Police

        To date, no further formal disclosures have been made. Defendants are gathering the requisite information and will be able to make the required disclosures by September 25, 2001.

4.200    Separately for each party, describe by *categories* the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages.

5

   4.201  <u>Categories of documents disclosed by Plaintiff</u>

      To date, plaintiff has not disclosed any documents.

   4.251  <u>Categories of documents disclosed by Defendants</u>

      To date, no formal disclosures have been made. Defendants are gathering the requisite information and will be able to make the required disclosures by September 25, 2001.

4.300 *Additional Documents Disclosures*: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

   4.301  Additional categories of documents Plaintiff will disclose:

      Any and all documents relating to employment, and other matters, if any relevant to this litigation.

   4.351  Additional categories of documents Defendants will disclose:

      At this time defendants know of no additional categories of documents they will disclose.

4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of damages or the offset

   4.401  <u>Plaintiff's Calculation of Damages</u>

      Plaintiff will seek special damages in excess of $50,000.00 for legal fees and other out of pocket expenses and damages already incurred. Additional compensatory damages for the unlawful deprivation of federally guaranteed rights along with damages for

6

                    pain and suffering and emotional distress will also be pursued. At an appropriate time punitive damages will be sought.

       4.402       <u>Defendants' Calculation of Offset</u>

                    It is defendants' position that plaintiff has suffered no damages.

**5.0   Motions**

Defendants anticipate filing a motion for summary judgment within 15 days after the completion of discovery. Plaintiff will file a motion for summary judgment after the close of discovery.

**6.0   Discovery**

       6.100       Briefly describe any discovery that has been completed or is in progress:

                    By Plaintiff: None to date.

                    By Defendants: None to date.

       6.200       Describe any *discovery* that all *parties agree* should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it:

                    Plaintiff intends to depose the defendants (except for Syndi Guido and Joanna Reynolds) and the list of witnesses plaintiff has already shared with defendants seeking confirmation and support of facts such as the meetings and the purpose for the meetings where it has described to investigate Ober and retaliate against him. The names of these witnesses are set forth in section 4.101 above.

                    At this juncture, defendants agree that plaintiff will depose defendants Evanko, Campbell, Westcott, Coury, and Conley and that the defendants will depose the plaintiff. Defendants also agree that

                    the plaintiff will depose Major Thomas Williams, Major Robert G. Werts, Trooper Thomas G. Carr, Major Francis E. Koscelnak, and Major Lyle Szupinka. As indicated below, defendants object to depositions of the remaining individuals on plaintiff's witness list.

6.300         Describe any *discovery* that one or more parties want(s) to conduct but to *which another party objects,* indicating for each such discovery undertaking its purpose or what kinds of information will be developed through it:

              Plaintiff has stated an intent to depose Major R. Dane Merryman, Sergeant Walter Margeson, retired Major Leonard Washington, Captain Larry Riley, Mary Bungo in an effort to learn more about the February 2001 amendment to Pennsylvania State Police Administrative Regulation 1.102 (AR 1-1.02). Defendants have conceded that AR 1-1.02 is inapplicable to the facts of this case and contend that the proposed depositions are not designed to discover information relevant to the plaintiff's remaining claims. Moreover, defendants do not believe plaintiff has adequate justification for conducting more than ten depositions.

              Plaintiff also intends to depose Captain John R. Brown and Captain Charles J. Skurkis regarding some sort of staff meeting. Defendants need more information to ascertain the relevance of the proposed depositions.

6.400         Identify any *subject area limitations on discovery* that one or more parties would like imposed, at the first stage of or throughout the litigation:

              Defendants do not believe that the February 2001 amendment to AR 1-1.02 has any bearing on plaintiff's remaining claims and object to discovery on that issue.

6.500         For each of the following discovery tools, *recommend the per-party or per-side limitation* (specify a number) that should be fixed, subject to later modification by stipulation or court order on an

appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff and defendants):

6.501   Defendants believe that depositions should be limited to 10 for the plaintiff and 10 for the defendants.

6.502   Plaintiff recommends three sets of interrogatories (25 per set) for the plaintiff and three sets of interrogatories (25 per set) for each defendant. Defendant recommends one set of 25 interrogatories for the plaintiff and one set of 25 interrogatories for each defendant, pursuant to Fed. R. Civ. P. 33(a).

6.503   The parties recommend 25 requests for production of documents for the plaintiff and 25 requests for production of documents for each defendant.

6.504   The parties recommend 25 requests for admission for the plaintiff and 25 requests for admission for each defendant.

6.600   Plaintiff recommends discovery be completed by April 30, 2002. Defendants recommend discovery be completed by March 1, 2002.

6.700   Plaintiff recommends reports from retained experts be due from the plaintiff by March 1, 2002. Defendants recommend plaintiff's expert reports should be due January 4, 2002, and defendants' expert reports should be due January 25, 2002.

6.800   Plaintiff recommends supplementations be due March 15, 2002. Defendants recommend supplementations be due February 8, 2002.

**7.0    Protective Order**

No protective orders are sought at this time.

9

**8.0** **Certification of Settlement Authority**

Plaintiff hereby certifies that the following person has settlement authority for plaintiffs:

Don Bailey, Esquire
4311 North Sixth Street
Harrisburg, PA  17110
(717) 221-9500

Defendants hereby certify that for the defendants the following persons have settlement authority for settlement approval:

Syndi L. Guido, Deputy General Counsel
Governor's Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA  17101
(717) 783-6563

**9.0** **Scheduling**

| | |
|---|---|
| 9.1 | Defendants believe this case may be appropriate for trial 395 days from the filing of the action in this court. |
| 9.2 | The plaintiff suggests scheduling this case for trial in August 2002. The defendants suggest scheduling this for trial in June 2002. |
| 9.3 | The plaintiff suggests scheduling the pretrial conference for July 2002. The defendants suggest scheduling the pretrial conference for May 2002. |
| 9.4 | Plaintiff suggests March 1, 2002, as the final date for joining parties. Defendants suggest January 4, 2002, as the final date for joining additional parties. |
| 9.5 | Plaintiff suggests March 1, 2002, as the final date for the parties to amend the pleadings. Defendants suggest January 4, 2002, as the |

final date for plaintiff to amend his pleadings and January 25, 2002, as the final date for defendants to amend their pleadings.

9.6   All potentially dispositive motions should be filed within 15 days after the close of discovery.

**10.0   Other Matters**

None.

**11.0   Identification of Lead Counsel**

Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA  17110

_____
Attorney for the Plaintiff

Dated: 9-13-01

Syndi L. Guido, Deputy General Counsel
Governor's Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA  17101

_____
Attorney for Defendants

Dated: Sept. 13, 2001

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARRELL G. OBER** ) | CIVIL ACTION LAW |
| ) | |
| **Plaintiff** ) | |
| ) | 1:CV-01-0084 |
| vs. ) | |
| ) | (JUDGE CALDWELL) |
| **PAUL EVANKO, MARK** ) | |
| **CAMPBELL, THOMAS COURY,** ) | JURY TRIAL DEMANDED |
| **JOSEPH WESTCOTT,** ) | |
| **HAWTHORNE CONLEY and** ) | |
| **JOANNA REYNOLDS** ) | |
| **Defendants** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 13TH DAY OF SEPTEMBER 2001 a true and correct copy of the **CASE MANAGEMENT PLAN** was served upon the following counsel of record by United States Mail, postage prepaid:

**SYNDI L. GUIDO**
**DEPUTY GENERAL COUNSEL**
**OFFICE OF GENERAL COUNSEL**
333 Market Street, 17th Floor
Harrisburg, PA 17101
Attorney for Defendants'

BY: _____
Don Bailey ID# 23786
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500