43
3/1/02
~y

2ck
w/o

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRELL G. OBER** | ) | **CIVIL ACTION LAW** |
| | ) | |
| **Plaintiff** | ) | **1:CV-01-0084** |
| | ) | **(JUDGE CALDWELL)** |
| **vs.** | ) | |
| | ) | |
| **PAUL EVANKO, MARK** | ) | |
| **CAMPBELL, THOMAS COURY,** | ) | |
| **JOSEPH WESTCOTT,** | ) | |
| **HAWTHORNE CONLEY AND** | ) | |
| **JOANNA REYNOLDS** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants** | ) | |

FILED
HARRISBURG, PA

FEB 28 2002

MARY E. D'ANDREA, CLERK
Per _____

## PLAINTIFFS MOTION TO COMPEL PRODUCTION
## OF DOCUMENTS

1.) On or about October 2001 the plaintiff served defendants with a request for production of documents.

2.) To date the defendants have refused or failed to provide any documents in response to this request. (See Exhibit "A" hereto).

3.) Instead defendants responded with obfuscatory and disingenuous objections but no discovery. See Exhibit "B" hereto which restates plaintiffs document request and imposes unfair obstacles.

4.) On at least 3 occasions plaintiff objected to defendants tactics and asked for dates to bring a copier to avoid the PSP headquarters overous conditions and expenses defendants were demanding.

5.) Plaintiff also requested those requested files (such as BPR files) that were not voluminous or difficult to provide, should be given over.

6.) Defendants refuse to provide anything or give dates or permission for plaintiff to show up and inspect and copy records.

**WHEREFORE** this Court is requested to grant a telephone conference to discuss this motion to compel or in the alternative order defendants to cooperate.

Respectfully Submitted,

DON BAILEY
PA ID# 23786
4311 N. 6TH STREET
HARRISBURG, PA 17110
(717) 221-9500

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRELL G. OBER** | ) | **CIVIL ACTION LAW** |
| | ) | |
| **Plaintiff** | ) | **1:CV-01-0084** |
| | ) | **(JUDGE CALDWELL)** |
| **vs.** | ) | |
| | ) | |
| **PAUL EVANKO, MARK** | ) | |
| **CAMPBELL, THOMAS COURY,** | ) | |
| **JOSEPH WESTCOTT,** | ) | |
| **HAWTHORNE CONLEY AND** | ) | |
| **JOANNA REYNOLDS** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants** | ) | |

## PLAINTIFFS PRODUCTION OF DOCUMENTS ADDRESSED TO THE DEFENDANTS EVANKO, CAMPBELL, COURY, WESTCOTT, CONLEY AND REYNOLDS

- Any and all kinds or types of writings to include but not limited to documents, attachments, e-mail correspondence, tapes, transcripts and records related to the administrative inquiry ordered by Evanko, including, but not limited to:

- General Investigation Report, Form SP 7-0025.
- Notification of Inquiry, Form SP 1-102.
- Use of Force or Complaint Reception and Processing Worksheet, Form SP1-101.
- Administrative Warning, SP 1-104.
- Desk Memorandum STD-502 related to this matter.
- Complaint Verification, SP 1-108.
- Any other routing slips.
- All documents, tapes, transcripts and records of any interviews, correspondences or contents with the FBI and any other parties.

Any kind or type of attachments, e-mail correspondence, tapes, transcripts and records related to the supervisory inquiry ordered by Coury, included, but not limited to:

- General Investigation Report, Form SP 7-0025.
- Notification of Inquiry, Form SP 1-102.
- Use of Force or Complaint Reception and Processing Worksheet, Form SP1-101.
- Administrative Warning, SP 1-104.

Ex - A

- Complaint Verification, Form SP 1-108.
- Desk Memorandum STD-502 related to this matter.
- Any other routing slips.
- All documents, tapes, transcripts and records of interviews with Mrs. Willis Hayman, Ms. Lee Poser, Phillip Conti and any other parties.

Any kind or type of documents, e-mail correspondence, memos, notes etc. and records related to Evanko's August 24, 1999-memo to Mr. Marc Infantino removing Captain Ober from the Book Committee.

1. All 1999 documents, e-mail correspondence, actions and records of Conley's efforts to ensure monies spent by the Bureau of Professional Responsibility are in furtherance of BPR's goals and objectives.

2. All documents, e-mail correspondence and records related to Captain David F. Young as follows:

- Staff Development Course training records, attendance schedule, Out Service Training request, application and endorsements for the course he attended in Philadelphia from November 8, 1999 to March 10, 2000; including all dates of attendance, his application, recommendations/endorsements from supervisors.

- Any other Out Service Training request, records, and endorsement for the time period from January 2000 to August 2000.

- Request For Leave Records, Form STD-330, for the time period January 1, 2000 to September 1, 2000.

- Time and Attendance Records, Form STD-929, for the time period January 1, 2000 to September 1, 2000.

- Gas receipts for the time period January 1, 2000 to September 1, 2000.

- Captain Young's Hotel Orders, Form STD-192, for time period January 1, 2000 to September 1, 2000.

- Captain Young's Request for Transfer Travel Status/Moving Expenses, Form STD-202, for time period January 1, 2000 to September 1, 2000.

- Captain Young's Travel Expense Vouchers, Form STD-191, for time period January 1, 2000 to September 1, 2000.

- Prequalification Inspection Report, Form SP 8-106 for Spring 2000 qualification period.

- Firearms Score Tally Sheet, Form SP 8-104A, for the Spring 2000 qualification period.

- Permanent Firearms Scoring Record, Form SP 8-104A, for 2000.

- Weekly Duty Rosters for the time period January 1, 2000 to September 1, 2000.

- Daily Duty Rosters for the time period January 1, 2000 to September 1, 2000.

- Vehicle service and maintenance records for the vehicle(s) assigned to Young for the time period January 1, 2000 to September 1, 2000; including but not limited to Computerized Motor Vehicle Inventory System and Monthly Mileage Reports. Vehicle Inspection Checklists, Form SP 3-430, Automotive Repair Orders, Vehicle Maintenance Jackets, Form SP 3-428,

- Record of Absence Cards for calendar years 1999 and 2000.

- Relevant portions of the National Governors Association Task Force plan related to Captain Young and his official duties.

- Relevant portions of the Republic National Convention Task Force plan related to Captain Young and his official duties.

- All documents, e-mail correspondence and records related to Captain Young's assignments related to planning responsibilities for the National Governors Association Conference.

3. Subject to Form, STD-501, requests, approvals and endorsements for an Acting Director, Administration Division, Bureau of Liquor Control Enforcement, for the time period February 1, 2000 to June 30, 2000.

4. Subject to Form, STD-501, requests, approvals and endorsements for an Acting Director, Bureau of Liquor Control Enforcement for the time period June 1, 2000 to the present.

5. All documents, e-mail correspondence and records from Major Lyle Szupika and any other command staff related to the planning of assignments related to the National Governors Association Conference

6. A copy of AR 1-2, Directives and Correspondence. Access to inspect the entire Historic file.

7.

8. A copy of AR 4-25; Internal Affairs.

9. A copy of AR 1-6, Management Information.

10. A copy of FR 1-1.

11. A copy of FR 1-2.

12. A copy of FR 3-2.

13. A copy of FR 3-3.

14. Copies of Bureau of Professional Responsibility's Weekly Activity Report for the time period from January 1, 2000 to September 1, 2000.

15. A copy of AR 1-10, Supervisory Span of Control.

16. Accreditation proofs of compliance and any other records pertaining to AR 1-1.02 (c).

17. A copy of OM 7-9, Career Development and Promotion Testing.

18. The Uniform Guidelines on Employee Selection Procedures referenced in OM 7-9.

19. All documents, e-mail correspondence and records associated with my 1999 application for consideration for selection to the Northwestern University Traffic Institute, School of Police Staff and Command.

20. All documents, records, findings and appeals related to the Special Appeal Board hearing that was conducted in March 2000 related to Grievance HQ-164.

21. All documents, e-mail correspondence, endorsements, Out-Service Training Authorization, Request for Approval of Out of State Travel, Form STD-274, and records related to the selection of individuals in the Bureau of Liquor Control Enforcement to attend the June 2000 National Crime Prevention Council, Alcohol Policy XII Conference in Washington, D.C.

22. All documents, e-mail correspondence, records, Performance Evaluations, Form STD-315, Supervisory Notations contained in my Bureau File or Official Personnel Folder.

23. All documents, e-mail correspondence, records, selection process, names of candidates who applied, interview schedules, interview scoring instrument, final scores of all applicants for the position of Director, Legislative Affairs Office which occurred in January 2000.

24. Job Description, Form STD-370, Essential Job Functions, Performance Standards/Expectations – Section Commander for Lieutenant Huston Williams.

25. Job Description, Form STD-370, Performance Standards/Expectations – Section Commander for Captain Darrell G. Ober when assigned to the position of Central Section Commander.

26. Job Description; Form STD-370, for Sergeant Stephen Valencic.

27. Job Classification specifications for a State Police Lieutenant.

28. Job Classification specifications for a State Police Captain.

29. A complete and unexpunged copy of the historical file related to AR 1-1, Organization; Change No. including but not limited to include Project Tracking forms, signature route slips, staffing requests and responses, e-mail correspondence, and memos.

30. All documents, e-mail correspondence, records, selection process, dates of assignment, training records for candidates selected to fill the PEMA vacancy posted February 3, 2000.

31. All documents, e-mail correspondence, records, selection process, dates of assignment, training records for candidates selected to fill the PEMA vacancy which occurred in June 2000.

32. The promotion eligibility list and scores of all Captains who took the test for Major generated after the test administered in 1998.

33. Fitness for duty files.

36.) Any written SOP's which govern the flow of work and work review in Commissioner Evanko's office.

37.) Any correspondence, notes, memo's records scheduling of meetings between Commissioner Evanko and any PSP personnel records AR1-1.

38.) Any memo's, notes, instructive e-mails and, or, any types of   Between Evanko and any of the defendants that in anyway relate to an investigation, inquiry, assignment or evaluation of Darrell Ober.


Respectfully Submitted,

_____

Don Bailey PAID# 23786
4311 N. 6th Street
Harrisburg, Pa 17110
(717) 221-9500

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL G. OBER,                          :
                          Plaintiff       :        NO. 1: CV-01-0084
                                          :        (Judge Caldwell)
         vs.                              :
                                          :        CIVIL ACTION - LAW
PAUL EVANKO, MARK                         :
CAMPBELL, THOMAS COURY,                   :        JURY TRIAL DEMANDED
JOSEPH WESTCOTT,                          :
HAWTHORNE CONLEY,                         :
                          Defendants      :

---

### Defendants' Response to Plaintiff's
### Request for Production of Documents

---

        Pursuant to Fed. R. Civ. P. 34, defendants hereby respond to the plaintiff's request
for production of documents.

        At the beginning of his request for production, plaintiff has asked for certain items
that are not enumerated.  First, plaintiff requests "[a]ny and all kinds or types of writings
to include but not limited to documents, attachments, e-mail correspondence, tapes,
transcripts and records related to the administrative inquiry ordered by Evanko,
including, but not limited to" certain specified documents.  To the extent the requested
items exist and are within the defendants' possession, custody or control, they do not
object to producing them.  However, plaintiff's request for production does not specify a
reasonable time, place, and manner of making the inspection or performing related acts as
required by Fed. R. Civ. P. 34(b).  Consequently, defendants reserve the right to object to
the time, place and manner of making the inspection until such time as plaintiff has made
the required specification.

        Second, plaintiff has requested "[a]ny kind or type of attachments, e-mail
correspondence, tapes, transcripts and records related to the supervisory inquiry ordered
by Coury, included but not limited to" a list of specified items.  To the best of
defendants' knowledge, information, and belief, Lieutenant Colonel Coury did not order

*Exhibit B*

any supervisory inquiry relevant to this lawsuit. Lieutenant Colonel Coury did receive a complaint about plaintiff's activities. In accordance with departmental regulations, Lieutenant Colonel Coury documented that complaint and forwarded it to the Pennsylvania State Police Bureau of Professional Responsibility, where it was assigned Supervisory Inquiry IAD# 1999-409. If this is the supervisory inquiry referenced by plaintiff, defendants do not object to producing the requested documentation to the extent that it exists and is within their possession, custody, or control. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

Third, plaintiff has asked for "[a]ll kind or type of documents, e-mail correspondence, memos, notes, etc., and records related to Evanko's August 24, 1999 memorandum to Mr. Marc Infantino removing Captain Ober from the Book Committee." To the extent the requested items exist and are within the defendants' possession, custody or control, they do not object to producing them. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

Next, the plaintiff has made various requests that are set forth in enumerated paragraphs. Defendants respond to those enumerated paragraphs as follows:

1.      Defendants object to the request set forth in this paragraph because it is overbroad and not reasonably calculated to lead to discovery of admissible evidence.

2.      Plaintiff has requested the following: "Relevant portions of the National Governors Association Task Force plan related to Captain [David F.] Young and his official duties. Relevant portions of the Republican National Convention Task Force plan related to Captain Young and his official duties. All documents, e-mail correspondence and records related to Captain Young's assignments related to planning responsibilities for the National Governors Association Conference." To the extent the requested items exist and are within the defendants' possession, custody or control, they do not object to producing them. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts. Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification. Defendants object to the remainder of the requests set forth in this paragraph because they are not reasonably calculated to lead to the discovery of admissible evidence.

3.      To the extent the requested items exist and are within the defendants' possession, custody or control, they do not object to producing them. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts. Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

4.      To the extent the requested items exist and are within the defendants' possession, custody or control, they do not object to producing them. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

5.      Plaintiff has requested "[a]ll documents, e-mail correspondence and records from Major Lyle Szupika [sic] and any other command staff related to the planning of assignments related to the National Governors Association Conference." Defendants do not understand plaintiff's request and need him to clarify what he means by "other command staff related to the planning of assignments...."

6.      To the extent the requested items exist and are within the defendants' possession, custody or control, they do not object to producing them. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

7.      Plaintiff's paragraph 7 does not set forth any request for production.

8.      Defendants do not object to producing a copy of AR 4-25. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

9.      Defendants do not object to producing a copy of AR 1-6. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

10.     Defendants do not object to producing a copy of FR 1-1. However, plaintiff's request for production does not specify a reasonable time, place, and manner of

making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

11.    Defendants do not object to producing a copy of FR 1-2. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

12.    Defendants do not object to producing a copy of FR 3-2. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

13.    Defendants do not object to producing a copy of FR 3-3. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

14.    Defendants object to the request set forth in this paragraph because it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and calls for confidential and privileged information.

15.    Defendants do not object to producing a copy of AR 1-10. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

16.    Defendants do not understand the request set forth in this paragraph and need plaintiff to clarify what he is seeking before they can respond.

17.    Defendants do not object to producing a copy of OM 7-9. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

18.     Plaintiff has asked for a copy of "The Uniform Guidelines on Employee Selection Procedures referenced in OM 7-9." The requested document is a federal publication that the plaintiff can obtain from the internet at www.usdoj.gov/crt/emp/uniformguidelines.html.

19.     To the extent the requested items exist and are within the defendants' possession, custody or control, they do not object to producing them. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

20.     Plaintiff has requested "[a]ll documents, records, findings, and appeals related to the Special Appeal Board hearing that was conducted in March 2000 related to Grievance HQ-164." Defendants are not in possession, custody or control of the official records related to the referenced grievance, but they are willing to produce whatever documents they may have. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

21.     To the extent the requested items exist and are within the defendants' possession, custody or control, they do not object to producing them. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

22.     To the extent the requested items exist and are within the defendants' possession, custody or control, they do not object to producing them. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

23.     To the extent the requested items exist and are within the defendants' possession, custody or control, they do not object to producing them. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

24.    To the extent the requested items exist and are within the defendants' possession, custody or control, they do not object to producing them. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

25.    To the extent the requested items exist and are within the defendants' possession, custody or control, they do not object to producing them. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

26.    To the extent the requested items exist and are within the defendants' possession, custody or control, they do not object to producing them. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

27.    To the extent the requested items exist and are within the defendants' possession, custody or control, they do not object to producing them. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

28.    To the extent the requested items exist and are within the defendants' possession, custody or control, they do not object to producing them. However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

29.    Defendants do not object to producing that portion of the historic file that relates to AR 1-1.02(c), but do object to producing the remainder of the file because plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

30.     To the extent the requested items exist and are within the defendants' possession, custody or control, they do not object to producing them.  However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

31.     To the extent the requested items exist and are within the defendants' possession, custody or control, they do not object to producing them.  However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

32.     Defendants object to providing plaintiff with the scores of all Captains who took the 1998 test for promotion to Major.  The scores are confidential and have never been provided to any of the defendants.  The Commissioner was only provided with an alphabetical list of individuals who were eligible for promotion.  Consequently, plaintiff's request for the individual test scores is not designed to lead to the discovery of relevant, admissible evidence.  Defendants are willing to provide the promotion eligibility list of all Captains who took the 1998 test for promotion to Major.  However, plaintiff's request for production does not specify a reasonable time, place, and manner of making the inspection or performing related acts as required by Fed. R. Civ. P. 34(b). Consequently, defendants reserve the right to object to the time, place and manner of making the inspection until such time as plaintiff has made the required specification.

33.     Plaintiff has requested "fitness for duty files."  Defendants do not understand plaintiff's request and need plaintiff to clarify what he is seeking before they can respond.

34.     Plaintiff's request for production does not contain a paragraph 34.

35.     Plaintiff's request for production does not contain a paragraph 35.

36.     Plaintiff has requested "[a]ny written SOP's which govern the flow of work and work review in Commissioner Evanko's office."  Defendants do not know what plaintiff is referring to in this paragraph and are, therefore, unable to formulate a response.

37.     Defendants do not understand the request set forth in this paragraph and need plaintiff to clarify what he is seeking before they can respond.

38.    Defendants object to this request as overbroad.

For those documents to which no objection as been lodged, defendants are willing to provide copies to plaintiff at a cost of $.15 per page plus labor at $6 per 15 minutes (or $24 per hour) and any applicable postage.  Defendants will provide plaintiff with a copy of any tape-recordings at a cost of $2.19 per tape plus any applicable postage.  Payment must be made prior to delivery.

Cyndi L. Guido, Deputy General Counsel
Governor's Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA  17101
Dated:  November 2, 2001    (717) 783-6563

8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL G. OBER,                                   :
                              Plaintiff           :        NO.  1: CV-01-0084
                                                  :        (Judge Caldwell)
          vs.                                     :
                                                  :        CIVIL ACTION - LAW
PAUL EVANKO, MARK                                 :
CAMPBELL, THOMAS COURY,                           :        JURY TRIAL DEMANDED
JOSEPH WESTCOTT,                                  :
HAWTHORNE CONLEY,                                 :
                              Defendants          :

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I served a copy of Defendants' Response to Plaintiff's Request for Production of Documents upon plaintiff's counsel by First Class Mail, United States Postal Service, addressed as follows:

Don Bailey, Esquire
4311 North 6th Street
Harrisburg, PA  17110

SYNDI L. GUIDO
DEPUTY GENERAL COUNSEL
GOVERNOR'S OFFICE OF GENERAL COUNSEL
333 Market Street, 17th Floor
Harrisburg, PA   17101
(717) 783-6563

Dated:  November 2, 2001

## <u>CERTIFICATE OF NON-CONCURRENCE</u>

I, Don Bailey contacted opposing counsel and they don't concur with this

Motion to Compel.

Respectfully Submitted,

Don Bailey PAID# 23786
4311 N. 6th Street
Harrisburg, Pa 17110
(717) 221-9500

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER | ) | CIVIL ACTION LAW |
| | ) | |
| **Plaintiff** | ) | |
| | ) | 1:CV-01-0084 |
| vs. | ) | |
| | ) | (JUDGE CALDWELL) |
| PAUL EVANKO, MARK | ) | |
| CAMPBELL, THOMAS COURY, | ) | JURY TRIAL DEMANDED |
| JOSEPH WESTCOTT, | ) | |
| HAWTHORNE CONLEY and | ) | |
| JOANNA REYNOLDS | ) | |
| **Defendants** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 28nd day of FEBRUARY 2002 a true and correct copy of the **MOTION**

**TO COMPEL** was served upon the following counsel of record by United States Mail, postage

prepaid and Via-Fax:

**SYNDI L. GUIDO**
**DEPUTY GENERAL COUNSEL**
**OFFICE OF GENERAL COUNSEL**
333 Market Street, 17th Floor
Harrisburg, PA 17101
Attorney for Defendants'

BY: _____
Don Bailey ID# 23786
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500