ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER, | : | |
|     Plaintiff | : | NO. 1: CV-01-0084 |
| | : | (Judge Caldwell) |
| vs. | : | |
| | : | CIVIL ACTION - LAW |
| PAUL EVANKO, MARK | : | |
| CAMPBELL, THOMAS COURY, | : | JURY TRIAL DEMANDED |
| JOSEPH WESTCOTT, | : | |
| HAWTHORNE CONLEY, | : | |
|     Defendants | : | |

FILED
MAR 0 6 2002
PER _____
HARRISBURG, PA DEPUTY C

---

**Defendants' Response to Plaintiff's Motion
To Compel Production of Documents**

---

AND NOW come the defendants, by and through their attorneys, who respectfully respond to plaintiff's motion to compel production of documents as follows:

1. Admitted.

2. Denied. On November 2, 2001, defense counsel served plaintiff's attorney, Don Bailey, Esquire, with a copy of the Defendants' Response to Plaintiff's Request for Production of Documents. In that response, defendants' objected to some of plaintiff's requests but agreed to produce the remaining documents. However, defendants pointed

out that plaintiff's request did not specify a reasonable time, place, and manner for making the inspection as required by Fed. R. Civ. P. 34(b). Nonetheless, defendants offered to copy the requested documents for the plaintiff at a cost of $.15 per page plus labor at $6 per 15 minutes, as well as any applicable postage. Defendants offered to provide plaintiff with copies of any tape-recordings at a cost of $2.19 per tape plus any applicable postage.

3. Defendants admit that Exhibit B to plaintiff's motion is a copy of their response to plaintiff's request for production of documents. However, defendants deny plaintiff's assertion that their response is obfuscatory, contains disingenuous objections, or imposes unfair obstacles.

4. It is denied that plaintiff asked for dates to bring a copier to State Police Headquarters; it is also denied that defendants made any unreasonable demands. To the contrary, when plaintiff failed to specify a time, place, and manner of production in his request, defendants merely offered to make copies for him for a set price. Defendants have no objection to allowing Mr. Bailey to bring a photocopier to headquarters and copy the documents at his own expense; however, Mr. Bailey's motion to compel is the first time he suggested doing so.

5. It is admitted that plaintiff requested certain files, but defendants deny any implication that they have ever been unwilling to produce any document unless a specific objection to its production was lodged in their formal response to plaintiff's request.

6. Denied.

7. At plaintiff's deposition on December 5, 2001, Mr. Bailey explicitly stated that he was going to revise his request for production of documents. *See* Exhibit A at 373. (Deposition of Darrell G. Ober, December 5, 2001, pages 373-376). Mr. Bailey also told defense counsel he did not believe some of their requirements were fair and intended to raise the matter with the Court. *Id.* Ms. Guido indicated it might not be necessary to involve the Court and asked what Mr. Bailey was concerned about. *Id.* at 374-375. Mr. Bailey said he could not get into them at that time, although he mentioned they were not going to pay anyone $25 an hour for copying. *Id.* at 374. Ms. Guido tried to discuss the matter further, but Mr. Bailey cut her off, stating "We'll talk about it." *Id.* at 374-375. Mr. Bailey then reiterated his intent to revise his request for production of documents. *Id.* at 375. This was the only discussion Ms. Guido ever had with Mr. Bailey about his request for production of documents.

8. At depositions on February 25, 2002, Mr. Bailey told Ms. Guido's cocounsel, Barbara Christie, Chief Counsel to the Pennsylvania State Police, and Joanna Reynolds, Assistant Counsel, that he had not yet received the discovery sought in his

3

request for production of documents. Ms. Christie advised Mr. Bailey that the discovery materials were available and defendants were simply waiting for him to elect the time, place, and manner of production. Mr. Bailey told Ms. Christie they would talk about it later; however, he never raised the subject again, even though Mr. Bailey, Ms. Christie, and Ms. Reynolds were all present at depositions conducted on March 5, 2002. At no time has Mr. Bailey ever offered to bring a photocopier to the State Police Headquarters to copy any of the documents he requested in discovery.

9. Plaintiff's motion to compel does not contain the requisite certification that he has conferred or attempted to confer in good faith in an effort to secure the disclosure without court action. On the contrary, Mr. Bailey has consistently told defense counsel they "would discuss it later." As of this filing, Mr. Bailey has not revised his request for production, attempted to negotiate copying costs, nor specified a time, place, and manner for inspecting or copying the documents at his own expense.

10. Although plaintiff's motion to compel contains a certificate of nonconcurrence, defense counsel were never asked to concur in such a motion

11. In his motion, Mr. Bailey suggests, for the first time, that he be allowed to inspect and copy the requested documents at State Police headquarters. Defendant have no objection to plaintiff's proposal; Mr. Bailey need only tell defense counsel the date

4

and time he plans to make the inspection. Should he do so, the Court's intervention is completely unnecessary at this juncture.

                              Respectfully submitted,

                              JAMES M. SHEEHAN
                              General Counsel
                              Commonwealth of Pennsylvania

By: _____
      Syndi L. Guido, Deputy General Counsel
      Governor's Office of General Counsel
      333 Market Street, 17th Floor
      Harrisburg, PA  17101
      (717) 783-6563

      Joanna N. Reynolds, Assistant Counsel
      Pennsylvania State Police
      1800 Elmerton Avenue
      Harrisburg, PA  17110
      (717) 783-5568

Dated: March 6, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRELL G. OBER,<br>            Plaintiff<br><br>vs.<br><br>PAUL EVANKO, MARK CAMPBELL, THOMAS COURY, JOSEPH WESTCOTT, HAWTHORNE CONLEY,<br>            Defendants | NO. 1: CV-01-0084<br>(Judge Caldwell)<br><br>CIVIL ACTION - LAW<br><br>JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I served a copy of Defendants' Response to Plaintiff's Motion to Compel Production of Documents and Exhibit A upon plaintiff's counsel by First Class Mail, United States Postal Service, addressed as follows:

Don Bailey, Esquire
4311 North 6th Street
Harrisburg, PA 17110

/s/ Syndi L. Guido
SYNDI L. GUIDO
DEPUTY GENERAL COUNSEL
GOVERNOR'S OFFICE OF GENERAL COUNSEL
333 Market Street, 17th Floor
Harrisburg, PA 17101
(717) 783-6563

Dated: March 6, 2002