

# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARRELL G. OBER** ) | CIVIL ACTION LAW |
| ) | |
| **Plaintiff** ) | |
| ) | 1:CV-01-0084 |
| vs. ) | |
| ) | (JUDGE CALDWELL) √ |
| **PAUL EVANKO, MARK** ) | |
| **CAMPBELL, THOMAS COURY,** ) | JURY TRIAL DEMANDED |
| **JOSEPH WESTCOTT,** ) | |
| **HAWTHORNE CONLEY** ) | FILED |
| **JOANNA REYNOLDS and** ) | HARRISBURG |
| **SYNDI GUIDO** ) | MAR 21 2002 |
| **Defendants** ) | MARY E. D'ANDREA, CLERK |
| | per: _____ DEPUTY CLERK |

### MOTION TO ENLARGE CASE MANAGEMENT SCHEDULE AND TIME FOR DISCOVERY

1.) The parties have worked diligently at discovery.

2.) Defendants have been cooperative on providing testimonial evidence.

3.) To date at least 14 depositions have been conducted including two days spent answering questions by the plaintiff alone.

4.) It will be impossible to complete discovery by March 30, 2002.

5.) An attached period of time is necessary to complete deposition testimony including the completion of Lt. Col. Coury's deposition and Col. Evanko's deposition in addition to the depositions of Mary Bungo, Lt. Co. Hickes, and William McAravey.

6.) Additional time is needed to examine documents and certain investigative files that have not been made available to plaintiffs.

7.) During a document inspection which was permitted by defendants on Friday, March 8, 2002, (mooting plaintiffs 1st motion to compel), plaintiffs discovered that documents in the AR-1 Historic file bearing the Commissioner's signature, with a date over a year ago (February 2001) had fresh ink that had not dried.

8.) Plaintiff wished to have these key documents (change orders) analyzed and may need to acquire an expert.

9.) Large numbers of documents requested by plaintiffs have not been provided and court intervention may be required to enable plaintiff to gain access to documents including certain investigative files and transcripts that lay at the heart of the defendants alleged reasons for investigating the plaintiff, Captain Ober.

10.) The defendants do not concur in this request for enlargement.

11.) Plaintiffs need at least 90 days to finish discovery. No one has been dilatory in this process and the initial discovery deadline was admitted by all - including the Court to be ambitious.

12.) This is the first request for enlargement.

13.) During the deposition of FBI Agent Kush it was learned that the FBI investigation that was brought to Captain Ober in the Fall of 1998 had actually

been brought to the attention of the PSP Internal Affairs Division of Organized Crime Unit in Western Pennsylvania a number of years before, and had been communicated to at least Col. Coury in the PSP front office.

14.) It is essential to plaintiffs case to learn what files or information was generated (if any) at the point because it involved the same issues and the same PSP trooper (Stanton). It never sparked an investigation in that case and directly affects justification raised by defendants for their look into Ober.

15.) If defendants investigation into Captain Ober was warranted as alleged then this matter is vital to plaintiffs case along with the recently discovered irregularities regarding the Historic file.

16.) Additional time is essential to resolve this issue as well as others, including the defendants continuing failure to provide requested documents.

**WHEREFORE** plaintiff respectfully requests that the case management schedule be enlarged 90 days to permit an additional 90 days to conduct discovery and retain an expert.

Respectfully Submitted,

Don Bailey Esquire
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500

March 21, 2002

## CONCURRENCE/NON CONURRENCE

I, Don Bailey do hereby certify that I contacted opposing counsel and she doesn't concur with the Motion to Enlarge the Case Management Plan and also the Discovery period by 90 days.

_____
Don Bailey Esq.