**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER, | : | NO. 1:CV-01-0084 |
| Plaintiff | : | |
| | : | (Judge Caldwell) |
| v. | : | |
| | : | |
| PAUL EVANKO, MARK CAMPBELL, | : | CIVIL ACTION – LAW |
| THOMAS COURY, JOSEPH WESTCOTT, | : | |
| AND HAWTHORNE CONLEY, | : | |
| Defendants | : | JURY TRIAL DEMANDED |

FILED
HARRISBURG

**DEFENDANTS' RESPONSE OPPOSING PLAINTIFF'S** MAR 2 5 2002
**MOTION TO ENLARGE CASE MANAGEMENT**
**SCHEDULE AND TIME FOR DISCOVERY** MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

AND NOW come the defendants, by and through their attorneys, who respectfully respond to plaintiff's motion to enlarge the case management schedule and time for discovery as follows:

1.  It is denied that the plaintiff has worked diligently at discovery. For example, plaintiff served defendants with a request for production of documents on October 4, 2001. Defendants responded to plaintiff's request on November 2, 2001. Defendants objected to producing some of the requested documents; however, defendants

agreed to produce the majority of them, if they existed, but asked plaintiff to specify a reasonable time, place, and manner for making the inspection, as required by Fed. R. Civ. P. 34 (b). Defendants even offered to copy the documents for plaintiff at a set price.

More than a month later, plaintiff's attorney, Don Bailey, Esquire, told defense counsel he believed they wanted an unreasonable amount to copy the documents. Defense counsel offered to discuss the price, but Mr. Bailey declined to do so. Over the next three months, defense counsel made several more offers to discuss copying costs, but Mr. Bailey declined to do so. Instead, he filed a motion to compel production, which defense counsel received on March 5, 2002. In that motion, Mr. Bailey suggested, for the very first time, that he be allowed to bring a photocopier to state police headquarters and copy the documents himself. Defendants promptly agreed and arranged for Mr. Bailey to inspect and copy the documents that very same week. The considerable delay in obtaining copies of the requested documents is due entirely to Mr. Bailey's refusal to specify a time, place, and manner of production or even to discuss the matter with defense counsel.

Plaintiff has been similarly lax about conducting depositions. He wasted time taking four depositions on the subject of a "conspiracy" to amend Pennsylvania State Police Regulation AR 1-1.02 (which defense counsel mistakenly cited in the first brief

they filed in this case). Significantly, the count charging defense counsel and their clients with conspiring to alter AR 1-1.02 has already been dismissed by the Court.

Moreover, plaintiff's attorney took no depositions during the months of November and December 2001, and he took only two depositions in January 2002. Even though discovery is scheduled to conclude March 29, Mr. Bailey waited until the end of February to schedule eleven depositions. In sum, Mr. Bailey is requesting an extension of the discovery deadline because he has not used his discovery time wisely.

2. It is agreed that defendants have been cooperative in making individuals available to be deposed by Mr. Bailey.

3. To date, defendants have conducted three depositions and will be conducting a final deposition today, March 25, 2002. Plaintiff has conducted 16 depositions and most of a 17th deposition (that of Lt. Colonel Coury). Plaintiff is scheduled to take an 18th deposition (Colonel Evanko) on March 27, 2002; however, he refuses finish Lt. Colonel Coury's deposition this month. Plaintiff also refuses to reschedule his 20th deposition – that of Corporal William McAreavy. (Corporal McAreavy's deposition had originally been scheduled to take place immediately after Lt. Colonel Coury's deposition. When Lt. Colonel Coury's deposition went longer than expected, Corporal McAreavy's needed to be rescheduled.)

Mr. Bailey's refusal to reschedule these depositions is unreasonable. Defendants offered to make Lt. Colonel Coury available this morning, March 25, 2002, before they deposed Lt. Colonel Hickes. Mr. Bailey refused. Defendants also offered to make Corporal McAreavy available on Tuesday, March 26, 2002 – a date originally suggested by Mr. Bailey's secretary. Inexplicably, Mr. Bailey refused that offer as well and refused to suggest any alternative time for the deposition.

4. It is denied that discovery cannot be completed by March 30, 2002.

5. It is denied that additional time is needed to complete the depositions of Lt. Colonel Coury, or to take the depositions of Colonel Evanko, Mary Bungo, Lt. Colonel Hickes, or Corporal McAreavy.

As noted above, defendants offered to give up part of their time today, March 25, 2002 (when Lt. Colonel Hickes will be deposed by defendants), to allow Mr. Bailey to finish his deposition of Lt. Colonel Coury. Mr. Bailey refused that offer, even though he previously told defense counsel that he only needed one more hour to conclude Lt. Colonel Coury's deposition.

As for the remaining depositions, Lt. Colonel Hickes will be deposed today, March 25, 2002, and Colonel Evanko will be deposed Wednesday, March 27, 2002. Defendants agreed to make Corporal McAreavy available on Tuesday, March 26, 2002 – the date suggested by Mr. Bailey's secretary.

Finally, plaintiff has never given notice of his intent to depose Mary Bungo. His latest motion is the first time such a deposition has been mentioned. Furthermore, deposing Mary Bungo is another wildgoose chase related to plaintiff's insistence that defense counsel and their clients conspired to amend AR 1-1.02 – a count that has already been dismissed by the Court.

6. Defendants do not agree that plaintiff needs more time to examine documents or investigative files that he claims have not been made available. Indeed, it is unclear precisely what documents and files plaintiff is referring to. Except for the documents they objected to on November 2, 2001, defendants remain willing to produce all formally requested documents. Nearly five months have passed since then, and plaintiff has never filed a motion challenging the defendants' objection. That failure is not a legitimate reason to extend discovery.

7. It is denied that Mr. Bailey ever discovered a document with "fresh ink that had not dried." The document referenced in this paragraph – a change sheet to the Pennsylvania State Police Administrative Regulation Manual – was circulated to the entire Department on February 23, 2001. Whether Mr. Bailey was able to "smear" the document when he examined it on March 8, 2002, is not relevant to any issue in this case. Defense counsel's citation to AR 1-1.02(c) (added in February 2001) was admittedly a

mistake. Plaintiff's irresponsible contention that defense counsel conspired to amend AR 1-1.02 is a baseless accusation that has already been dismissed from this lawsuit.

8. As explained above, any suggestion that experts are needed to examine the change sheet to AR 1-1 is ridiculous. Several witnesses have already testified that the amendment to AR 1-1 was sent out on February 23, 2001. It does not matter whether the ink on the original document was smeared on March 8, 2002, because copies of that document were circulated more than a year earlier. Further, if plaintiff's counsel wanted to have the document examined by an expert, he should have made arrangements for such an analysis by now.

9. On November 2, 2001, defendants responded to plaintiff's request for production of documents. That response included specific objections to the production of certain documents. Nearly five months have passed, and plaintiff has never filed a motion challenging the legitimacy of defendants' objections. Moreover, there is no need to extend the deadline for all discovery in order to resolve objections to the production of particular documents.

10. It is admitted that defendants do not concur in plaintiff's request for an enlargement of time.

11. Defendants do not agree that additional time is needed for discovery. Should this Court decide that an extension is warranted, 90 days is excessive. Defendants ask the Court to limit any extension to a maximum of 30 days.

12. It is admitted that this is plaintiff's first request for an enlargement of time.

13. Denied as stated. Although the FBI investigation was brought to the attention of the state police Internal Affairs Division and the Organized Crime Unit several years ago, there is absolutely no evidence that Lt. Colonel Coury, or any other defendant, knew of the FBI investigation prior to May 1999, when Captain Ober told Colonel Evanko about it.

14. Denied. Moreover, plaintiff is scheduled to depose Colonel Evanko this week; at that time, he can ask Colonel Evanko what he knew about the Stanton investigation and when he learned it. Plaintiff's attorney could ask the same questions of Lt. Colonel Coury if he would agree to finish Lt. Colonel Coury's deposition this week. Additionally, the defendants are willing to produce any documents they have about those prior contacts. Under the circumstances, there is no reason to extend the discovery deadline.

15. Denied. There is no reason to believe any defendant knew of the Stanton investigation before it was disclosed by Captain Ober in May 1999. Further, as discussed above, any supposed "irregularities" in the historical of AR 1-1 have no relevance;

plaintiff's claim that defense counsel and their clients conspired to change regulations has already been dismissed. For some reason, plaintiff is unable to accept the fact that defense counsel made a mistake – plain and simple.

16. Denied. For the reasons explained above, discovery in this case should conclude as scheduled.

WHEREFORE, defendants respectfully ask the Court to deny plaintiff's motion to enlarge the case management schedule by 90 days and to allow 90 days for additional discovery. In the alternative, defendants ask the Court to limit any extension to not more than 30 days.

Respectfully submitted,

JAMES M. SHEEHAN
General Counsel
Commonwealth of Pennsylvania

By: /s/ Syndi L. Guido
Syndi L. Guido, Deputy General Counsel
Governor's Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA  17101
(717) 783-6563

Joanna N. Reynolds, Assistant Counsel
Pennsylvania State Police
1800 Elmerton Avenue
Harrisburg, PA  17110
(717) 783-5568

Dated:    March 25, 2002

8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL G. OBER,
      Plaintiff

v.

PAUL EVANKO, MARK
CAMPBELL, THOMAS COURY,
JOSEPH WESTCOTT,
HAWTHORNE CONLEY,
      Defendants

NO. 1: CV-01-0084
(Judge Caldwell)

CIVIL ACTION - LAW

JURY TRIAL DEMANDED

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I served a copy of the defendants response to Plaintiff's Motion to Enlarge Case Management Schedule and Time for Discovery on plaintiff's counsel by First Class Mail, U.S. Postal Service, addressed as follows:

Don Bailey, Esquire
4311 North 6th Street
Harrisburg, PA 17110

SYNDI L. GUIDO
DEPUTY GENERAL COUNSEL
GOVERNOR'S OFFICE OF GENERAL COUNSEL
333 Market Street, 17th Floor
Harrisburg, PA 17101
(717) 783-6563

Dated: March 25, 2002