IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRELL G. OBER** | ) | CIVIL ACTION LAW |
| | ) | |
| Plaintiff | ) | |
| | ) | **FILED** |
| VS. | ) | 1:CV-01-0084 |
| | ) | HARRISBURG, PA |
| **PAUL EVANKO, MARK** | ) | MAY 0 6 2002 |
| **CAMPBELL, THOMAS COURY** | ) | MARY E. D'ANDREA, CLERK |
| **JOSEPH WESTCOTT,** | ) | Per _____ |
| **HAWTHORNE CONLEY** | ) | (JUDGE CALDWELL) |
| | ) | |
| Defendants | ) | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1.) By memorandum dated August 13, 2001 this Court defined the law of this case based upon the appropriate standard of review at the time.

2.) The Court found that plaintiff had sufficiently set forth, as a matter of law, First and Fourth Amendment claims. Memorandum Opinion, PAGE 2.

3.) The Court rejected defendants' qualified immunity arguments Memorandum Opinion page 2.

4.) The District Court stated on pages 10 and 11 of its Memorandum Opinion that plaintiff's retaliation claims included allegations of such adverse employment actions as a transfer, a constructive demotion, denial of reimbursements for expenses,

1

denial of educational opportunities, investigations, personal attacks to destroy plaintiffs career and reputation, a blocked promotion, denial of opportunities to be considered for promotional opportunities and transfers, and harassment.

5.) The District Court noted on page 10 of the August 13, 2001 Memorandum Opinion that "Retaliatory actions include termination, transfers, demotions, or denial of promotions" citing Ballas v. City of Reading, No. 00-2943, 2001 WL 73737, (E.D. Pa. Jan 235, 2001) in turn citing Rutan v. Republican Party of Illinois, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed 2d 52 (1990).

6.) The District Court, in a footnote on page 11 of its memorandum Opinion opined that plaintiff "may have alleged defendants violated his First Amendment right to association and to petition the government," Memorandum Opinion page 11.

7.) There are no issues of relevant materials facts, which clearly demonstrate, that the defendants acted and conspired to deny plaintiffs right as alleged in the complaint, and as guaranteed under the First Amendment to the U.S. Constitution, such that plaintiff is entitled to Summary Judgment on his claim for retaliation under the 1st Amendment pursuant to 42 U.S.C. 1983 for exercising his rights to protected speech.

8.) There are no genuine issues of material fact which clearly demonstrate that the defendants acted and conspired to deprive plaintiff of his right to be free of

unlawful injurious employment actions in retaliation for his lawful exercise of protected speech such that plaintiff is entitled to summary judgment as a matter of law.

9.) There are no disputed issues of material facts which show clearly that the defendants acted and conspired to deny plaintiffs rights to association prior to filing suit on January 16, 2001, and to petition the government, and enjoy access to the courts, such that plaintiff is entitled to summary judgment as a matter of law.

10.) There are no disputed issues of material facts which show that defendants retaliated against the plaintiff for the exercise of his right of access to the courts during the pendency of this litigation, ie. after January 16, 2001 such that plaintiff is entitled to summary judgment as a matter of law.

11.) There are no disputed issues of relevant material facts which show that defendants did act and conspired to deprive plaintiff of his 1st and 4th Amendment rights to be free of unlawful detentions and restriction of his freedom of movement, to associate, and to be free of harassment as a matter of law. There are no genuine issues of disputed facts such that plaintiff is entitled to judgment against the defendant Evanko for defamation.

WHEREFORE plaintiff respectfully requests that this Court enter judgment for plaintiff against the defendants for the violation of his 1st and 4th Amendment rights,

and for conspiracy to deny him of said rights and against the defendant Evanko for defamation.

                              Respectfully Submitted,

                              */s/ Don Bailey/*
                              Don Bailey Esq.
                              PAID# 23786
                              4311 N. 6th Street
                              Harrisburg, PA 17110

Dated: May 5, 2002

## CERTIFICATE OF NON-CONCURRENCE

I, Don Bailey spoke to opposing counsel and they do not concur with Plaintiffs Summary Judgment motion as to the Defendants in this case.

Respectfully Submitted,

Don Bailey PAID# 23786
4311 N. 6th Street
Harrisburg, Pa 17110
(717) 221-9500

May 6, 2002

## CERTIFICATE OF SERVICE

I, Don Bailey do hereby certify that a true and correct copy of the **PLAINTIFF MOTION FOR SUMMARY JUDGMENT** was served upon the individual named below by first class mail, postage pre-paid:

BARBARA CHRISTIE ESQ.
JOANNA REYNOLDS ESQ.
PENNSYLVANIA STATE POLICE
1800 ELMERTON AVENUE
HARRISBURG, PA 17110

Don Bailey Esquire
4311 N. 6th Street
Harrisburg, PA 17110

May 6, 2002