ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER, | : | |
| Plaintiff | : | NO. 1:CV-01-0084 |
| | : | (Judge Caldwell) |
| | : | |
| vs. | : | CIVIL ACTION - LAW |
| | : | |
| PAUL EVANKO, MARK CAMPBELL, | : | JURY TRIAL DEMANDED |
| THOMAS COURY, JOSEPH WESTCOTT, | : | |
| HAWTHORNE CONLEY, | : | |
| Defendants | : | |

FILED
HARRISBURG, PA

MAY 0 6 2002

MARY E. D'ANDREA, CLE
per
Deputy Clerk

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL ANSWERS TO DEFENDANTS' INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS**

I.  FACTUAL BACKGROUND

Plaintiff, Capt. Darrell Ober, brought this civil rights action against the defendants alleging various civil rights violations. After consideration of the Defendants' Motion to Dismiss, this Court dismissed all claims except the plaintiff's First and Fourth Amendment Claims, and the Section 1983 conspiracy claim.

In the course of discovery in this matter, defendants served plaintiff with Interrogatories and a Request for Production of Documents. Plaintiff filed Objections, in part, to producing information as to Interrogatories #2, 3, 4, 5, 7, 8, 9, 10, 11 and 13. No objections were filed by the plaintiff to producing the documents requested by defendants, with the exception of a hand-written objection to producing Capt. Ober's tax records on the basis of relevancy. However, the documents produced were not marked

as responsive to any particular Request for Production; but were merely produced in a pile, without identification.

In an effort to resolve the dispute over discovery, on April 17, 2002, the defendants sent a detailed letter to the plaintiff which explained why these Interrogatories and Request for Production of Documents should be complied with and addressed the plaintiff's objections. The letter requested compliance by April 19, 2002, in order to obviate the need for defendants to file a Motion to Compel. (See Exhibit D to Defendants' Motion to Compel). The only response to this letter from the plaintiff was on Wednesday, May 1, 2002, when the plaintiff's counsel called defendants' counsel, Joanna N. Reynolds, and asked for a discovery conference call with the judge in this case to resolve the "outstanding discovery issues." Counsel for the defendants declined this offer because their Motion to Compel was still pending before the Court and the plaintiff's Motion to Compel had been dismissed. Plaintiff made no offer to produce the information and documents requested by the defendants, without the court's intervention.

## II.    LEGAL ARGUMENT

The complaint filed by the plaintiff requests damages for emotional distress and other alleged injuries. All of the Interrogatories and Requests for Production of Documents that relate to the plaintiff's claims for damages should be responded to because the defendants cannot adequately analyze whether the plaintiff has actually suffered losses or to what extent he has suffered losses without the requested information.

The requests made by the defendants in their Interrogatories and Request for Production of Documents that relate to the plaintiff's allegations should also be produced because the defendants cannot adequately prepare for trial without knowing what physical evidence and communications the plaintiff will rely on at trial to prove his allegations.

Finally, the information or documentation that was requested in these Interrogatories and Request for Production of Documents that were not objected to must be produced by the plaintiff. Since the Request for Production of Documents was not objected to <u>at all</u>, with the exception of a hand-written objection to the production of plaintiff's tax records, the documents requested must be produced by the plaintiff and any documents already produced must be identified as being responsive to a particular Request for Production. See <u>Turich v. Yamaha Motor Corp.</u>, 121 F.R.D. 32, 36 (S.D.N.Y. 1988).

### A. Standard for Discovery

Federal Rule of Civil Procedure 26 is to be construed liberally to favor broad discovery. See <u>Hickman v. Taylor</u>, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Federal Rules of Civil Procedure 26(b)(1) clearly provides that "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any . . . documents, or other tangible things and the identity and location of any persons having knowledge of any discoverable matter." F.R.C.P. 26(b)(1).

In the matter at hand, the defendants seek to discover information relating to the nature and extent of plaintiff's injuries, as well as the physical evidence,

3

documents, communications, and information the plaintiff will rely on at trial to prove his allegations. The defendants' requests are relevant, they are not burdensome, and they are not overbroad. Moreover, the defendants seek identification of the documents produced, so that they can determine if their Request for Production of Documents has been complied with. Pursuant to F.R.C.P. 34(b), a party who produces documents for inspection "Shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request". The plaintiff has not complied with this rule in producing his documents in response to the defendants' request.

III.  CONCLUSION

Because good cause to produce the requested information and documents has been shown by the defendants, and because the plaintiff has not formally objected to certain requests for discovery, the Defendants Evanko, Campbell, Coury, Westcott and Conley respectfully request that this Honorable Court enter the Order attached to the Defendants' Motion to Compel Answers of Defendants' Interrogatories and Request for Production of Documents compelling the Plaintiff to answer the defendants' requests.

JOANNA N. REYNOLDS
Assistant Counsel
Attorney I.D. #37436
Pennsylvania State Police
1800 Elmerton Avenue
Harrisburg, PA 17110
717-783-5568

SYNDI L. GUIDO
Deputy General Counsel

BARBARA L. CHRISTIE
Chief Counsel
Pennsylvania State Police

Dated: May 6, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL G. OBER,

        Plaintiff

vs.

PAUL EVANKO, MARK CAMPBELL, THOMAS COURY, JOSEPH WESTCOTT, HAWTHORNE CONLEY,

        Defendants

NO. 1: CV-01-0084
(Judge Caldwell)

CIVIL ACTION - LAW

JURY TRIAL DEMANDED

### CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of Memorandum of Law in Support of Defendants' Motion to Compel Answers to Defendants' Interrogatories and Request for Production of Documents was served on plaintiff's counsel, by first-class mail, addressed as follows:

    Don Bailey, Esquire
    4311 North 6th Street
    Harrisburg, PA 17110

    _____
    Joanna N. Reynolds
    Assistant Counsel
    Pennsylvania State Police
    1800 Elmerton Avenue
    Harrisburg, PA 17110

Dated: May 6, 2002