IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRELL G. OBER** | : | NO 1:CV-01-0084 |
| | : | |
| **Plaintiff** | : | |
| | : | CIVIL ACTION LAW |
| **PAUL EVANKO, MARK** | : | |
| **CAMPBELL, THOMAS COURY** | : | |
| **JOSEPH WESTCOTT,** | : | (JUDGE CALDWELL) |
| **HAWTHORNE CONLEY,** | : | |
| **JOANNA REYNOLDS AND** | : | |
| **SYNDI GUIDO,** | : | JURY TRIAL DEMANDED |
| | : | |
| **Defendants** | : | |

### PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

I.)   **Background**

   A.)   **Procedural History**

On or about May 2, 2001 the plaintiff filed an Amended Complaint in this matter. On August 28, 2001, the defendants answered the Amended Complaint following this Courts Order of August 13, 2001 denying in part defendants motion to dismiss. This Court left intact plaintiffs 1st and 4th Amendment claims. On May 6, 2002, following an extended period of discovery, plaintiff filed his motion for summary judgment. This brief is in support of that motion.

1

B.) **Factual History**

Plaintiff incorporates by reference his Concise Statement of Undisputed Material Facts (UMF) and his Exhibits in Support (enumerated) to include the video depositions which shall be filed in this case and the depositions appended hereto as an Addendum to the Exhibits to the Exhibits in Support.

On or about September 29, 1998 Darrell Ober was contacted by the FBI regarding a public corruption complaint into the Pennsylvania State Police "PSP". Complaint ¶'s 23 and 24. Shortly after being contacted by the FBI, Ober went to Lt. Colonel Hickes and revealed what the FBI had told him. This occurred on October 5, 1998.

Ober knew Stanton, the most involved PSP member, was from Troop "B" and that his commander Conley, whose responsibility under PSP regulations requires contact with elected representations, was the incoming BPR director (Ober's immediate supervisor). Ober also knew that Hickes could not have been involved in the public corruption but that the other PSP top leaders potentially could. Ober Dep. pg 79-85. On October 5, 1998 Hickes ordered Ober not to tell anyone. UMF ¶ 107.

On May 13, 1999 after being cleared by the FBI, Hickes and Ober told Evanko about the FBI investigation. Evanko's reaction was so negative and so angry that it frightened Hickes. Hickes Dep pg 107, UMF ¶ 103. Barbara Christi, one of

defendant's attorneys told Hickes he had "acted reasonably". Hickes Dep. pg 107-108. Evanko then assigned two PSP Majors to investigate Ober. Evanko Dep pg 179, UMF paragraph 48 Ober was interrogated and ordered to come to the front office (a unique way to conduct an investigation) where he was read his rights and questioned against his will. Ober Aff. ¶ 5. The investigation into Ober was not in accordance with PSP practices or customs. Ober Aff. ¶ 5. What followed was a series of antipersonnel actions that included further investigations, UMF ¶ 39. Ober Aff ¶ 10. Evanko and the other defendants unlawfully transferred Ober in a disciplinary move that was stopped by a Commonwealth Court Injunction. See Ober Aff. ¶24, 18. See Ober's affidavit, with detailed annotated descriptions in ¶'s 1 through 39, of the numerous acts of retaliation taken against him. He was selectively investigated, affadavit paragraphs 8 & 10. He was removed for no reasons from a prestigious Committee, Affidavit¶ 13 & 14. He was deprived of important job assets and harassed through petty denials of expenses, affidavit ¶'s 15, 16, 17, and 12. His rights of access to the Courts had been interfered with, Affidavit ¶'s 34, 35, and 36. He has had his mental stability questioned in an effort to stigmatized him with his boss. Affidavit ¶'s 38 & 39. He has been denied promotional and training opportunities. Affidavit ¶'s 26, 28, 29, 30 etc. If read as a whole the plaintiffs affidavit presents a detailed litany of inexplicable retaliations. All of these anti-personnel actions occurred within the

last 8-10 months of an 18 year, spotless career.

**II.)   Issues**

1.) Is plaintiff entitled to summary judgment for the deprivation of his 1st Amendment rights?

2.) Is plaintiff entitled to summary judgment for the deprivation of his 4th Amendment rights?

**III.)   Standard of Review**

F.R. Civ.P. 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." If a fact might affect the outcome of the suit under applicable law it is "material" <u>Anderson v. Liberty Lobby</u> Inc., 477 U.S. 242 at 248 (1986), <u>Celotex Corp v. Catrett</u>, 477 U.S. 317 (1986). A "genuine" factual dispute exists only when there is sufficient evidentiary basis which would allow a reasonable fact finder to return a verdict for the non-moving party. <u>White v. Westinghouse Electric Co.</u>, 862 F.2d 56 (ed Cir 1988). Once the moving party has demonstrated a lack of evidence to support the non-movants claims, the non moving party must go beyond the responses in his Answer and designate specific fact to show that there is a genuine issue for trial. <u>Celotex</u>.

1.) **Plaintiffs 1st Amendment Claims**

    A.) **Free Speech**

A public employee claim of retaliation for exercising his right to free speech, involves a 3 prong analysis. *Green v. Philadelphia Housing Authority*, 105 F.3d 882, 885 (3d Cir 1997), *Baldassare v. New Jersey*, 205 F.3f 188 195 (3d Cir 2001). See also *Suppon v. Dadonna*, 203 F.3d 228, 235 (3d Cir 2000). This court has already ruled that Ober was engaged in protected activity citing *Connick v. Myers*, 461 U.S. 138 at 142-43, 103 S.Ct. 1684, 1687-88, 75 L.Ed 2d 708, 717 (1983) and *Baldassare*. *Citing Ballas v. City of Reading*, No. 00-2943, 2001 WL 73737, at 7 (E.D. Pa. Jan 25, 2001) and *Rutan v. Republican Party of Illinois*, 497 U.S. 62, 75, 110 S.Ct. 2729, 2737, 111 L.Ed. 2d 52, 67 (1990). The trial court set forth the following as examples of adverse employment actions; transfers, constructive demotion, denial of overtime, educational opportunities, investigations, personal attacks to injure his career, a denial of promotions, harassment, Not one witness can recollect ever seeing a captain put into a lieutenant's position, even Evanko himself. See UMF ¶ 76, Evanko Dep. pgs 227-228.

Consequently the plaintiffs allegations that he was constructively demoted cannot be denied where Evanko was informed on May 12, 1999 of the FBI probe and

5

reacted so violently. Hickes Dep. pg 107. Further, Westcott, in obvious response to Evanko's rage actually went out and flew a PSP airplane up to Major Williams to tell him of Evanko's assignment. UMF ¶ 103, Hickes Dep. pg 112. In his Affidavit the plaintiff describes a litany of antipersonnel actions that heightened in number after the defendants abortive investigation failed. Ober was taken off the Board Committee on August 24, 1999. The Museum (artifact) investigation was ongoing from May 1999. Ober has constructed a time line, Exhibit "A" to this brief, which if read against his Concise Statement of Undisputed Facts and his Affidavit, shows a steady progression of vindictive actions that stand in stark contrast to Obers pre May 12, 1999 experiences with the PSP. Defendants cannot, with any credibility, dispute the impropriety of the transfer to Washington. Ober Affidavit ¶18. He was selectively and irrationally investigated. Ober Aff. ¶'s 5, 6, 7, 8, 9, and 10. He was denied overtime and emoluments afforded others. Ober Aff. ¶'s 15, 16, 24, 25, and also promotions, ¶'s 26, 27, 28, Denied training opportunities ¶'s 30, etc. The harassment Ober suffered has been pervasive, it has dominated his career since May 12, 1999 and it continues today.

### B.) <u>Right to Petition and Association</u>.

The Court in footnote 3 to its August 13, 2001 Opinion on page 11, notes that plaintiff may also have alleged violations of plaintiffs rights to association and to

petition the government (right of access) and indeed plaintiff does assert these claims. Forcing plaintiff off the Book Committee, a private organization, by calling the non-PSP chairman and removing plaintiff without any notice or inquiry. (See Ober Affidavit ¶ 11) was a clear violation of Ober's rights of association. Evanko retaliation without any authority to do so, but the effort was crippling. Ober had no choice but to comply because the chairman of the Committee was intimidated. In numerous other actions that affected Ober's rights to procure training, enjoy promotions and confer with his colleagues for the betterment of the organization he was denied the chance to participate. Ober Affidavit ¶ 14, and also the impact of the investigation particularly the phony artifacts investigation. Ober affadavit ¶'s 18, and 10. So too with Obers rights to petition the government. The entire case could be read in that context:

> The right of access to the courts is protected by the First Amendment, *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 (1972); *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir 1990) And retaliation for exercising a constitutionally protected rights is, in itself, a violation of constitutional rights; the retaliation need not be physical in nature, or rise to the level of a substantive due process violation. See e.g. *Anderson v. Davila* 125 F.3d 148 (3d Cir 1997) (retaliation consisting of surveillance.) In *Bradley v. Pittsburgh Board of Education*, 910 F.2d 1172 (3d Cir 1990) this Court upheld a claim of retaliation in the form of a ban on plaintiff-teacher's classroom activities, delay of return to work, etc., In that case, Judge Sloviter noted "an action that would otherwise be permissible is unconstitutional if it is taken in retaliation for the exercise of the right of access to the courts". Id at

7

1177. Thus, regardless of whether the alleged harassment was sufficiently serious to trigger substantive due process concerns, it was error to dismiss the retaliation claim on the basis of the pleadings".

See Ober's Affidavit ¶'s 33, 34, 35, and 36. Ober is entitled to summary judgment on a claim for the violation of his rights to petition the government and his right to associate freely. Lastly, Ober is entitled to summary judgment on Coury's retaliation where he attempted to frighten Ober with a psychiatric evaluation a Common PSP tactic.

**WHEREFORE** plaintiff demands summary judgment on his 1st and 4th Amendment claims.

Respectfully Submitted,

_____
Don Bailey PAID# 23786
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500

May 20, 2002



TIMELINE OF EVENTS – PAGE ONE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRELL G. OBER** | ) | CIVIL ACTION LAW |
| | ) | |
| **Plaintiff** | ) | |
| | ) | 1:CV-01-0084 |
| vs. | ) | |
| | ) | (JUDGE CALDWELL) |
| **PAUL EVANKO, MARK** | ) | |
| **CAMPBELL, THOMAS COURY,** | ) | JURY TRIAL DEMANDED |
| **JOSEPH WESTCOTT,** | ) | |
| **HAWTHORNE CONLEY** | ) | |
| **Defendants** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this <sup>20TH DAY OF MAY 2002</sup> true and correct copy of the **PLAINTIFFS MOTION FOR SUMMARY JUDGMENT ALONG WITH EXHIBITS IN SUPPORT** were served upon the following counsel of record by United States Mail, postage prepaid:

**BARBARA CHRISTIE ESQ.**
**JOANNA REYNOLDS, ESQ.**
1800 ELMERTON AVENUE
HARRISBURG, PA 17110

BY: _____
Don Bailey ID# 23786
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500