
Set



**COMMONWEALTH OF PENNSYLVANIA**
**OFFICE OF GENERAL COUNSEL**
333 MARKET STREET, 17TH FLOOR
HARRISBURG, PENNSYLVANIA 17101
(717) 783-6563
FAX: (717) 787-1788

May 23, 2002

T
5-23
RM

Clerk of Courts
U.S. District Court for the
Middle District of PA
Federal Building
Harrisburg, PA  17101

FILED
HARRISBURG, PA

MAY 23 2002

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

      Re:    Ober v. Evanko, et al.
              No. 1:CV-01-0084

Dear Sir or Madam:

      On May 20, 2002, Defendants' Brief in Support of Their Motion for Summary Judgment was filed, along with Appendix A thereto. Unfortunately, there was a typographical error in the last paragraph of page A.7 to Appendix A. The correct date of the Williams and Carr depositions is October 12, 2001, rather than October 12, 2002. Likewise, Mr. Marceca's notary commission became effective October 24, 2001, rather than October 22, 2002.

      Enclosed are an original and two copies of a corrected page A.7. Please use this page to replace page A.7 that was filed with the court on May 20, 2002.

                                              Sincerely,

                                              Syndi L. Guido
                                              Deputy General Counsel

cc:    Don Bailey, Esquire

Additionally, Don Bailey's law office is located at 4311 North Sixth Street in Harrisburg; that property is owned by Adrienne *Bailey*. (A.50-A.52.) Adrienne *Bailey* purchased that property just three days before she filed the Articles for Incorporation for P.R. Video, Inc., in the name of Adrienne *Palarino*. (See A.51 and A.24.)

Given these facts, it seems evident that when they administered oaths to witnesses deposed by the plaintiff, Anthony Marceca, Crystal Lyde, and Albert Rodriguez were actually employed by Adrienne Bailey, who is not only Mr. Bailey's receptionist and secretary but his wife and the mother of his children as well.

Regardless, defendants do not question the propriety of having P.R. Video, Inc., videotape the depositions taken by Mr. Bailey on plaintiff's behalf. *See* LR 30.3 (providing that the videotape operator may be an employee of the attorney taking the deposition). Yet, defendants are still concerned that individuals working for P.R. Video may not have been qualified to swear the deponents. *See* Fed. R. Civ. P. 28(c) (specifically prohibiting administration of the oath by an employee or relative of counsel to any party or by any other person with a financial interest in the matter).[5] In any event, defendants' primary concern is that two of P.R. Video's employees, Anthony Marceca and Albert Rodriguez, apparently administered oaths before they were legally authorized to do so.

Mr. Marceca administered the witness's oath at two depositions taken on October 12, 2001. (See Williams Dep. at 2; Carr Dep. at 2.) However, Mr. Marceca's notary commission did not become effective until October 24, 2001. (See A.54.) Likewise, Mr. Rodriquez

---

[5] *See also Ott v. Stipe Law Firm*, 169 F.R.D. 380 (E.D. Okla. 1996) (depositions rendered inadmissible because plaintiff administered the witnesses' oaths and she had a financial interest in the case); *United States v. City of New York*, 134 F. Supp. 374 (1955) (granting motion to vacate defendants' deposition because it was taken by federal employee and the federal government was the plaintiff); *Gale v. National Transp. Co., Inc.*, 7 F.R.D. 237 (1946) (plaintiff's objection to proposed deposition sustained where the deposition was to be taken before a Notary Public associated with defendant's attorney); *Michels v. Ripley*, 1 F.R. D. 332 (1939) (objection to deposition sustained where Notary Public had become associated with plaintiff's attorney after the notice of deposition was served).