ORIGINAL

FILED
HARRISBURG, PA

MAY 28 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRELL G. OBER,<br>Plaintiff | NO. 1:CV-01-0084<br>(Judge Caldwell) |
| v. | CIVIL ACTION - LAW |
| PAUL EVANKO, MARK CAMPBELL,<br>THOMAS COURY, JOSEPH WESTCOTT,<br>HAWTHORNE CONLEY,<br>Defendants | JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO RESPOND
TO PLAINTIFF'S CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS
AND BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

1. On May 22, 2002, plaintiff's counsel served the defendants with copies of his statement of undisputed material facts, plaintiff's affidavit, and his brief in support of his motion for summary judgment. Plaintiff failed to file an accurate certificate of service. The documents were hand-delivered to Pennsylvania State Police Headquarters on May 22, 2002, and defendants' response thereto must be filed by June 4, 2002.

2. Pursuant to LR 56.1, every motion for summary judgment shall be accompanied by a "short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."

3. The statement plaintiff filed is neither short nor concise. It is 31 pages, consisting of 180 numbered paragraphs, and accompanied by a 24-page affidavit signed by the plaintiff.

4. Pursuant to LR 56.1, the defendants have an obligation to respond to plaintiff's statement, paragraph by paragraph, pointing out those material facts to which there is a genuine issue for trial. Defendants' response must include references to parts of the record that support its response. If plaintiff's statement contains any material facts that defendants do not specifically controvert, those facts will be deemed admitted.

5. The plaintiff's statement is a hodgepodge of disputed and undisputed facts, speculation, personal opinions, and unwarranted conclusions. The same is true of the plaintiff's affidavit. Many of plaintiff's assertions contain no reference to any portion of the record. Further, plaintiff has filed 336 exhibits, most of which have not been authenticated by a supporting affidavit.

6. Plaintiff's statement does not comport with the Rules of Court, and many of his averments are difficult to understand due to plaintiff's convoluted sentence structure and numerous typographical errors. Nevertheless, defendants must dissect this rambling

and unwieldy document to determine which material facts can be agreed upon and which averments are either disputed facts or insupportable speculation and conclusions. This is not an easy task because of plaintiff's verbose style, his failure to consistently cite to the record, and his use of hundreds of exhibits that are not authenticated by supporting affidavits. Additionally, plaintiff's affidavit contains numerous facts and conclusions that he failed to disclose when asked during his deposition or through interrogatories.

7. In order to adequately compare plaintiff's statement of facts to the record and to determine which of plaintiff's 336 exhibits are properly authenticated, defendants seek an additional 10 days to respond to plaintiff's statement of facts and his brief in support of his motion for summary judgment.

WHEREFORE, defendants ask this Court for an additional 10 days to respond to the statement of facts and brief that plaintiff served May 22, 2002.

Respectfully submitted,

James M. Sheehan, General Counsel
Commonwealth of Pennsylvania

By: /s/ Syndi L. Guido
Syndi L. Guido, Deputy General Counsel
Barbara L. Christie, Chief Counsel
Joanna N. Reynolds, Assistant Counsel

Governor's Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA 17101
Dated: May 28, 2002         (717) 783-6563

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL G. OBER,
        Plaintiff

v.

PAUL EVANKO, MARK CAMPBELL, THOMAS COURY, JOSEPH WESTCOTT, HAWTHORNE CONLEY,
        Defendants

NO. 1: CV-01-0084
(Judge Caldwell)

CIVIL ACTION - LAW

JURY TRIAL DEMANDED

## CERTIFICATE OF NONCONCURRENCE

Counsel for the defendants certify that they sought the concurrence of plaintiff's counsel, Don Bailey, in defendants' motion to extend the time for responding to plaintiff's brief in support of his motion for summary judgment and his statement of facts. Mr. Bailey does not concur in that motion.

_____
Syndi L. Guido, Deputy General Counsel
Barbara L. Christie, Chief Counsel
Joanna N. Reynolds, Assistant Counsel
Governor's Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA 17101
(717) 783-6563

Dated: May 28, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL G. OBER,
    Plaintiff

    v.

PAUL EVANKO, MARK CAMPBELL,
THOMAS COURY, JOSEPH WESTCOTT,
HAWTHORNE CONLEY,
    Defendants

NO. 1:CV-01-0084
(Judge Caldwell)

CIVIL ACTION - LAW

JURY TRIAL DEMANDED

### CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT was served on plaintiff's counsel, by first-class mail, addressed as follows:

Don Bailey, Esquire
4311 North 6th Street
Harrisburg, PA 17110

Syndi L. Guido, Deputy General Counsel
Governor's Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA 17101
(717) 787-9356

Dated: May 28, 2002