



COMMONWEALTH OF PENNSYLVANIA
OFFICE OF GENERAL COUNSEL
333 MARKET STREET, 17TH FLOOR
HARRISBURG, PENNSYLVANIA 17101
(717) 783-6563
FAX: (717) 787-1788

June 20, 2002

Clerk of Court
United States District Court
Middle District of Pennsylvania
Federal Building
228 Walnut Street, Room 1060
Harrisburg, PA  17108

FILED
HARRISBURG, PA
JUN 2 0 2002
MARY E. D'ANDREA, CLERK
Per _____

Re:  Ober v. Evanko, et al.
     No. 1:CV-01-0084

Dear Sir or Madam:

On May 20, 2002, defendants filed a brief in support of their motion for summary judgment. Plaintiff's response indicated he was confused by typographical errors in the that brief. Accordingly, defendants are supplying plaintiff and the Court with two corrected pages. Page one has been corrected to clarify that the procedural history, statement of the questions, and statement of the facts are all contained in the first paragraph. Page two has been corrected to change the subheading erroneously labeled "B to the correct label, "II."

Enclosed are an original and two copies of corrected pages two and five. Please substitute these pages for those in the brief filed on May 20, 2002. Thank you for your assistance.

Sincerely,

Syndi L. Guido
Deputy General Counsel

Enclosures

cc:   Don Bailey, Esquire

Ober circumvented his chain of command; he gave Lieutenant Colonel Hickes misleading information, falsely portraying top management of the State Police as targets of a criminal investigation. Because of that misrepresentation, Lieutenant Colonel Hickes swore Ober to secrecy but then told members of the Governor's Office that members of the State Police command staff might be implicated in a job-selling scheme. These baseless rumors obviously caused the Commissioner and his Deputies unwarranted embarrassment. Clearly, the government's interest in proper management of the State Police outweigh any personal reasons Ober may have had for going outside his chain of command and misrepresenting the facts to Lieutenant Colonel Hickes.

## II. EVEN IF OBER ENGAGED IN PROTECTED ACTIVITY, IT WAS NOT A SUBSTANTIAL OR MOTIVATING FACTOR FOR ANY ACTION HE CONSIDERS RETALIATORY.

Here, Ober claims the defendants retaliated against him through a series of adverse employment actions, in which he was subjected to investigations and personal attacks, inappropriately transferred, constructively demoted, refused promotions, and denied overtime and educational opportunities. According to Ober, he was also harassed, shunned, and ostracized at the defendants' behest. Yet, Ober has not produced any evidence to support any of his allegations.

As the Third Circuit has recognized, "not everything that makes an employee unhappy" should be actionable. *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300 (3d Cir. 1997) "Otherwise, minor and even trivial employment actions that an irritable, chip-on-the shoulder employee did not like would form the basis of a discrimination suit." *Id.*, quoting *Smart v. Ball State University*, 89 F.3d 437, 441 (7th Cir. 1996)). Instead, the complained-of conduct "must be serious enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Robinson*, 120 F.3d at 1300.

5

Ober circumvented his chain of command; he gave Lieutenant Colonel Hickes misleading information, falsely portraying top management of the State Police as targets of a criminal investigation. Because of that misrepresentation, Lieutenant Colonel Hickes swore Ober to secrecy but then told members of the Governor's Office that members of the State Police command staff might be implicated in a job-selling scheme. These baseless rumors obviously caused the Commissioner and his Deputies unwarranted embarrassment. Clearly, the government's interest in proper management of the State Police outweigh any personal reasons Ober may have had for going outside his chain of command and misrepresenting the facts to Lieutenant Colonel Hickes.

## II. EVEN IF OBER ENGAGED IN PROTECTED ACTIVITY, IT WAS NOT A SUBSTANTIAL OR MOTIVATING FACTOR FOR ANY ACTION HE CONSIDERS RETALIATORY.

Here, Ober claims the defendants retaliated against him through a series of adverse employment actions, in which he was subjected to investigations and personal attacks, inappropriately transferred, constructively demoted, refused promotions, and denied overtime and educational opportunities. According to Ober, he was also harassed, shunned, and ostracized at the defendants' behest. Yet, Ober has not produced any evidence to support any of his allegations.

As the Third Circuit has recognized, "not everything that makes an employee unhappy" should be actionable. *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300 (3d Cir. 1997) "Otherwise, minor and even trivial employment actions that an irritable, chip-on-the shoulder employee did not like would form the basis of a discrimination suit." *Id.*, quoting *Smart v. Ball State University*, 89 F.3d 437, 441 (7th Cir. 1996)). Instead, the complained-of conduct "must be serious enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Robinson*, 120 F.3d at 1300.

5

Ober circumvented his chain of command; he gave Lieutenant Colonel Hickes misleading information, falsely portraying top management of the State Police as targets of a criminal investigation. Because of that misrepresentation, Lieutenant Colonel Hickes swore Ober to secrecy but then told members of the Governor's Office that members of the State Police command staff might be implicated in a job-selling scheme. These baseless rumors obviously caused the Commissioner and his Deputies unwarranted embarrassment. Clearly, the government's interest in proper management of the State Police outweigh any personal reasons Ober may have had for going outside his chain of command and misrepresenting the facts to Lieutenant Colonel Hickes.

## II. EVEN IF OBER ENGAGED IN PROTECTED ACTIVITY, IT WAS NOT A SUBSTANTIAL OR MOTIVATING FACTOR FOR ANY ACTION HE CONSIDERS RETALIATORY.

Here, Ober claims the defendants retaliated against him through a series of adverse employment actions, in which he was subjected to investigations and personal attacks, inappropriately transferred, constructively demoted, refused promotions, and denied overtime and educational opportunities. According to Ober, he was also harassed, shunned, and ostracized at the defendants' behest. Yet, Ober has not produced any evidence to support any of his allegations.

As the Third Circuit has recognized, "not everything that makes an employee unhappy" should be actionable. *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300 (3d Cir. 1997) "Otherwise, minor and even trivial employment actions that an irritable, chip-on-the shoulder employee did not like would form the basis of a discrimination suit." *Id.*, quoting *Smart v. Ball State University*, 89 F.3d 437, 441 (7th Cir. 1996)). Instead, the complained-of conduct "must be serious enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Robinson*, 120 F.3d at 1300.

5