


FILED
HARRISBURG, PA

JUN 2 5 2002

MARY E. D'ANDREA, CLERK
Per _____
              Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER, | : | |
|     Plaintiff | : | NO. 1: CV-01-0084 |
| | : | (Judge Caldwell) |
| vs. | : | |
| | : | CIVIL ACTION - LAW |
| PAUL EVANKO, MARK CAMPBELL, | : | |
| THOMAS COURY, JOSEPH WESTCOTT, | : | JURY TRIAL DEMANDED |
| HAWTHORNE CONLEY, | : | |
|     Defendants | : | |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

On May 6, 2002, defendants filed a motion for summary judgment and concise statement of the material facts about which there is no genuine issue for trial. On May 20, 2002, defendants filed a brief in support of their motion.

On June 11, 2002, plaintiff filed a brief in opposition to defendants' motion as well a "Counter Statement of Material Facts in Opposition to Defendants Motion for Summary Judgement [sic] And Ober Affadavit [sic] II" (hereinafter "Ober's counter-statement"). In Ober's counter-statement, he specifically incorporated all documents filed in support of his own motion for summary judgment, including his "Undisputed

Statement of Material Facts," his supporting affidavit, exhibits and addendum to exhibits. Defendants have moved to strike Ober's purported affidavits and all other documents submitted in opposition to their motion for summary judgment.

In Ober's brief opposing defendants' motion for summary judgment, he has again incorporated the "Statement of Undisputed Material Facts" that he filed in support of his own motion for summary judgment. (Ober's Brief in Opposition at 4.) Accordingly, defendants incorporate the response they filed June 12, 2002, to that factual statement.

In his brief, Ober has objected to Appendix A to defendants' brief in support of their motion for summary judgment and has responded to it in Appendix X of his opposing brief. (Ober's Brief in Opposition at 6-7, Appendix X.) From Appendix X, it appears Ober believes defendants claim not to have known Don Bailey was married to Adrienne Bailey. (Ober's Appendix X at 2.) That is not the case. Defendants believed Don and Adrienne Bailey were married; however, defendants did not know that there was any connection between the Baileys and P.R. Video. Thus, defendants had no reason to suspect that the employees of P.R. Video who administered the witnesses' oaths were actually employed by Mr. Bailey's wife, who also serves as his secretary. Defendants spent substantial amounts of money purchasing transcripts they believed had been prepared by an independent company, rather than the Baileys.

Exhibit X questions why defendants brought out information about Mrs. Bailey's driving record, tax liens, etcetera. (Ober's Exhibit X at 8-9.) When defendants learned

2

that P.R. Video was owned by Adrienne Palarino, a/k/a Adrienne Bailey, defendants thought they may have been mistaken about the fact she was married to Mr. Bailey. Defendants were not able to locate a marriage license for the Baileys. Consequently, defendants advised the Court what they had learned about Mrs. Bailey's driver's license record, the Bailey's property ownership, and the joint federal tax lien against them to establish that the Baileys hold themselves out as man and wife and file joint tax returns. If there was no effort to conceal the Baileys' ownership of P.R. Video, why did Adrienne Bailey file the articles of incorporation using the surname Palarino, rather than Bailey – the name on her own notary commission, her driver's license, and her real property?

Regardless of who owns P.R. Video, defendants certainly did not knowingly acquiesce in having Mr. Marceca and Mr. Rodriquez administer the oath to witnesses before being legally authorized to do so. (Reynolds Dep. at ¶ 2; Guido Dep. at ¶¶ 2-3.) There is simply no truth to the assertion that Mr. Bailey openly revealed this fact to defense counsel before the depositions were taken. (*See* Ober's Exhibit X at 4.) According to Exhibit X, Mr. Ober, Mr. Marceca, and Mrs. Bailey were present when Mr. Bailey gave that information to Ms. Reynolds, who supposedly voiced no concern. (Ober's Exhibit X at 4.) These representations cannot possibly be true.

The Governor's former Chief of Staff, Mark Campbell, was the first person deposed in the case. That deposition took place on October 10, 2001, at the State Capitol building in Harrisburg, Pennsylvania. Mr. Marceca videotaped the deposition, but the

3

oath was administered by a court reporter from Sargeant's Court Reporting Service. There was no discussion with Mr. Bailey about Mr. Marceca's status as a Notary Public, and Adrienne Bailey was not even present. (Guido Aff. at ¶ 4.)

Mr. Marceca administered the oath at the plaintiff's next two depositions, which were taken on October 12, 2001, at Mr. Bailey's law office. The witnesses were Trooper Thomas Carr and retired Major Thomas Williams. (Guido Aff. at ¶ 5.) Mr. Bailey could not have told Ms. Reynolds that Mr. Marceca was not yet a notary because Ms. Reynolds was not present at either deposition. (Reynolds Aff. at ¶ 3; Guido Aff. at ¶ 5; Carr Aff. at ¶ 8.) Mr. Bailey did not tell Ms. Guido, who was present at the deposition, that Mr. Marceca was still in the process of obtaining his notary commission. (Guido Aff. at ¶¶ 6, 8; Carr Aff. at ¶ 7.) In May 2002, defense counsel first learned that Mr. Marceca did not become a commissioned Notary Public until October 24, 2001. (Reynolds Aff. at ¶¶ 2, 3; Guido Aff. at 9.)

Mr. Rodriquez administered the oath to witnesses William McAreavy, Mary Bungo, and Lieutenant Colonel Coury prior to obtaining his commission. (Reynolds Aff. at ¶¶ 4-6.) William McAreavy and Mary Bungo were deposed on April 10, 2002, at the State Police Technology Center. (Reynolds Aff. at ¶ 4.) The second day of Lieutenant Colonel Coury's deposition took place at the State Police Technology Center on April 15, 2002. (Reynolds Aff. at ¶ 5; Coury Dep. at 2.) Mr. Marceca and Mrs. Bailey, who supposedly overheard Mr. Bailey's disclosure to Ms. Reynolds, were not present at the

4

Technology Center on April 10, 2002, or April 15, 2002. (Reynolds Aff. at ¶¶ 4, 5.) In May 2002, defense counsel first learned that Mr. Rodriguez's notary commission did not take effect until May 10, 2002. (Reynolds Aff. at ¶ 6; Guido Aff. at ¶ 12.)

Further, Mr. Bailey chose to conduct 22 depositions. Based on Plaintiff's Exhibit 293, which was filed with the Court in support of Ober's motion for summary judgment, it appears P.R. Video charged Ober thousands of dollars for written (not stenographic) transcripts of those videotaped depositions. (Plaintiff's Exhibit 293 at page 4.) Thus, Mr. Bailey was deciding how many depositions to conduct at the same time he was financially benefiting from each deposition recorded by P.R. Video. Defendants do not know if Ober was previously aware of this fact; however, they felt it should be called to the Court's attention and did so in Appendix A.

With respect to the aspersions cast in Exhibit X against Barbara Christie, Chief Counsel to the State Police, Mr. Bailey either knows or should know that these allegations are false and defamatory. By incorporating such otherwise actionable statements in a legal pleading, he has insulated himself from civil liability, which would otherwise surely result. This is reprehensible conduct. Ms. Christie's prosecution of past criminal cases has no relevance to any issue presently before the Court. Mr. Bailey's comments regarding Ms. Christie are nothing more than unseemly recriminations calculated to obscure his own unprofessional conduct. Therefore, the Court should strike

all of these references. Moreover, unless Mr. Bailey stops engaging in this type of continuing misconduct and unethical behavior, sanctions would be in order.

Finally, Exhibit X contends that defense counsel "will lash out at Mr. Bailey because they hear he is not too well like by the Middle District Courts." (Ober's Exhibit X at 9.) Exhibit X goes on to state, "Rumor has it that a few of the Middle District Judges got together and decided to cooperate (quite improperly incidentally) on getting Mr. Bailey for his practice of civil rights law i.e. that they were 'out to get him'. These rumors do have a basis in fact, but Mr. Bailey knows where and from who this misconduct emanates. Defendants' attorneys on the other hand do not." (Ober's Exhibit X at 9.)

Defense counsel agree that they do not know who started such rumors. In fact, defense counsel do not even know if such rumors exist. Before reading Exhibit X, defense counsel knew nothing of rumors concerning Mr. Bailey and the Middle District judges.

In conclusion, the record supports the defendants' concise statement of material facts; it does not support the contentions in Ober's counter-statement. Ober has also incorporated the factual statement he submitted in support of his own motion for summary judgment; as painstakingly demonstrated in defendants' response, Ober's

factual statement is not supported by the record. Consequently, defendants respectfully asks this Court to issue an order granting their motion for summary judgment.

Respectfully submitted,

By: /s/ Syndi L. Guido
Syndi L. Guido, Deputy General Counsel
Barbara L. Christie, Chief Counsel
Joanna N. Reynolds, Assistant Counsel
Governor's Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA 17101
(717) 787-9356
(Counsel for Defendants)

Dated: June 25, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRELL G. OBER,<br>　　　　　Plaintiff<br><br>vs.<br><br>PAUL EVANKO, MARK CAMPBELL,<br>THOMAS COURY, JOSEPH WESTCOTT,<br>HAWTHORNE CONLEY,<br>　　　　　Defendants | NO. 1:CV-01-0084<br>(Judge Caldwell)<br><br>CIVIL ACTION - LAW<br><br>JURY TRIAL DEMANDED |

### CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of Defendants' Reply Brief in Support of Their Motion for Summary Judgment was served on plaintiff's counsel, by first-class mail, addressed as follows:

　　　　Don Bailey, Esquire
　　　　4311 North 6th Street
　　　　Harrisburg, PA 17110

　　　　　　　　　　　　_/s/ Syndi L. Guido_
　　　　　　　　　　　　Syndi L. Guido, Deputy General Counsel
　　　　　　　　　　　　Governor's Office of General Counsel
　　　　　　　　　　　　333 Market Street, 17th Floor
　　　　　　　　　　　　Harrisburg, PA  17101
Dated: June 25, 2002　　(717) 787-9356