



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER, | : | |
| Plaintiff | : | NO. 1: CV-01-0084 |
| | : | (Judge Caldwell) |
| vs. | : | |
| | : | CIVIL ACTION - LAW |
| PAUL EVANKO, MARK CAMPBELL, | : | |
| THOMAS COURY, JOSEPH WESTCOTT, | : | JURY TRIAL DEMANDED |
| HAWTHORNE CONLEY, | : | |
| Defendants | : | |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S PURPORTED AFFIDAVITS AND OTHER DOCUMENTS SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

1.  On May 6, 2002, defendants filed a motion for summary judgment and concise statement of the material facts about which there is no genuine issue for trial. On May 20, 2002, defendants filed a brief in support of their motion.

2.  On June 11, 2002, plaintiff filed a brief in opposition to defendants' motion as well as a "Counter Statement of Material Facts in Opposition to Defendants Motion for

Summary Judgement [sic] And Ober Affadavit [sic] II" (hereinafter "Ober's Counter-Statement").

3. In Ober's Counter-Statement, he specifically incorporated all documents filed in support of his own motion for summary judgment, including his "Undisputed Statement of Material Facts," his supporting affidavit, exhibits, and addendum to exhibits. However, Ober's addendum to his exhibits, which consists of depositions, is the only one of these items that is properly part of the record for purposes of defendants' motion for summary judgment.

4. The affidavit Ober submitted in support of his motion for summary judgment is undated, the notary has not attested to the fact that it was sworn and subscribed before her, and the document contains no declaration that it is made subject to the penalties for perjury. Accordingly, Ober's affidavit should be stricken from the record for purposes of defendants' motion for summary judgment.

5. The exhibits that Ober submitted in support of his motion for summary judgment should be stricken from the record for purposes of defendants' motion for summary judgment because they have not been properly authenticated by a sworn, properly dated affidavit.

2

6. Regardless of the validity of Ober's affidavit, the following exhibits should be stricken because they are not even mentioned in the affidavit: P1, P3, P18-P21, P23-P24, P31, P39-P43, P45-P46, P48-P49, P58-P59, P62, P64-P65, P67, P79-P84, P86-P94, P96-P104, P106-P123, P125-P126, P133, P135, P148-P155, P157, P160, P162-P165, P167, P169-P173, P175-P176, P179-P188, P194, P236-P243, P253, P263-P265, P267-P270, P273-P276, P278-P279, P283, P285, P287-P292, P294-P298, P303-P308, P310-P313, P316-P317, P319, P321, P323, P325, P327-P334, P336.

7. Appended to Ober's Counter-Statement is a document labeled "Ober Affidavit II." However, that document is not a valid affidavit because it is not sworn, not signed, and not dated. Ober's second "affidavit" refers to Exhibits A and B. Although they are not marked, it appears Exhibit A is supposed to be the handwritten note dated 05/03 that follows Ober's "affidavit"; it appears Exhibit B is supposed to be the typewritten memorandum, dated May 1, 1998, which follows the handwritten note. These documents should also be stricken from the record because they are not authenticated by a valid affidavit.

8. Several other documents are appended to Ober's Counter-Statement, directly behind the certificate of service signed by plaintiff's counsel, Don Bailey. The first document is titled "Rebuttle [sic] to Defendants' Brief In Support of Their Motion

for Summary Judgment." It appears to be a typewritten letter from plaintiff to his attorney. This document is not signed, sworn, or dated, nor is it authenticated by a valid affidavit. Accordingly, it should be stricken from the record.

9. The next document appended to Ober's Counter-Statement is another typewritten letter from plaintiff to his attorney. A handwritten notation, "Review of Opposition Affidavits," appears at the top of the document. The letter is signed by the plaintiff next to the handwritten notation, "I swear the aforementioned is correct to the best of my knowledge, information, and belief. I intend to be legally bound hereby subject to the provisions of perjury for making false statements to authorities." However, the document must be stricken from the record because it is undated and, therefore, does not meet the requirements of 28 U.S.C. § 1746.

10. Appended to Ober's Counter-Statement are several pages that appear to have been extracted from Ober's deposition. Ober's deposition, conducted on December 5 and 7, 2001, is already part of the record.

11. Appended to Ober's Counter-Statement are documents labeled "A," "B," "C," and "D." "A" consists of two pages of a list of State Police contact numbers: page DH-6 bears the handwritten notation "A," and page DH-7 bears the handwritten notation "B." "C" is a "Ceremonial Unit Roster." "D" is a memorandum dated September 14,

2001 from Lieutenant Colonel Conley. Finally, a document titled "Newly Appointed Physical Fitness Coordinators" is also appended to Ober's Counter-Statement. All of these documents should be stricken from the record because they are not authenticated by a valid affidavit.

WHEREFORE, defendants respectfully ask that all of the documents submitted by the plaintiff, including his purported affidavits, be stricken from the record for purposes of ruling on defendants' motion for summary judgment.

Respectfully submitted,

JAMES M. SHEEHAN
General Counsel

By: _____
Syndi L. Guido, Deputy General Counsel
Barbara L. Christie, Chief Counsel
Joanna N. Reynolds, Assistant Counsel
Governor's Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA 17101
(717) 787-9356

Dated: June 25, 2002            (Counsel for Defendants)

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER, | : | |
| Plaintiff | : | NO. 1: CV-01-0084 |
| | : | (Judge Caldwell) |
| vs. | : | |
| | : | CIVIL ACTION - LAW |
| PAUL EVANKO, MARK CAMPBELL, THOMAS COURY, | : | JURY TRIAL DEMANDED |
| JOSEPH WESTCOTT, | : | |
| HAWTHORNE CONLEY, | : | |
| Defendants | : | |

## CERTIFICATE OF NONCONCURRENCE

Counsel for the defendants certify that they sought the concurrence of plaintiff's counsel, Don Bailey, in Defendants' Motion To Strike Plaintiff's Purported Affidavits and Other Documents Submitted in Opposition to Defendants' Motion for Summary Judgment. Mr. Bailey does not concur in defendants' motion.

Syndi L. Guido, Deputy General Counsel
Barbara Christie, Chief Counsel
Joanna N. Reynolds, Assistant Counsel

Governor's Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA 17101
(717) 783-6563

Dated: June 25, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRELL G. OBER, <br>     Plaintiff <br><br> vs. <br><br> PAUL EVANKO, MARK CAMPBELL, <br> THOMAS COURY, JOSEPH WESTCOTT, <br> HAWTHORNE CONLEY, <br>     Defendants | NO. 1:CV-01-0084 <br> (Judge Caldwell) <br><br> CIVIL ACTION - LAW <br><br> JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of Defendants' Motion to Strike Plaintiff's Purported Affidavits and Other Documents Submitted in Opposition to Defendants' Motion for Summary Judgment and supporting brief were served on plaintiff's counsel, by first-class mail, addressed as follows:

    Don Bailey, Esquire
    4311 North 6th Street
    Harrisburg, PA 17110

    _____
    Syndi L. Guido, Deputy General Counsel
    Governor's Office of General Counsel
    333 Market Street, 17th Floor
    Harrisburg, PA 17101
Dated: June 25, 2002    (717) 787-9356