


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER, | : | |
| Plaintiff | : | NO. 1: CV-01-0084 |
| | : | (Judge Caldwell) |
| vs. | : | |
| | : | CIVIL ACTION - LAW |
| PAUL EVANKO, MARK CAMPBELL, | : | |
| THOMAS COURY, JOSEPH WESTCOTT, | : | JURY TRIAL DEMANDED |
| HAWTHORNE CONLEY, | : | |
| Defendants | : | |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION
TO STRIKE PLAINTIFF'S PURPORTED AFFIDAVITS AND
OTHER DOCUMENTS SUBMITTED IN OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I. **Procedural History and Statement of the Facts**

On May 6, 2002, defendants filed a motion for summary judgment and concise statement of the material facts about which there is no genuine issue for trial. On May 20, 2002, defendants filed a brief in support of their motion. On June 11, 2002, plaintiff filed a brief in opposition to defendants' motion as well as a Counter Statement of Material Facts in Opposition to Defendants Motion for Summary Judgement [sic] and Ober Affadavit [sic] II" (hereinafter "Ober's Counter-Statement").

In Ober's Counter-Statement, he specifically incorporated all documents filed in support of his own motion for summary judgment, including his "Undisputed Statement of Material Facts," his supporting affidavit, exhibits, and addendum to exhibits. The affidavit Ober submitted in support of his motion for summary judgment is undated, the notary has not attested to the fact that it was sworn and subscribed before her, and the document contains no declaration that it is made subject to the penalties for perjury. None of Ober's exhibits have been properly authenticated by a sworn, properly dated affidavit.

Appended to Ober's Counter-Statement is a document labeled "Ober Affidavit II." However, that document is not a valid affidavit because it is not sworn, not signed, and not dated. Ober's second "affidavit" refers to Exhibits A and B. Although they are not marked, it appears Exhibit A is supposed to be the handwritten note dated 05/03 that follows Ober's "affidavit"; it appears Exhibit B is supposed to be the typewritten memorandum, dated May 1, 1998, which follows the handwritten note. None of these documents are authenticated by a valid affidavit.

Several other documents are appended to Ober's Counter-Statement, directly behind the certificate of service signed by plaintiff's counsel, Don Bailey. The first document is titled "Rebuttle [sic] to Defendants' Brief In Support of Their Motion for Summary Judgment." It appears to be a typewritten letter from plaintiff to his attorney. This document is not signed, sworn, or dated, nor is it authenticated by a valid affidavit.

The next document appended to Ober's Counter-Statement is another typewritten letter from plaintiff to his attorney. A handwritten notation, "Review of Opposition Affidavits," appears at the top of the document. The letter is signed by the plaintiff next to the handwritten notation, "I swear the aforementioned is correct to the best of my knowledge, information, and belief. I intend to be legally bound hereby subject to the provisions of perjury for making false statements to authorities." However, the document is undated.

Also appended to Ober's Counter-Statement are documents labeled "A," "B," "C," and "D." "A" consists of two pages of a list of State Police contact numbers: page DH-6 bears the handwritten notation "A," and page DH-7 bears the handwritten notation "B." "C" is a "Ceremonial Unit Roster." "D" is a memorandum dated September 14, 2001 from Lieutenant Colonel Conley. Finally, a document titled "Newly Appointed Physical Fitness Coordinators" is also appended to Ober's Counter-Statement. None of these documents have been authenticated by a valid affidavit.

## II.    Question Presented

Should all of the documents submitted by the plaintiff, including his purported affidavits, be stricken from the record for purposes of defendants' motion for summary judgment?

III. **All of the documents submitted by plaintiff, including his purported affidavits, should be stricken from the record for purposes of defendants' motion for summary judgment.**

In opposing defendants' motion for summary judgment, plaintiff has provided the Court with two purported affidavits and a voluminous amount of other documents. For purposes of defendants' motion, all of these documents should be stricken from the record because they do not comply with the requirements of Fed. R. Civ. P. 56.

The "purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one *sworn* averment of that fact before the lengthy process of litigation continues." *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990) (emphasis added). For that reason, when a motion for summary judgment is made and supported as provided for in Rule 56, "the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

According to Rule 56(c), the following may be considered in support of or opposition to the motion for summary judgment: "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any...." Fed. R. Civ. P. 56(c). The only other documents that may be considered are "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit," and those documents must be attached to or served with the affidavit. Fed. R. Civ. P. 56(e). None of the documents plaintiff has submitted in opposition to defendants' motion for summary judgment should

4

be considered because they are not "authenticated by and attached to an affidavit that meets the requirements of 56(e)." 10A Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 2722 (1998).

In fact, Ober has not submitted a single valid affidavit. Ober's first affidavit was submitted in support of his own motion for summary judgment and then incorporated by reference in his opposition to defendants' summary judgment motion. However, that affidavit is defective because the notary public has not certified that it was sworn and subscribed before her and has not dated it.

On the top right-hand corner of the first page of Ober's affidavit appears the signature and notarial seal of Adrienne L. Bailey, a Pennsylvania notary. However, Pennsylvania law requires the notary to attach a certification "which shows the date of the notarial act, and which states in substance that the person appearing before the officer acknowledges the instrument as his act, or made or signed the instrument or document under oath...." 57 P.S. § 54d. Because Ober's affidavit does not contain the required certification, it is not a valid affidavit. *Walentynowicz v. Walentynowicz*, 89 Pa. Super. 182 (1925) (lack of jurat was fatal defect to affidavit); *In re Fifth Ward of City of Bethlehem*, 64 Pa. D. & C. 435 (1948) (lack of petition with affidavit and jurat was fatal error). There is no evidence Ober's "affidavit" was a sworn statement, and it should be excluded from consideration. *See Small v. Lehman,* 98 F.3d 762, 765 n.5 (3d Cir. 1996) (unsworn statements do not meet the requirements of Rule 56(e)).

5

There is a statutory exception for unsworn declarations in 28 U.S.C. § 1746; however, Ober's first affidavit does not even meet the criteria for that exception because it is undated and does not contain a written statement that it was made subject to the penalties for perjury. *See* 28 U.S.C. § 1746; *Bonds v. Cox,* 20 F.3d 697, 702 (6th Cir. 1994) (although plaintiff's affidavit was subscribed under of penalty of perjury, it had to be excluded from consideration because it was undated and, therefore, did not meet the explicit language of the statute). Nor does Ober's statement qualify as an affidavit under Pennsylvania law because it does not include a statement that it is made subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities). *See* 42 Pa.C.S. § 102.

Likewise, "Ober Affidavit II" must be excluded. That document is not sworn, signed, or dated. It does not even purport to be subscribed to under penalty of perjury. Therefore, it does not meet any of the criteria contained in 28 U.S.C. § 1746 for unsworn declarations. Further, Ober's second "affidavit" refers to Exhibits A and B. Although they are not marked, it appears Exhibit A is supposed to be the handwritten note dated 05/03 that follows Ober's "affidavit"; it appears Exhibit B is supposed to be the typewritten memorandum, dated May 1, 1998, which follows the handwritten note. These documents are not authenticated by a valid affidavit and should be stricken from the record.

There is a third document that could arguably be considered an unsworn declaration under penalty of perjury. Attached to Ober's Counter-Statement is a typewritten letter from plaintiff to his attorney, which bears the handwritten notation, "Review of Opposition Affidavits," at the top of the document. The letter is signed by the plaintiff next to the handwritten notation, "I swear the aforementioned is correct to the best of my knowledge, information, and belief. I intend to be legally bound hereby subject to the provisions of perjury for making false statements to authorities." However, the document is undated. Therefore, it does not meet the criteria of 28 U.S.C. § 1746 and must be excluded. *See Bonds v. Cox,* 20 F.3d 697, 702 (6th Cir. 1994) (excluding plaintiff's affidavit because it was undated). The other letter Ober has submitted, entitled "Rebuttle [sic] to Defendants' Brief in Support of Their Motion for Summary Judgement [sic]" is not dated, signed, nor sworn and it is not authenticated by a sworn affidavit.

Even if the Court finds one or more of Ober's statements sufficient to constitute a valid affidavit, those affidavits do not meet the requirements of Rule 56. All affidavits must "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). Most of Ober's "affidavits" consist of inadmissible opinions and matters of which he has no personal knowledge.

For example, in his first affidavit, Ober repeatedly claims to know what the defendants and others were thinking or feeling. (Ober Aff. at ¶¶ 2, 3, 5, 6, 7, 8, 10, 11,

12, 14, 16, 17, 18, 21, 23, 24, 26, 27, 29, 30, 35, 38, 39.) Without any factual support, plaintiff accuses defendants and their attorneys of improper, illegal, and fraudulent conduct. (Ober Aff. at ¶¶ 2, 3, 5, 6, 10, 12, 13, 18, 19, 20, 22, 30, 32, 34, 35, 36, 37, 39.) Ober's affidavit is riddled with hyperbole, rhetorical questions, pompous and self-righteous views of his abilities and the propriety of his actions, personal opinions about what other people should think or do, and his own conclusions regarding the propriety of the defendants' actions. (Ober Aff. at ¶¶ 4, 5, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 22, 23, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, 39.) Large portions of Ober's affidavit merely reiterate his recollection of deposition testimony and why Ober does not believe that testimony to be true. (Ober Aff. at ¶¶ 5, 10, 13, 18, 19, 20, 21, 22, 24, 39.) None of this information can properly be considered by the Court. *See Carey v. Bean*, 500 F. Supp. 580, 583 (1980 E.D. Pa) (in granting summary judgment for defendants, the court struck plaintiff's affidavit because it contained conclusory allegations, conclusions of law and speculations as to defendants' thoughts and motivations without factual support).

Similarly, Ober's undated letter to his attorney, which contains a declaration that it was signed subject to the penalties of perjury, is nothing more than his unsupported personal opinions about the credibility of various witnesses and the impact of their testimony on his case. *See, e.g., Ness v. Marshall,* 660 F.2d 517, 518 (3d Cir. 1981) (party resisiting motion for summary judgment cannot rely upon bare assertions, conclusory allegations or suspicions). Interestingly, in attacking the character and

8

veracity of Captain John "Rick" Brown, Ober writes, "Brown says I have accused him of shunning or harassing me; where and when did we make this accusation? Not to my knowledge, no cite is provided an [sic] I think this is another false statement." (Review of Opposition Affidavits and 1, Bullet Point 3.) Ober should read the transcript of his own deposition. When Ober was asked to name anyone who had shunned, humiliated, and ostracized him as alleged in his complaint, Ober replied, "Well, off the top of my head, I would start with Captain Brown and Ms. Reynolds." (Ober Dep., 12/07/2001, at 146-147.)

Finally, all of Ober's exhibits, except the depositions, must be stricken because they are not properly authenticated. Although Ober submitted 336 exhibits with his motion for summary judgment, he only submitted a single affidavit to authenticate them. For the reasons set forth above, Ober's affidavit in support of his summary judgment motion is defective; accordingly, the exhibits it purports to authenticate should also be stricken for purposes of ruling on defendants' motion for summary judgment.

Setting aside the defects in Ober's affidavit, it still purports to authenticate only half of Ober's exhibits. Ober's affidavit does not mention the exhibits marked as P1, P3, P18-P21, P23-P24, P31, P39-P43, P45-P46, P48-P49, P58-P59, P62, P64-P65, P67, P79-P84, P86-P94, P96-P104, P106-P123, P125-P126, P133, P135, P148-P155, P157, P160, P162-P165, P167, P169-P173, P175-P176, P179-P188, P194, P236-P243, P253, P263-P265, P267-P270, P273-P276, P278-P279, P283, P285, P287-P292, P294-P298, P303-

P308, P310-P313, P316-P317, P319, P321, P323, P325, P327-P334, P336. All of those exhibits must be stricken because they are not authenticated by a supporting affidavit.

Ober's affidavit does identify the exhibits marked P2, P4-P17, P22, P25-30, P32-38, P44, P47, P50-P57, P60-61, P63, P66, P68-P78, P85, P95, P105, P124, P127-P132, P134, P136-P147, P156, P158-P159, P161, P166, P168, P174, P177-P178, P189-P193, P195-P235, P244-P252, P254-P262, P266, P271-P272, P277, P280-P282, P284, P286, P293, P299-P302, P309, P314-P315, P318, P320, P322, P324, P326, and P335. However, most of the exhibits referenced in Ober's affidavit should be stricken because he is not "a person through whom the exhibits could be admitted into evidence. *See* 10A *Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d* § 2722 (1998).

Ober cannot properly authenticate the following documents because he did not write them: Exhibits P4, P22, P36-P38, P44, P47, P51, P60, P61, P63, P70-74, P75, P128-130, P166, P168, P174, P198, P211-P214, P224-P229, P234, P235, P280, P320, P46-P249, P252, P254; Plaintiff's Exhibits A, B, and C to Ober's Counter-Statement; the handwritten note attached to Ober Affidavit II; and Exhibits A-D to Ober's Review of Opposition Affidavits. *See Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d* § 2722 (1998) ("a letter submitted for consideration under Rule 56(e), must be attached to an affidavit and authenticated by its author in the affidavit or deposition"). Exhibits P5, P12, P13, P33, P34, P68, P85, P146, P147, P161, P178, P189, P190, P191,

10

P208, P210, P211, P215, P322 consist of e-mail message exchanges. All of the e-mail messages that were not written by Ober should be stricken. *Id.*

IV. **Conclusion**

For all the foregoing reasons, defendants respectfully ask that all of the documents submitted by the plaintiff, including his purported affidavits, be stricken from the record for purposes of defendants' motion for summary judgment.

                                              Respectfully submitted,

                                              JAMES M. SHEEHAN
                                              General Counsel

By: _____
                                              Syndi L. Guido, Deputy General Counsel
                                              Barbara L. Christie, Chief Counsel
                                              Joanna N. Reynolds, Assistant Counsel
                                              Governor's Office of General Counsel
                                              333 Market Street, 17th Floor
                                              Harrisburg, PA 17101
                                              (717) 787-9356

Dated: June 25, 2002                    (Counsel for Defendants)