ORIGINAL

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER | ) | CIVIL ACTION LAW |
| | ) | |
| Plaintiff | ) | (JUDGE CALDWELL) |
| | ) | |
| Vs. | ) | |
| | ) | |
| PAUL EVANKO, MARK CAMPBELL, THOMAS COURY, JOSEPH WESTCOTT, AND HAWTHORNE CONLEY | ) | NO. 1:CV-01-0084 |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants | ) | |

FILED
HARRISBURG, PA
JUL 15 2002
MARY E. D'ANDREA, CLE
Per _____
Deputy Clerk

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS AFFIDAVITS AND OTHER DOCUMENTS SUBMITTED IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

### I.) Background

Plaintiff filed his original complaint on January 1, 2001 and his Amended complaint on May 2, 2001. On or about June 25, 2002 the defendants, though not objecting in the relevant motions, briefs, and reply briefs that were part of the motions practice filed a belated motion to strike. This brief is in opposition to that motion.

## II.) Factual History

Plaintiff has filed a number of pleadings, motions, and briefs, in this case. In them have been included a number of affidavits, or intended affidavits along with many exhibits (documents) Defendants object to the form of some of these documents. Plaintiffs respectfully disagrees with defendants but regardless intends to clarify, cure, or dispel any doubts as to his intentions.

## III.) Argument

Plaintiffs documents and affidavits should not be stricken. For purposes of Rule 56 plaintiff files in support hereof yet another affidavit in which he declares his intention to be legally bound by all of his declarations, affidavits, and documents filed in support. See exhibit "A," Ober "Affidavit 7/13/02". In this affidavit Ober seeks to have this court be aware that if indeed there is any question about any filing or declaration made by him in this case that he was the progenitor of same, that he intends to be legally bound by his declarations and authentications under threat of perjury, and that he will so swear and affirm before any authority at any time. He can do little more. To deny plaintiff's sworn and unsworn declarations on the grounds advanced by defendants, even if meritorious, would promote form over substance and exhault technical excess over the interests of justice. <u>Goughenour v. Campbell</u>, 219 Pa. Superior Ct. 142, 281 A2d 69 (1971).

Lastly, the defendants make reference to numerous exhibits filed by plaintiff earlier, primarily on pages 9 and 10 of their Brief. They argue that these exhibits should be stricken. Defendants seem to forget that many of these exhibits were filed for a two fold purpose involving more than one brief and/or motion. The first was to demonstrate to this Court that indeed plaintiff had provided the discovery (which plaintiff had been wise enough to get receipts for and witnesses to corroborate for out at Elmerton Avenue) which defendants initially claimed had not been provided by plaintiff, and then, switching tactics, argued were not in the proper form. They certainly appear to have been in an indexed and proper enough form for defendants to be able to conveniently segregate them in great specificity for use in this brief here. None of these exhibits should be stricken, and further, they have been disclosed and are available for trial even if not useful in the motion.

As a footnote to the above the defendants also seem to argue that each and every document submitted in court filings must carry an individual authentication. See Brief in Support at page 9. This would unduly burden many court proceedings and defeat the commonsense application of justice.

**WHEREFORE** defendants motion to strike should be denied.

Respectfully Submitted,

*[signature]*

Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, Pa 17110
(717) 221-9500

July 15, 2002

## **CERTIFICATE OF SERVICE**

I, Don Bailey do hereby certify that a true and correct copy of the aforegoing **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS MOTION TO STRIKE PLAINTIFFS AFFIDAVITS AND OTHER DOCUMENTS SUBMITTED IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMNET** served upon the individual named below via first class mail postage pre-paid at the indicated address:

SYNDI GUIDO, ESQUIRE
333 MARKET STREET
17TH FLOOR
HARRISBURG, PA 17120

*(signature)*
DON BAILEY ESQUIRE
4311 N. 6TH STREET
HARRISBURG, PA 17110
(717) 221-9500

JULY 15, 2002

### Affidavit 7/13/02

I Darrell G. Ober, the plaintiff in the matter docketed at No. 1:CV-01-0084, do solemnly swear, affirm, and declare, under penalty of perjury, and intending to be legally bound hereby, that the documents referred to in defendants' brief on the following referenced pages of said brief and described therein as follows, are indeed true and correct to the best of my knowledge, information, and belief, and I swear the declarations and references I made therein were made under, or intended to be made under oath, and were made with the knowledge that making false declarations in a civil proceeding is illegal and that I can be criminally liable therefore.

1.) "Ober's Counter - Statement" referred to on page one of Defendants Brief in Support.

2.) "The affidavit Ober submitted in support of his motion for summary judgment" Page 2 of Defendants' Brief in Support (paragraph 1).

3.) "Ober Affidavit II" Page 2 of Defendants' Brief in Support (paragraph 2).

4.) "Rebuttal (sic) to Defendants Brief in Support of this Motion for Summary Judgment". Referred to in the last paragraph on page 2 of Defendants' Brief in Support.

5.) "Review of Opposition Affidavits" Referred to in the first paragraph of page 3 of Defendants' Brief in Support.

6.) "Documents labeled "A", "B", "C" and "D" Referred to in the second paragraph on page 3 of Defendants' Brief in Support.

I further declare and swear under oath, and I intend to be legally bound hereby under threat of perjury, that I reviewed, and, or composed, approved, and participated with my attorney in the preparation of my legal documents in this case and that every declaration I made, whether sworn or unsworn, or appearing to be either, has been reviewed by me and they are true and

Exhibit "A"

correct to the best of my knowledge, information, and belief, and the documents and exhibits appearing and filed therewith were procured from defendants and, or in the course of my lawful activities, and that in my view, and the view of my counsel, are Pennsylvania State Police, or other documents and they are authentic.

Sworn and subscribed before me this __13th__ day of __July__ 2002.

Seal:

Notary

Darrell G. Ober