ORIGINAL

RECEIVED
HARRISBURG, PA
JUL 29 2002
MARY E. D'ANDREA, CLERK
Per _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER, | : | |
| Plaintiff | : | NO. 1: CV-01-0084 |
| | : | (Judge Caldwell) |
| vs. | : | |
| | : | CIVIL ACTION - LAW |
| PAUL EVANKO, MARK CAMPBELL, | : | |
| THOMAS COURY, JOSEPH WESTCOTT, | : | JURY TRIAL DEMANDED |
| HAWTHORNE CONLEY, | : | |
| Defendants | : | |

**DEFENDANTS' MOTION TO STRIKE EXHIBITS TO PLAINTIFF'S
REPLY BRIEF TO DEFENDANTS' BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1. On May 6, 2002, plaintiff filed a motion for summary judgment. On May 20, 2002, he filed a brief in support of that motion along with his concise statement of material facts and affidavit.

2. On June 14, 2002, defendants filed a brief in opposition to plaintiff's motion for summary judgment.

3. On June 27, 2002, plaintiff filed a reply brief to defendants' brief opposing his motion for summary judgment. The following exhibits were attached to that brief:

   a. Exhibit A – an affidavit from Major Phillip DeWire

  b. Exhibit B – two electronic messages

  c. Exhibit C – an arbitration decision dated May 30, 2002, involving a grievance filed by Trooper William Kephart

  d. Exhibit D – plaintiff's affidavit

  e. Exhibit E – plaintiff's "Affidavit II"

  f. Exhibit F – plaintiff's third affidavit

  g. Exhibit G – plaintiff's "Affidavit IV" and attached exhibits A through E.

  h. Exhibit H – a memo written by Colonel Evanko, a copy of an article in *Lockheed Martin Today,* and an electronic message written by Colonel Evanko.

  4. Paragraphs 1, 3, and 4 of Exhibit A should be stricken because they contain inadmissible and irrelevant hearsay. Paragraph 5 should be stricken as irrelevant.

  5. Exhibit B should be stricken from the record because it consists of two electronic messages that are not properly authenticated by a sworn affidavit and consist entirely of inadmissible hearsay.

  6. Exhibit C, the arbitration decision, should be stricken from the record because it is not properly authenticated and is irrelevant and immaterial to the issues in this case.

  7. Exhibit D is an affidavit by the plaintiff that should be stricken because it is comprised almost entirely of his personal opinions, beliefs, and unwarranted conclusions.

The few facts contained in the affidavit are so intertwined with hyperbole, rhetoric, and inadmissible speculation that they are almost impossible to separate.

8.  Paragraphs 6 and 7 of Exhibit F (plaintiff's third affidavit) should be stricken because they are nothing more than plaintiff's personal opinions and unwarranted speculation. Paragraph 8 should be stricken because it is directly contradicted by record. Paragraph 9 should be stricken because it is mixture of hearsay and Ober's personal opinions and unwarranted speculation.

9.  The following portions of Exhibit G, "Affidavit IV," should also be stricken from the record:

    a.  Paragraphs 1 and 2 of Exhibit G, "Affidavit IV," should be stricken because they are comprised of inadmissible personal opinions and hearsay. The last line of paragraph 3 should be stricken because it a conclusion not supported by the record. The last line of paragraph 4 should be stricken for the same reason. The first 6 lines of paragraph 5 are hearsay and should be stricken. The first seven words of the last sentence of paragraph 5 is an unwarranted conclusion that should be stricken.

    b.  Exhibit A to Affidavit IV should be stricken because it is not properly authenticated.

    c.  Exhibit B to Affidavit IV should be stricken because it is hearsay, is not properly authenticated, and the information contained therein is not within the plaintiff's personal knowledge.

3

    d.    Exhibit C to Affidavit IV should be stricken because it is hearsay and not properly authenticated.

    e.    There are two documents marked Exhibit D to Affidavit IV. Both should be stricken because they are hearsay and not properly authenticated.

    f.    Exhibit E to Affidavit IV should be stricken because it is hearsay, is not properly authenticated, and is not probative of the issues in this case.

10.    Exhibit H should be stricken because it is hearsay, has not been properly authenticated, and is not probative of the issues in this case.

WHEREFORE, defendants respectfully ask this Court to strike those portions of the exhibits identified in ¶¶ 4-10 above.

Respectfully submitted,

JAMES M. SHEEHAN
General Counsel

By: _____
Syndi L. Guido, Deputy General Counsel
Barbara L. Christie, Chief Counsel
Joanna N. Reynolds, Assistant Counsel
Governor's Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA 17101
(717) 787-9356

Dated: July 29, 2002    (Counsel for Defendants)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER,<br>　　　　Plaintiff | : | NO. 1: CV-01-0084<br>(Judge Caldwell) |
| vs. | : | CIVIL ACTION - LAW |
| PAUL EVANKO, MARK<br>CAMPBELL, THOMAS COURY,<br>JOSEPH WESTCOTT,<br>HAWTHORNE CONLEY,<br>　　　　Defendants | : | JURY TRIAL DEMANDED |

**CERTIFICATE OF NONCONCURRENCE**

Counsel for the defendants certify that they sought the concurrence of plaintiff's counsel, Don Bailey, in Defendants' Motion To Strike Exhibits to Plaintiff's Reply Brief in Opposition to Plaintiff's Motion for Summary Judgment. Mr. Bailey does not concur in defendants' motion.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Syndi L. Guido, Deputy General Counsel
　　　　　　　　　　　　　　　　　　Barbara Christie, Chief Counsel
　　　　　　　　　　　　　　　　　　Joanna N. Reynolds, Assistant Counsel

　　　　　　　　　　　　　　　　　　Governor's Office of General Counsel
　　　　　　　　　　　　　　　　　　333 Market Street, 17th Floor
　　　　　　　　　　　　　　　　　　Harrisburg, PA  17101
Dated: July 29, 2002　　　　　　　　(717) 783-6563

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER,<br>   Plaintiff | : | NO. 1:CV-01-0084<br>(Judge Caldwell) |
| vs. | : | CIVIL ACTION - LAW |
| PAUL EVANKO, MARK CAMPBELL,<br>THOMAS COURY, JOSEPH WESTCOTT,<br>HAWTHORNE CONLEY,<br>   Defendants | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of Defendants' Motion to Strike Exhibits to Plaintiff's Reply Brief to Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment was served on plaintiff's counsel, by first-class mail, addressed as follows:

   Don Bailey, Esquire
   4311 North 6th Street
   Harrisburg, PA 17110

            _____
            Syndi L. Guido, Deputy General Counsel
            Governor's Office of General Counsel
            333 Market Street, 17th Floor
            Harrisburg, PA  17101
Dated: July 29, 2002     (717) 787-9356