ORIGINAL

RECEIVED
HARRISBURG, PA
JUL 29 2002
MARY E. D'ANDREA, CLERK
Per _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER, <br> Plaintiff | : <br> : <br> : | NO. 1:CV-01-0084 <br> (Judge Caldwell) |
| vs. | : <br> : | CIVIL ACTION - LAW |
| PAUL EVANKO, MARK CAMPBELL, <br> THOMAS COURY, JOSEPH WESTCOTT, <br> HAWTHORNE CONLEY, <br> Defendants | : <br> : <br> : <br> : | JURY TRIAL DEMANDED |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S AFFIDAVITS AND OTHER DOCUMENTS SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

On June 25, 2002, defendants filed a motion to strike plaintiff's purported affidavits and other documents submitted in opposition to defendants' motion for summary judgment. In that motion to strike, defendants pointed out various deficiencies in those affidavits and documents and asked that they be stricken from the record for purposes of defendants' motion for summary judgment.

On July 15, 2002, plaintiff filed a reply brief in which he argues that striking his affidavits and other documents on the grounds set forth by defendants would "promote

form over substance and exhault [sic] technical excess over the interests of justice." (*See Plaintiff's Brief in Opposition to Defendants' Motion to Strike Plaintiffs Affidavits and Other Documents Submitted in Opposition to Defendants Motion for Summary Judgment* at 2.) It need hardly be said that plaintiff is relying on the contents and *substance* of his affidavits and other documents to not only support his various claims against the defendants but to create a genuine dispute as to a material fact so as to avoid summary judgment. Thus, whether those affidavits and documents are legally sufficient to meet his evidentiary burden in opposing summary judgment is hardly a question of "form over substance" or mere "technical excess."

Plaintiff has also made a belated effort to cure his defective affidavits by submitting yet another document, entitled "Affidavit 7/13/02," to his brief opposing defendants' motion to strike. However, Ober's latest affidavit is also deficient because the notary, Adrienne L. Bailey, allowed her seal and embosser to be applied without signing the document.[1] (*See* Dunnewald Aff. ¶¶ 1-12.) Even if Ober's latest affidavit is sufficient under 28 U.S.C. § 1746, it does not cure defendants' main objection to his affidavits – their substance. (*See Defendants' Brief In Support of Their Motion to Strike Plaintiff's Purported Affidavits and Other Documents Submitted in Opposition to*

---

[1] It is unclear why it is has been so difficult for Mrs. Bailey to properly notarize a document. It could be an intentional effort to give the appearance of a sworn statement without actually subjecting Ober to prosecution under state perjury law, which requires proof that the affiant was actually sworn by

2

*Defendants' Motion for Summary Judgment* at 7-11.) Plaintiff's affidavits should be stricken because they are comprised almost entirely of self-serving opinions, beliefs, and conclusions about matters outside his personal knowledge. *Id.* at 7-9; s*ee also Evans v. Technologies Applications & Service Company,* 80 F.3d 954, 962 (4th Cir. 1996) (district court properly struck much of plaintiff's affidavit because it was comprised of self-serving opinions without objective corroboration); *See Turiano v. Schnarrs,* 904 F. Supp. 400, 407 (M.D. Pa. 1995) (quoting *Carey v. Beans,* 500 F. Supp. 580, 583 (E.D. PA. 1980), *aff'd* 659 F.2d 1065 (3d Cir. 1981) ("the personal knowledge requirement means that affidavits must be 'devoid of hearsay, conclusory language and statements which purport to examine thoughts as well as actions'").

In "Affidavit 7/13/02," Ober has clarified that documents entitled "Rebuttle [sic] to Defendants' Brief in Support of Their Motion for Summary Judgement [sic]" and "Review of Opposition Affidavits" were apparently intended as sworn statements. Both documents appear to be letters to Ober's attorney; both should be stricken because they are comprised of Ober's directives, comments, and questions to his attorney (*See* Plaintiff's "Rebuttle [sic]" at ¶¶ 1-4, 9, 13, 14, 15, 16, 17, 18, 19-30, 32, 33, 34, 35-37, "Review of Opposition Affidavits at 1-3), his opinions on the law (Plaintiff's "Rebuttle [sic]" at ¶¶ 5-6, 11, 15, 17, 32), his opinions on the evidence (Plaintiff's "Rebuttle [sic]"

---

the notary. In this instance, defendants have no way of knowing whether Mrs. Bailey or someone else applied her seal and embosser to "Affidavit 7/13/02."

3

defendants' motion for summary judgment. *See Federal Civil Procedure Before Trial – Third Circuit, Vol. 3* at 16:174.

Finally, plaintiff argues that his exhibits should not be stricken because they were submitted to the Court for more than one brief or motion. Plaintiff has not identified which exhibits he is referring to or what purpose they were submitted for. Regardless, defendants have only requested that the documents be stricken from the record for consideration of their motion for summary judgment.

For all the foregoing reasons, defendants respectfully ask this Court to grant their motion to strike filed June 25, 2002.

                                              Respectfully submitted,

                                              JAMES M. SHEEHAN
                                              General Counsel
                                              Commonwealth of Pennsylvania

By: _____
       Syndi L. Guido, Deputy General Counsel
       Barbara L. Christie, Chief Counsel
       Joanna N. Reynolds, Assistant Counsel
       Governor's Office of General Counsel
       333 Market Street, 17th Floor
       Harrisburg, PA  17101
       (717) 783-9356

Dated:  July 29, 2002                  (Counsel for Defendants)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER, | : | |
| Plaintiff | : | NO. 1: CV-01-0084 |
| | : | (Judge Caldwell) |
| vs. | : | |
| | : | CIVIL ACTION - LAW |
| PAUL EVANKO, MARK | : | |
| CAMPBELL, THOMAS COURY, | : | JURY TRIAL DEMANDED |
| JOSEPH WESTCOTT, | : | |
| HAWTHORNE CONLEY, | : | |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of Defendants' Reply Brief in Support of Their Motion to Strike Plaintiff's Affidavits and Other Documents Submitted in Opposition to Defendants' Motion for Summary Judgment was served on plaintiff's counsel, by first-class mail, addressed as follows:

Don Bailey, Esquire
4311 North 6th Street
Harrisburg, PA 17110

/Syndi L. Guido
Deputy General Counsel
Governor's Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA 17101
(717) 787-9356

Dated: July 29, 2002

6