ORIGINAL

FILED
HARRISBURG, PA
AUG 0 9 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER, | : | |
| Plaintiff | : | NO. 1: CV-01-0084 |
| | : | (Judge Caldwell) |
| vs. | : | |
| | : | CIVIL ACTION - LAW |
| PAUL EVANKO, MARK CAMPBELL, | : | |
| THOMAS COURY, JOSEPH WESTCOTT, | : | JURY TRIAL DEMANDED |
| HAWTHORNE CONLEY, | : | |
| Defendants | : | |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR
MOTION TO STRIKE EXHIBITS TO PLAINTIFF'S
REPLY BRIEF TO DEFENDANTS' BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.    Procedural History and Statement of the Facts**

On May 6, 2002, the plaintiff, Darrell Ober, filed a motion for summary judgment. On May 20, 2002, he filed a brief supporting that motion along with his concise statement of material facts and affidavit. On June 14, 2002, defendants filed a brief opposing Ober's motion for summary judgment. On June 27, 2002, Ober filed a reply brief, which included documents identified as Exhibits A through H. On July 29, 2002,

defendants filed a motion to strike those exhibits. This brief is filed in support of the defendants' motion.

II.   **Question Presented**

Should the exhibits to Ober's reply brief, or the inadmissible portions of those exhibits, be stricken from the record because they do not comply with Fed. R. Civ. P. 56?

III.  **The exhibits to Ober's reply brief, or the inadmissible portions of those exhibits, should be stricken from the record because they do not comply with Fed. R. Civ. P. 56.**

In a reply brief supporting his motion for summary judgment, Ober has provided the Court with numerous exhibits, the majority of which should be stricken. In violation of Fed. R. Civ. P. 56, Ober's exhibits are replete with inadmissible hearsay, personal opinions, and unwarranted speculation and conclusions. Others are not properly authenticated. Further, all of Ober's exhibits have been offered to challenge the credibility of defense witnesses – an issue that cannot properly be considered in ruling on Ober's motion for summary judgment.

A.   **Paragraphs 2 through 5 of Exhibit A**

Exhibit A is an affidavit signed by Major Phillip DeWire. Paragraphs 2-5 of that affidavit should be stricken because they consist of irrelevant and inadmissible hearsay. *See Turiano v. Schnarrs,* 904 F. Supp. 400, 407 (M.D. Pa. 1995) (affidavits supporting a motion for summary judgment must be based on personal knowledge and devoid of

hearsay). Ober claims to be offering Exhibit A to establish that Lieutenant Colonel Westcott, Major Koscelnak, and defense counsel have committed perjury. *See Plaintiff's Reply Brief to Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment* at 1, 17. If that is the purpose of DeWire's affidavit, it should be stricken as irrelevant because credibility determinations are not an appropriate consideration for purposes of summary judgment. *See Josey v. John R. Hollingworth Corp.*, 996 F.2d 632, 637 (3d Cir. 1994); *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531, *cert. denied*, 499 U.S. 921 (1991); *Haft v. Dart Group Corp.*, 841 F. Supp. 549, 562 (D. Del. 1993).

    To the extent Ober may be offering DeWire's affidavit to demonstrate that Major Washington had no objection to his service in PEMA and that Major Koscelnak did not want Ober to serve, it is inadmissible hearsay. Out-of-court statements that Washington and Koscelnak supposedly made to DeWire cannot be offered to prove the truth of the matters asserted in those statements. *See* F.R.E. 801; F.R.E. 802. DeWire has no personal knowledge of whether Washington or Koscelak objected to Ober's service on PEMA; accordingly, these paragraphs must be stricken. *See Turiano*, 904 F. Supp. at 407 (affidavits cannot contain hearsay or conclusory language and statements that "purport to examine thoughts as well as actions"). Similarly, whether DeWire passed along this hearsay information to Captain Brown is irrelevant to any issue before the Court.

### B.     Exhibit B

Exhibit B consists of two electronic messages that Ober allegedly received from Major Washington. Again, Ober claims he is offering these documents to prove that Westcott, Koscelnak, and defense counsel have committed perjury. *See Plaintiff's Reply Brief to Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment* at 1, 17. Because credibility determinations are not relevant on summary judgment, Exhibit B is irrelevant. *See Josey v. John R. Hollingworth Corp.,* 996 F.2d at 637; *Haft v. Dart Group Corp.,* 841 F. Supp. at 562. Regardless, both electronic messages should be stricken because neither one is authenticated with an affidavit signed by Washington, their purported author. *See* 10A Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 2722 (1998) ("a letter submitted for consideration under Rule 56(e) must be attached to an affidavit and authenticated by its author in the affidavit or deposition").

Even assuming Washington actually authored the electronic messages contained in Exhibit B, these unsworn statements cannot be used to prove the matters asserted therein. F.R.E. 801; F.R.E. 802; *Small v. Lehman,* 98 F.3d 762, 764-65 n. 5 (3d Cir. 1996) (unsworn statements do not meet the requirements of Rule 56). Only Major Washington or Lieutenant Colonel Westcott are competent to testify as to whether Washington

4

consulted Westcott about Ober's PEMA request and how Westcott responded; Ober has not provided the Court with a valid affidavit signed by either Westcott or Washington.

C.  **Exhibit C**

Exhibit C appears to be a copy of an arbitration decision in a completely unrelated case. According to Ober, pages 43-44 of Exhibit C contain the testimony of Robert A. Titler. To the contrary, those pages quote an excerpt of Titler's testimony before the arbitrator. Exhibit C is not a certified transcript of that testimony nor is it authenticated by a sworn affidavit. More importantly, Titler's testimony is comprised of his personal opinions about the conduct of another officer (Trooper Kephart); it has absolutely nothing to do with Captain Ober or the propriety of his conduct in this case.

Ober seems to be offering Exhibit C solely to impeach the credibility of Colonel Evanko. *See Plaintiff's Reply Brief to Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment* at 7. The fact that Ober does not believe Colonel Evanko's testimony does nothing to support Ober's own motion for summary judgment. At this stage, the Court may not weigh evidence, determine credibility, or resolve factual issues. *See Josey v. John R. Hollingworth Corp.,* 996 F.2d at 637. Thus, Exhibit C is irrelevant and should be stricken.

### D. Exhibit D

Exhibit D is an affidavit by Ober dated June 26, 2002. The affidavit does not comply with Rule 56(e), which specifies that all affidavits must "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters therein." Fed. R. Civ. P. 56(e). Ober's affidavit should be stricken because it is comprised almost entirely of his personal opinions, beliefs, and unwarranted conclusions.

For example, Ober repeatedly claims to know what the defendants and others were thinking or feeling. (Ober Aff. at ¶¶ 2, 3, 5, 6, 7, 8, 10, 11, 12, 14, 16, 17, 18, 21, 23, 24, 26, 27, 29, 30, 35, 38, 39.) Without any factual support, Ober accuses defendants and their attorneys of improper, illegal, and fraudulent conduct. (Ober Aff. at ¶¶ 2, 3, 5, 6, 10, 12, 13, 18, 19, 20, 22, 30, 32, 34, 35, 36, 37, 39.) Ober's affidavit is riddled with hyperbole, rhetorical questions, pompous and self-righteous views of his abilities and the propriety of his actions, personal opinions about what other people should think or do, and his own conclusions regarding the propriety of the defendants' actions. (Ober Aff. at ¶¶ 4, 5, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 22, 23, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, 39.) Large portions of Ober's affidavit merely reiterate his recollection of deposition testimony and why Ober does not believe that testimony to be true. (Ober Aff. at ¶¶ 5, 10, 13, 18, 19, 20, 21, 22, 24, 39.)

None of this information can properly be considered by the Court. *See Carey v. Beans,* 500 F. Supp. 580, 583 (1980 E.D. Pa), *aff'd,* 659 F.2d 1065 (3d Cir. 1981) (in granting summary judgment for defendants, the court struck plaintiff's affidavit because it contained conclusory allegations, conclusions of law and speculations as to defendants' thoughts and motivations without factual support); *see also Turiano,* 904 F. Supp. at 407 (quoting *Carey v. Beans*); *Evans v. Technologies Applications & Service Co.,* 80 F.3d 954, 962 (4th Cir. 1996) (district court properly struck much of plaintiff's affidavit because it was comprised of self-serving opinions without objective corroboration). Indeed, the few facts contained in Ober's affidavit are so intertwined with hyperbole, rhetoric, and speculation that it is virtually impossible to strike the inadmissible portions and retain a coherent document. Consequently, the entire affidavit should be stricken.

E.   **Paragraphs 6 through 9 of Exhibit F**

Exhibit F is an affidavit signed by Ober and supposedly notarized by Adrienne Bailey on June 26, 2001. It is unlikely this affidavit was actually signed on June 26, <u>2001</u>, because it is the third of four affidavits signed by Ober and the first, second, and third affidavits are dated June 26, <u>2002</u>. In any event, paragraphs 6 through 9 of Exhibit F should be stricken based on their substance.

Paragraphs 6 and 7 should be stricken because they are comprised of nothing more than Ober's personal beliefs. In paragraph 6, Ober gives his opinion that the historic file

7

of AR 1-1.02(c) did not conform to state police standards and practices. In paragraph 7, Ober states his opinion that the evidence does not explain the origins of AR 1-1.02(c). Neither paragraph contains admissible facts and should be stricken. *Id.*

Paragraph 8 contains Ober's personal assertion that throughout this litigation, he has never been informed that he violated any regulation, including AR 1-1.02(c) or FR 1-1.17(B). Ober's assertion is incomprehensible; throughout this litigation, defendants have continuously maintained that Ober violated FR 1-1.17(B). *See Defendants' Brief in Support of Their Motion to Dismiss All Claims (filed March 16, 2001)* at 12; *Defendants' Reply Brief in Support of Their Motion to Dismiss All Claims (filed April 19, 2001)* at 2 n. 1; *Defendants' Brief in Support of Their Motion for Summary Judgment (filed May 20, 2002)* at 4; *Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment (filed June 14, 2002)* at 6; Evanko Dep. at 105, 109, 174, 316-20.

Paragraph 9 should be stricken because it contains a mixture of inadmissible hearsay and Ober's personal opinions and unwarranted speculation. In paragraph 9, Ober claims Majors Werts and Williams told him they found no evidence he had violated a departmental regulation. If Ober is offering these statements for their truth (i.e. that Ober did not violate a regulation), they are inadmissible hearsay. If Ober is offering these statements for some other purpose, they are irrelevant. The rest of paragraph 9 consists of Ober's personal opinion that there was something irregular and improper about the

notice of inquiry he received; Ober's opinions are irrelevant and inadmissible. *See, e.g., Evans v. Technologies Applications & Service Co.*, 80 F.3d at 962 (district court properly struck much of plaintiff's affidavit because it was comprised of self-serving opinions without objective corroboration).

F.   **Exhibit G**

Exhibit G, entitled "Affidavit IV" is another affidavit signed by Ober on June 26, 2002. In a somewhat confusing fashion, Exhibit G includes its own exhibits, labeled Exhibits A through E.

Paragraphs 1 and 2 of Affidavit IV should be stricken because they are comprised of inadmissible personal opinions and hearsay. In paragraph 1, Ober asserts that Major Koscelnak told Ober he was being demoted and transferred. If Ober is offering Major Koscelnak's out-of-court statement to prove its truth – that Ober was in fact demoted – it is inadmissible hearsay and should be stricken. If Ober is offering the statement for some other purpose, it is irrelevant.

Likewise, paragraph 2 of Affidavit IV consists of Ober's rendition of out-of-court supposedly statements made to him by Captain Davis and Major Washington. It appears Ober is attempting to use these statements as proof that Lieutenant Colonel Westcott denied Ober's request to participate on PEMA. Statements Davis and Washington made

to Ober are inadmissible hearsay that cannot be used to support Ober's *own* motion for summary judgment.[1]  F.R.E. 801; F.R.E. 802; *see also Turiano*, 904 F. Supp. at 407.

In Exhibit B to Affidavit IV, Ober has provided an affidavit he drafted for Major Washington's signature, but Washington has not signed the undated draft nor sworn to its contents.  Therefore, the draft affidavit should be stricken. *See Small v. Lehman*, 98 F.3d at 764-65 n. 5 (unsworn statements do not meet the requirements of Rule 56).

Moreover, Ober has not provided the Court with an affidavit from Major Washington establishing the fact that Major Washington actually authored the electronic messages Ober has attached to Affidavit IV as Exhibits C and D.[2]  Exhibit A to Affidavit IV (a copy of an internet search) cannot authenticate those electronic messages. Accordingly, Exhibits A, C and D to Affidavit IV should also be stricken. *See* 10A Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 2722 (1998) ("a letter submitted for consideration under Rule 56(e) must be attached to an affidavit and authenticated by its author in the affidavit or deposition"); *Small v. Lehman*, 98 F.3d at 764-65 n. 5 (unsworn statements do not meet the requirements of Rule 56).

---

[1] It is true that the nonmoving party may use hearsay to defeat summary judgment. *See Williams v. Burrow of West Chester*, 891 F.2d 458, 465-66 n. 12 (3d Cir. 1989)  In this instance, however, Ober is attempting to use hearsay to support his *own* motion for summary judgment. It would be inappropriate to grant summary judgment based on contested hearsay.

[2] Exhibit D also contains a copy of the electronic message Ober sent to Major Washington with the draft affidavit. Ober's message is irrelevant and should also be stricken.

Portions of Affidavit IV, paragraphs 3 and 4, should be stricken. In the last line of those paragraphs, Ober claims that October 14, 1998, was the earliest opportunity he had to discuss anything with Major Conley. That conclusion is contradicted by the facts of record and should be stricken. *See* Conley Dep. at 50 (explaining that Conley spoke with Ober by telephone on October 2, 1999); Westcott Dep. at 64-65 (explaining that all Bureau Directors carry cellular phones and can be contacted at virtually anytime).

Ober has attempted to bolster the conclusion that he could not have talked to Conley before October 14, 1998, with Exhibit E to Affidavit IV. Exhibit E is a memorandum dated October 9, 1998, from Louis J. Lazzaro to Paul McCommons, indicating that Captain Ober was present at a committee meeting on October 6, 7, and 8. Ober did not author the memorandum and cannot authenticate it. *See* 10A Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 2722 (1998). Moreover, the document does not provide any relevant information. It certainly does not justify Ober's conclusion that October 14, 1998, was the first opportunity he had to talk with Major Conley. Indeed, Mr. Lazarro's memorandum gives no information about the time or place of the committee meeting, how many breaks were taken, whether Ober was present the entire time, whether Ober had access to a telephone, etc.

Finally, portions of Affidavit IV, paragraph 5 should be stricken. In the first six lines of that paragraph, Ober relates a conversation he had with Sergeant Christie about a

11

framed commendation letter. Sergeant Christie supposedly told Ober that Conley was upset and tried to tear the frame apart. Whatever Sergeant Christie told Ober, it is hearsay if offered to prove the truth of her statement (i.e. that Conley was in fact upset, etc.) Ober has no personal knowledge of these events, which he did not witness, and they should be stricken from his affidavit. *See Turiano*, 904 F. Supp. at 407 ("the personal knowledge requirement means that affidavits must be 'devoid of hearsay, conclusory language and statements which purport to examine thoughts as well as actions'").

The last sentence of paragraph 5 begins with Ober's unwarranted conclusion that PSP and Management Directives were violated because he apparently did not receive an annual performance evaluation. Two sentences above that, Ober gives his personal opinion that something Conley said "made no sense other that it was an excuse." These personal opinions have no place in Ober's affidavit and should be stricken.

### G.    Exhibit H

Finally, Exhibit H consists of a memorandum dated May 18, 2000, from Colonel Evanko and an electronic message from the Commissioner dated February 7, 2001. Both pieces of correspondence are comprised of hearsay and neither one is authenticated by an affidavit as required by Rule 56. Therefore, Exhibit H should be stricken from the record.

## IV. Conclusion

For all the foregoing reasons, defendants respectfully ask this Court to grant their motion to strike filed July 29, 2002.

                                      Respectfully submitted,

                                      JAMES M. SHEEHAN
                                      General Counsel

By: _____
       Syndi L. Guido, Deputy General Counsel
       Barbara L. Christie, Chief Counsel
       Joanna N. Reynolds, Assistant Counsel
       Governor's Office of General Counsel
       333 Market Street, 17th Floor
       Harrisburg, PA  17101
       (717) 787-9356

Dated: August 9, 2002                     (Counsel for Defendants)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL G. OBER, | : | |
| Plaintiff | : | NO. 1:CV-01-0084 |
| | : | (Judge Caldwell) |
| | : | |
| vs. | : | CIVIL ACTION - LAW |
| | : | |
| PAUL EVANKO, MARK CAMPBELL, | : | JURY TRIAL DEMANDED |
| THOMAS COURY, JOSEPH WESTCOTT, | : | |
| HAWTHORNE CONLEY, | : | |
| Defendants | : | |

### CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of *Defendants' Brief In Support of Their Motion to Strike Exhibits to Plaintiff's Reply Brief to Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment* was served on plaintiff's counsel, by first-class mail, addressed as follows:

Don Bailey, Esquire
4311 North 6th Street
Harrisburg, PA 17110

_____
Syndi L. Guido, Deputy General Counsel
Governor's Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA 17101
(717) 787-9356

Dated: August 9, 2002