# ORIGINAL

### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRELL G. OBER** | ) | 1:CV-00-0084 |
| | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | FILED |
| **vs.** | ) | HARRISBURG, PA |
| | ) | AUG 27 2002 |
| **PAUL EVANKO, MARK** | ) | MARY E. D'ANDREA, CLERK |
| **CAMPBELL, THOMAS** | ) | Per _____ Deputy Clerk |
| **COURY, JOSEPH** | ) | |
| **WESTCOTT, AND** | ) | Judge Caldwell |
| **HAWTHORNE CONLEY** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants** | ) | |

### PLAINITFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE EXHIBITS TO PLAINTIFFS REPLY BRIEF TO DEFENDANTS BRIEF IN OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT

## I.)   BACKGROUND

On May 6, 2002 plaintiff filed a motion for summary judgment. On May 20, 2002 plaintiff filed his brief in support and defendants responded with a brief in opposition on June 14, 2002. Plaintiff filed a reply brief, which included certain documents to which defendants object in the underlying motion to strike here, on June 27, 2002. Quite belatedly, more than a month later, on July 29, 2002 upon information and belief, after

1

undertaking a desperate effort to discredit and, or, disprove the evidence plaintiff offered in his reply brief (Exhibits "A" and "B") indicating unlawful misconduct by defendants and, or, their agents, to include defense counsel and their "investigator", the defendants filed their motion to strike. Plaintiff contends the motion is frivolous, or at least, has no legal foundation.

## II.)    ISSUE

Should Ober's Exhibits to his reply brief be stricken for failure to conform to Fed.R.Civ. P. 56?

## III.)    ARGUMENT

In his reply brief Ober offered a number of exhibits in support of his contention that he is entitled to summary judgment. Ober's reply brief appropriately addressed matters argued by defendants in their Brief in Opposition. The defendants object in typical fashion, to the form of Ober's exhibits. But at no time do they question, or respond to, the substance of Ober's allegations about perjured testimony or ethical violations. By doing so they have tacitly at least, admitted to the following:

a.) That Westcott committed perjury in his deposition when he denied knowledge or complicity in denying Ober a PEMA assignment.

b.) That defendants, their attorneys, and their "investigator", Rick Brown, prepared testimony offered by the defendants and their witnesses (like Major Koselnak) that, if DeWire's affidavit (Exhibit "A" to reply brief) and Washington e-mails, (Exhibit "B" to reply brief) are correct, not only demonstrates that Westcott lied, but more significantly, shows that defense counsel and their investigator are willing to present false testimony to this court.

c.) That defendants have not only been willing to mislead the Court, but have violated Fed.R.Civ.P. 26 which requires them to disclose material information, which they kept from the plaintiff.

At best, then defendants have violated the rules of civil procedures. Appropriate sanctions would be attorneys fees and additional discovery if the Court does not grant summary judgment for plaintiff.

Defendants argue that Ober's Exhibits are offered to "challenge the creditability of defense witnesses". In making this argument the defendants

do what they've done throughout this litigation. They boldly proclaim some nebulous legal thesis without any basis in the law, and without any relevance to this case, or the facts. The point is that any two or more affidavits that declare a different version of the facts are going to raise fundamental issues of creditability in any case. There would be no legal disputes at all without theses differences. And the fact is that Ober doesn't offer the Exhibits merely to show that Westcott and Koselnak are liars (although that's a possible deduction one could reach) or that defense counsel and Brown have unlawfully hidden the truth and participated in the presentation of false information in deposition testimony. Parenthetically, since actions were taken by defendants intentionally, in order deny plaintiff access to the Courts, this Court will soon be asked to, 1.) allow amendments to the complaint and permit additional discovery, including access to Brown's files and work product, and also to grant sanctions, including attorneys fees.

Regardless, defendants argue that De Wire's affidavit is "irrelevant and inadmissible hearsay", citing to _Turiano v. Schous,_ 904 F.Supp, 400 (M.D.Pa. 1995). However, even a plain reading of _Turiano_ indicates it supports the plaintiff's argument that the DeWire affidavit, and Ober's own affidavits, are detailed, are fact specific, and swear to items of personal knowledge. DeWire's affidavit is not a hearsay document at all. He swears

4

to facts, i.e., who he talked to, what they said, and also that he provided

Brown with the information that was unlawfully withheld from plaintiffs. As

Ober's boss, his testimony as to why Ober didn't get the PEMA appointment

from those with the power to grant it, is relevant and informative. To hold

otherwise would deny fact finders of important facts, and no adverse

employment action could ever be proven except under rare circumstances.

So to with Washington's e-mail. These are probative documents and

they are not difficult documents to prove at all. An ISBN number with a

subpoena for trial is all that's necessary. Besides Washington will testify. He

has already said so. These things were discussed at the last minute, and

Washington may well be under pressure from the defendants, but his e-mail

can't be avoided, nor can its existence be denied. Nonetheless, the e-mail

was received by Ober from Washington and it is thus evidence, and it has

value.

Likewise the defendant's objections to Ober's affidavits is not well

taken. They are valid sworn affidavits and they enumerate a litany of facts

about what happened to Ober, who did what to him, when the adverse

personnel actions were taken, how the actions were improper based upon

PSP regulations and practices, etc. If Ober's affidavits can be excluded so

should every line of deposition testimony in this case. In fact Ober's

depositions are annotated to documents in evidence, to testimony in evidence, and they contain their own supporting exhibits in some cases. Of course there are occasions where Darrell Ober reaches conclusions and voices opinions. He is not a lawyer, and his attorney did not dictate to him nor write his affidavits for him.

A good example of the defendants' methodology of obfuscation is evidenced by their distortions of Ober's sworn affidavits and testimony of where he alleges he has never been accused of violating anything. Ober is correct.  He hasn't. The defendants though, apparently believe that merely because their lawyers make comments in their briefs and legal arguments accusing Ober of violating PSP regulations (like the so-called chain of command regulation?) that they meet the test of making a factual allegation as if defendants made them in a pleading. They don't. Contrast their speaking demurs with the DeWire and Ober affidavits, and the e-mails from Washington. Facts versus unsupported argument and speculation. Defendants don't even realize that an e-mail is not "a copy of an internet search". Further (see defendants' brief page 11) because there is a conflict between Ober's affidavit and Conley's testimony, the defendants conclude that Ober, who swears that the earliest opportunity he had to speak with Conley was October 14, 1998 (roughly two weeks after Ober was contacted

6

by the FBI) should have his affidavit stricken on this basis. This does not seen to be very reasonable at all to say the least.

In conclusion, plaintiff argues that Ober's evidence is good, that defendants filed their motion to strike too late, and that their objections are lacking any meaningful legal justification.

**WHEREFORE** plaintiff respectfully requests that defendants' motion to strike be **DENIED**.

Respectfully Submitted

Don Bailey Esquire
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500

August 27, 2002

7

## CERTIFICATE OF SERVICE

I, Don Bailey do hereby certify that on this **27th day of August 2002** I served a true and correct copy of the foregoing *PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS MOTION TO STRIKE EXHIBITS TO PLAINTIFFS REPLY BRIEF TO DEFENDANTS BRIEF IN OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT* upon the attorney below by First class-postage prepaid mail:

SYNDI GUIDO ESQUIRE
OFFICE OF GENERAL COUNSEL
333 MARKET STREET
HARRISBURG, PA 17101

Don Bailey Esquire